UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MADDOX, SHANNON MADDOX, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. _____ |
| | ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE | ) | SECTION _____ |
| BROKERS CHRISTIAN CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER | ) | MAGISTRATE _____ |
| BIBLE AND TRACT SOCIETY OF NEW YORK, | ) | |
| INC., WESTWEGO CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK | ) | |
| VICTOR, KATHY VICTOR | ) | |
| | ) | |
| Defendants. | ) | |

NOTICE OF REMOVAL

Defendant Watchtower Bible and Tract Society of New York, Inc. ("Watchtower"), hereby removes to this Court the state court action described below.

1. On May 25, 2012, an action was commenced in the 24th Judicial District, District Court, Jefferson Parish, Louisiana, entitled RACHEL MADDOX AND SHANNON MADDOX, Plaintiffs, vs. INTEGRO USA, INC., d/b/a INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR AND KATHY VICTOR, Defendants, Case number 715276.

2. The earliest any defendant was served with and otherwise received any notice of Plaintiffs' citation and petition was on June 1, 2012, when the defendants Patrick and Kathy

Victor were served, along with Westwego Congregation of Jehovah's Witnesses, Inc. Watchtower was served and first received notice of Plaintiffs' citation and petition on June 11, 2012, on receipt of Plaintiff's certified mail directed to Watchtower. This Notice is timely.

3. A copy of all process, pleadings and orders served upon Watchtower in the state court action are attached hereto as Exhibit "A".

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiffs allege that the defendants committed both negligence and gross negligence that resulted in the death of Plaintiffs' mother, Patsy Maddox.

5. Defendant is informed and believes that plaintiffs, Rachel Maddox and Shannon Maddox, were, and still are, citizens of the State of Louisiana. Watchtower was, at the time of the filing of this action, and still is, a citizen of the State of New York, being a corporation incorporated under the laws of the State of New York and having its principal place of business in the State of New York.

6. The petition herein also names as defendants Patrick and Kathy Victor (the "Victors") and the Westwego Congregation of Jehovah's Witnesses, Inc. ("Westwego Congregation"), all of whom are citizens of the same state as Plaintiffs. The citizenship of said defendants should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441(b) on the ground that there is no possibility that Plaintiffs will be able to establish liability against said parties for the following reasons:

    a. Plaintiffs allege that their mother died after a fall at a convention of

Jehovah's Witnesses held at a public arena located in Mobile, Alabama.

        b.      The Victors, as alleged, merely transported Patsy Maddox to the arena where she sustained the injuries that ultimately led to her death. The Victors were not responsible for the safety of Patsy Maddox, nor for the condition of the premises where she fell.

        c.      The Westwego Congregation, a Louisiana Corporation organized under the laws of the State of Louisiana for religious purposes, owns a church building in Westwego, Louisiana that houses the congregation of Jehovah's Witnesses that Patsy Maddox and the Victors all attended. The Westwego Congregation had nothing to do with Patsy Maddox' safety nor for the safety of anyone at the convention in question.

        d.      Thus, the three Louisiana defendants have been joined to this lawsuit merely for the purpose of attempting to defeat diversity of jurisdiction and not because any valid or ostensible cause of action might be sustained against them.

        7.      Another defendant, Integro USA, Inc., d/b/a Integro Insurance Brokers (improperly named as two entities, hereinafter referred to as "Integro"), is, as the name implies, an insurance broker that is a New York citizen, being incorporated and established under the laws of the State of New York, with its principal offices there. Integro has been sued erroneously since it has no possible liability to Plaintiffs in this lawsuit. Integro merely brokered a policy of insurance for Watchtower and the Christian Congregation of Jehovah's Witnesses, and has nothing to do with the conventions of Jehovah's Witnesses.

        8.      The only other defendant, Christian Congregation of Jehovah's Witnesses, is a New York corporation organized and existing under the laws of the State of New York, with its principal place of business in New York.

WHEREFORE, defendant Watchtower Bible and Tract Society of Jehovah's Witnesses, Inc., prays that this action be removed to the United States District Court for the Eastern District of Louisiana.

DATED: June 25, 2012

By /s/Ted M. Mitchell
Ted M. Mitchell   La. Bar 20964
3501 North Causeway Boulevard, Suite 300
Metairie LA 70002-3618
504-236-3966 – voice
504-273-2220 – fax
Attorney for Defendant

### CERTIFICATE OF SERVICE AND COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that a copy of the foregoing Notice of Removal has been placed in the United States Mail, with proper and sufficient postage affixed, addressed to:

Rachel Maddox and Shannon Maddox
through their attorneys of record
Tom W. Thornhill
Thornhill Law Firm, APLC
1308 Ninth Street
Slidell, Louisiana 70458

Jon A. Gegenheimer
Jefferson Parish Clerk of Court
Post Office Box 10
Gretna LA 70054-001090

Metairie Louisiana this 25th day of June 2012.

/s/ Ted M. Mitchell