UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MADDOX AND SHANNON MADDOX | * * * | CIVIL ACTION |
| VERSUS | * * | NO. 12-1641 |
| INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEOHVAH'S WITNESSES, INC., PATRICK VICTOR AND KATHY VICTOR | * * * * * * * * | SECTION: "N" MAGISTRATE: (1) |

ANSWER OF INTEGRO USA, INC.
d/b/a INTEGRO INSURANCE BROKERS

FIRST DEFENSE

Plaintiffs, Rachel Maddox and Shannon Maddox, lack the procedural capacity to prosecute this lawsuit.

SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Integro USA, Inc. d/b/a Integro Insurance Brokers (hereinafter referred to as "Integro") is not an insurance company and thus is not subject to the Louisiana Direct Action Statute.

### FOURTH DEFENSE

Answering the individually numbered allegations contained in plaintiffs' Petition, defendant, Integro USA, Inc. d/b/a Integro Insurance Brokers avers as follows:

Denies the allegations contained in Article I(a).

Denies the allegations contained in Articles I(b), (c), (d), (e), (f), II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, and XIV for lack of knowledge or information sufficient to justify a belief as to the truth of the matters asserted therein.

Denies the allegations contained in Articles XV, XVI, XVII, XVIII, XIXX, XX, XXI, XXII, XXIII, XXIV, XXV, XXVI insofar as same refer to Integro and avers that the remaining allegations contained therein require no answer from this defendant.

Denies the allegations contained in Article XXVII.

The allegations contained in Article XXVIII require no answer from this defendant, but should answer be required then same are denied.

### FIFTH DEFENSE

Alternatively, defendant avers that plaintiffs' injuries, if any, were caused or contributed to by their own fault or neglect, which is pleaded in bar or diminution of recovery therein.

### SIXTH DEFENSE

Alternatively, defendant avers that plaintiffs' injuries, if any, were caused or contributed to by the fault or neglect of parties for whom this defendant is not legally responsible.

## SEVENTH DEFENSE

Alternatively, the injuries sustained by plaintiffs and/or their decedent, if any, were caused by the contributory and/or comparative negligence and/or fault of plaintiffs and/or their decedent, including, but not limited to, the voluntary assumption of known risks. Accordingly, plaintiffs are barred from recovering damages from Integro, or, alternatively, any recovery which they may be entitled to must be reduced on a comparative fault basis.

## EIGHTH DEFENSE

Alternatively, defendant is entitled to a "set off" as a result of any monies plaintiffs may have received from or on behalf of any of the named defendants.

## NINTH DEFENSE

Alternatively, defendant, Integro, avers that plaintiffs' claims are barred by the doctrine of prescription, preemption and/or laches.

**WHEREFORE**, defendant, Integro, prays that this Answer be deemed good and sufficient, and, after due proceedings be had, that there be judgment rendered herein in its favor, dismissing the suit of plaintiffs, Rachel Maddox and Shannon Maddox, with prejudice, at plaintiffs' costs, and for all general and equitable relief.

Respectfully submitted:
KEAN, MILLER, L.L.P.

_/s/ Michael A. McGlone_

MICHAEL A. MCGLONE (#9318)
BRETT P. FENASCI (#29858)
909 Poydras Street, Suite 1450
New Orleans, LA 70112
Telephone: (504) 585-3050

Facsimile: (504) 585 3051
ATTORNEYS FOR INTEGRO USA, INC. D/B/A
INTEGRO INSURANCE BROKERS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 27th day of June, 2012. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or U.S. Mail.

/s/ Michael A. McGlone
MICHAEL A. MCGLONE

3085110_1.DOCX