(101) Citation: ISS PETITION FOR DAMAGES FOR WRONGFUL DEATH AND    120531-8495-3
SURVIVAL ACTION; VERIFICATION-2

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

RACHEL MADDOX, SHANNON MADDOX
   versus
INTEGRO USA INC, INTEGRO INSURANCE BROKERS,
CHRISTIAN CONGREGATION OF JEHOVAHS      Case: 715-276   Div: "O"
WITNESSES, WATCHTOWER BIBLE AND TRACT    P 1 RACHEL MADDOX
SOCIETY OF NEW YORK INC, WESTWEGO
CONGREGATION OF JEHOVAHS WITNESSES INC,
PATRICK VICTOR, KATHY VICTOR

To: PATRICK VICTOR
1013 MANHATTAN BLVD
#345
HARVEY LA 70058-4650

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION/VERIFICATION-2 of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney TOMMY W. THORNHILL and was issued by the Clerk Of Court on the 31st day of May, 2012.

_____
Aliesha M. Buckley, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

_____SERVICE INFORMATION_____

(101) Citation: ISS PETITION FOR DAMAGES FOR WRONGFUL DEATH AND    120531-8495-3
SURVIVAL ACTION; VERIFICATION-2

Received:_____   Served:_____   Returned:_____

Service was made:
___ Personal      ___ Domiciliary _____

Unable to serve:
___ Not at this address     ___ Numerous attempts _____ times
___ Vacant                  ___ Received too late to serve
___ Moved                   ___ No longer works at this address
___ No such address         ___ Need apartment / building number
___ Other _____

Service: $_____   Mileage: $_____   Total: $_____

Completed by:_____ # _____
               Deputy Sheriff
Parish of: _____

(101) Citation: ISS PETITION FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION; VERIFICATION-2       120531-8496-1

**24TH JUDICIAL DISTRICT COURT**
**PARISH OF JEFFERSON**
**STATE OF LOUISIANA**

RACHEL MADDOX, SHANNON MADDOX
  versus
INTEGRO USA INC, INTEGRO INSURANCE BROKERS,
CHRISTIAN CONGREGATION OF JEHOVAHS         Case: 715-276   Div: "O"
WITNESSES, WATCHTOWER BIBLE AND TRACT      P 1 RACHEL MADDOX
SOCIETY OF NEW YORK INC, WESTWEGO
CONGREGATION OF JEHOVAHS WITNESSES INC,
PATRICK VICTOR, KATHY VICTOR

To: KATHY VICTOR
1013 MANHATTAN BLVD
#345
HARVEY LA 70058-4650


PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION/VERIFICATION-2 of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney TOMMY W. THORNHILL and was issued by the Clerk Of Court on the 31st day of May, 2012.

_Aliesha Buckley_
Aliesha M. Buckley, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk Of Court

_____SERVICE INFORMATION_____

(101) Citation: ISS PETITION FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION; VERIFICATION-2       120531-8496-1

Received:_____    Served:_____    Returned:_____

Service was made:
    ___ Personal        ___ Domiciliary _____

Unable to serve:
    ___ Not at this address    ___ Numerous attempts ____ times
    ___ Vacant                 ___ Received too late to serve
    ___ Moved                  ___ No longer works at this address
    ___ No such address        ___ Need apartment / building number
    ___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
             Deputy Sheriff
Parish of: _____

# DIV. O
## JUDGE
## ROSS P. LaDART

## 24th JUDICIAL DISTRICT COURT FOR JEFFERSON PARISH

## STATE OF LOUISIANA

DOCKET NO.: 715276                                              DIVISION " "

### RACHEL MADDOX AND SHANNON MADDOX

### VERSUS

### INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR AND KATHY VICTOR

FILED:_____    _____
                                                    DEPUTY CLERK

### PETITION FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

The petition of, RACHEL MADDOX AND SHANNON MADDOX, both persons of the full age of majority and residents and domiciliaries of Jefferson Parish, State of Louisiana, respectfully represent as follows:

### I.

Named defendants herein are the following:

(a) **INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS,** a foreign insurance company, operating and doing business in East Baton Rouge Parish, Louisiana, whose registered agent is UCS of Louisiana, Inc., 3867 Plaza Tower Drive, 1st Flr, Baton Rouge, Louisiana, 70816, who provided insurance coverage to the religious groups at the time of this accident, which by operation of law and contract stands in the shoes of and must respond for the acts and damages of the following defendants:

(b) **CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES,** a foreign religious group, with its principal place of business in New York, New York, authorized to do and doing business in the State of Louisiana, whose registered agent is Stanley Singletary, 3523 Harris Drive, Baton Rouge, Louisiana, 70816, who reimbursed Plaintiffs for some expenses incurred by them during the demise of their mother;

(c) **WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.,** a foreign religious group, with its principal place of business in New York, doing business in Louisiana, which will be served via long arm through its registered agent, Philip Brumley, 100 Watchtower Drive, Patterson, New York, 12563, who Plaintiffs' mother, Patsy L. Maddox made regular donations on a national level;

(d) **WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC.,** a local religious group, with its principal place of business is in Jefferson Parish, Louisiana, with registered agents: 1. Willie Huguley, 5004 Trinity Drive,

1

Marrero, Louisiana, 70072, 2. Wilson Rodriguez, 164 Valentine Drive, Avondale, Louisiana, 70094, and, 3. Molbert Helton, Sr., 113 Elaine Drive, Avondale, Louisiana, 70094, who Plaintiffs' mother, Patsy L. Maddox made regular donations with on a local level;

(e) **PATRICK VICTOR,** a person of the full age of majority and a resident of Jefferson Parish, Louisiana, who, upon information and belief, resides at 1013 Manhattan Blvd, #345, Harvey, Louisiana; and,

(f) **KATHY VICTOR,** a person of the full age of majority and a resident of Jefferson Parish, Louisiana, who, upon information and belief, resides at 1013 Manhattan Blvd, #345, Harvey, Louisiana.

## II.

Petitioners, Rachel Maddox and Shannon Maddox, are the sole surviving heirs of the decedent, Patsy L. Maddox, who died on September 20, 2011, at St. Theresa Specialty Hospital in Metairie, Louisiana. Patsy L. Maddox is entitled to damages for the following acts of negligence of the defendants; including certain acts of gross negligence as demonstrated herein.

## III.

Patsy L. Maddox was a life long Jehovah's Witness on a local and national level who was solicited by the Jehovah's Witnesses to attend functions, make contributions, travel to conventions, and to regularly participate in the Jehovah's Witnesses through the Westwego Congregation of Jehovah's Witnesses, Inc. ("Westwego Congregation"), the Christian Congregation of Jehovah's Witnesses ("CCJW"), and Watchtower Bible and Tract Society of New York, Inc. ("Watchtower").

## IV.

Patsy L. Maddox was invited by the defendants to attend a *District Convention* sponsored by/for/through the defendants through the CCJW at the Mitchell Center in Mobile, Alabama on July 1, 2011. Patsy L. Maddox was under the care of the defendants by way of church solicitations, planning, organizing, design, programming, and even block room reservations - all in advance for the purpose of promoting/soliciting participation of Patsy L. Maddox and those similarly situated.

## V.

The CCJW, Watchtower and Westwego work together as an integrated national organization with, and or for the benefit of, the defendants, as if one organization, with a clear

and identifiable hierarchal, connected structure. CCJW, Watchtower and Westwego routinely solicit in Louisiana for attendance at such *District Conventions* locally and nationally, through which the attendance of Patsy L. Maddox and others similarly situated and/or in similar condition were solicited and/or promoted.

## VI.

CCJW and Westwego are intimately familiar with the necessary safety requirements for the elderly, infirm and disabled persons for *District Convention*. The defendant organizations receive the donations and/or benefit from longer term donations solicited during these large *District Conventions*.

## VII.

Defendants invite, induce, host and give a false sense of security by promising safe keeping and full accommodations for the elderly, infirm and disabled persons.

## VIII.

Upon arrival at the District Convention on July 1, 2011, Patsy L. Maddox was required and/or directed away from her requested seat in the disabled seating section. Patsy L. Maddox was forced to sit in a location of the Mitchell Center that was not appropriate for the elderly, infirm and disabled persons. The defendants have hosted routinely on an annual basis (if not more frequently) tens of thousands at these large *District Conventions*. On information and belief, as a result of hosting invited persons and groups hundreds of times in the past, the defendants were familiar with the known risks presented to the elderly, infirm and/or disabled persons.

## IX.

The defendants undertake to plan such events, attended by large numbers of people, known to include the elderly, infirm and/or disabled persons. These undertakings include, but are not limited to, the responsibility of providing and training ushers, fully assuring and promising the necessary safe accommodations to the elderly, infirm and/or disabled persons, and that there will be delivered such necessary safe accommodations for the elderly, infirm and disabled persons, who are invited to worship and promised safe worship in a safe environment.

3

### X.

At all material times, the defendants, Patrick Victor and Kathy Victor, members of the various Jehovah's Witnesses were encouraged to and did serve as two of the primary escorts of Patsy L. Maddox to this *District Convention,* just as on prior occasions, although the assistance may have been part of the religious commitment and service as Jehovah's Witnesses.

### XI.

The defendants were aware of Mrs. Maddox's disability and knew her car was marked with a disabled sticker. The defendants were also familiar with her health limitations, her age and that she could not walk very well.

### XII.

While attending the District Convention, during its operation and before the closure of programs that would have led to many people exiting, attempting to mitigate against problems navigating as an elderly person, Patsy L. Maddox was required to leave the seat to which she had been guided by the defendants, which was located near the top of steep stairs in the Mitchell Center - without the benefit of an usher.

### XIII.

Patsy L. Maddox, while navigating steep steps without a railing, presenting an unsafe path for this elderly, infirm, disabled person, encountered violations of life safety codes and unsafe - for - the - circumstances - presented grossly negligent conditions in the control and guard of the defendants, particularly as respects the elderly, infirm and/or disabled, like Patsy L. Maddox.

### XIV.

Patsy L. Maddox suffered multiple injuries, including but not limited to, hematomas, stitches, broken shoulder, broken rib, fractured elbow, hip injuries and related developmental pneumonia. Mrs. Maddox was rushed via ambulance to USA Medical Center in Mobile, Alabama; and later, was transferred to LSU Medical Center of Louisiana at New Orleans and St. Theresa Specialty Hospital before her demise on September 20, 2011.

### XV.

Defendants, as promoters and/or operators of a *District Convention* have a duty to

exercise reasonable care for the safety of persons and a duty not to expose the invited, elderly, infirm and/or disabled persons to unreasonable risks of injury or harm. Further, sponsors of events owe to patrons and attendees a duty of reasonable care for the safety of persons on their premises.

### XVI.

Defendants are liable to petitioners for their gross negligence in enticing, inducing, soliciting and/or specifically inviting Patsy L. Maddox to attend this *District Convention* with assurances of safety; and knowingly directing her, a clearly disabled person, to climb stairs to open seating in elevated portions of the Mitchell Center where safety for the elderly, infirm and disabled persons was neglected in the defendants' planning, hosting and entertaining of such persons.

### XVII.

Defendants are liable to petitioners for the gross negligence in their failure to comply with the heightened duty imposed on the defendants as hosts to design and implement a stadium/convention center safety program at the Mitchell Center for elderly, infirm, disabled or fragile persons.

### XVIII.

Defendants are liable to petitioners for their gross negligence in their hosting an event such as the *District Convention*, knowing it will be attended by the elderly, infirm, fragile and disabled persons, like Patsy L. Maddox, the necessary, architecturally suitable and safe accommodations mandated for Patsy L. Maddox, an elderly, infirm, disabled and fragile person.

### XIX.

Defendants are liable to petitioners for their gross negligence in the direction of elderly, infirm and disabled persons to the upper levels at the top of the Mitchell Center, knowing the risks and hazards presented to them, or failing to plan, care and guide safely invitee(s) of the Defendants who owed the duty to keep safely these persons.

### XX.

Defendants are liable for their gross negligence in failure to exercise care and provide protection for the elderly, infirm and disabled persons, knowing the risks or having notice

sufficiently in advance to be able to ascertain, plan for and prevent injury of the elderly, infirm, and/or disabled persons, like Patsy L. Maddox.

## XXI.

Defendants knew or should have known the risks of falling from the heights after climbing multiple stories of stairs without any railing in some places and inadequate railing at others, knowing the prospect and of the risks of injury in such conditions. The risks to the elderly, infirm or disabled persons falling down stairs is a well-known risk of injury which was known to the defendants to likely result in debilitating injury and/or death, as occurred for Patsy L. Maddox in this instance.

## XXII.

Precautions, risk prevention, mitigation and control were not planned, promoted as imposed on reasonable men similarly situated and/or mandated by law. Care for Patsy L. Maddox was abandoned by the defendants to protect their invitee, Mrs. Maddox, an elderly, infirm, disabled person. The obligations imposed on the defendants include taking actions to reduce the risks and prevent injury by directing Patsy L. Maddox in a location designed for easy level access, seating, with hand rails to avoid her injury, which in this case resulted from the failure to design, plan and/or execute a plan for safe passage of the elderly, infirm and/or disabled like Mrs. Maddox, thereby knowingly and/or grossly negligently exposing her to conditions, hazards, steep inclines and declines of narrow steps, thousands of people and her injury and death. Such risks were known and should have been accommodated by the defendants to protect the elderly, infirm or disabled persons, like Patsy L. Maddox.

## XXIII.

Indeed, Defendants have failed to abide by precautions and regulations imposed by law via compliance with the following: the Louisiana Civil Rights Act for Handicapped Persons, the public accommodations provisions of the Americans with Disabilities Act, and Louisiana's "White Cane Law." Failure of the defendants to comply with all of the obligations set out herein was a cause in fact, proximate cause and/or breach of a known risk falling within the ambit of the duty or duties imposed on the defendants, which resulted in the injury to Patsy L. Maddox making the defendants liable for actual damages and attorney fees.

## XXIV.

Additionally, the Louisiana Constitution, Article 1, § 3, Right to Individual Dignity, and Article 1, § 12, Freedom from Discrimination sets out the following applicable provisions, violated by Defendants in the instant matter in their planning to invite, inviting, hosting, directing and/or failing to direct persons who are elderly, infirm and/or disable, resulting in this case in the injury to Patsy L. Maddox.

## XXV.

Despite their knowledge of risks and hazards associated with the attendance of Mrs. Maddox, the defendants failed to warn of the prospects of injury to the elderly, infirm and disabled, like Mrs. Maddox, but instead gave to her a false sense of security with broad assurances of safety, care, custody and control, that contributed to and/or resulted in her injury and death.

## XXVI.

As a result of the gross negligence of the defendants, your petitioners, Rachel Maddox and Shannon Maddox, are entitled to damages arising out of the death of Patsy L. Maddox pursuant to Louisiana Civil Code Articles on wrongful death and survival actions (and/or articles 2315.1 and 2315.2), with said damages, punitive damages, exemplary damages, etc. including, but not limited to, the following:

(a) Past, present and future loss of earnings, earning capacity and wages;

(b) Past, present and future mental and physical pain and suffering;

(c) Past medical expenses of Patsy L. Maddox;

(d) Past, present and future medical expenses of Rachel Maddox and Shannon Maddox;

(e) Past, present and future attorney fees;

(f) Past, present and future inconvenience and loss of enjoyment of life; and,

(g) Past, present and future losses of services, society, love and affection.

## XXVII.

The mental anguish and personal suffering injuries suffered by Rachel Maddox and Shannon Maddox were expected or should have been expected by the Defendants who knew or

7

should have known that their gross negligence was more likely than not to result in the death of their mother, Patsy L. Maddox.

### XXVIII.

For the foregoing claims and other facts to be shown at trial, your petitioners are entitled to reasonable damages which will exceed the required amount for a trial by jury.

**WHEREFORE**, your petitioners pray that after all due proceedings are had in connection herewith, that there be judgment in favor of RACHEL MADDOX AND SHANNON MADDOX, and against the named Defendants, INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR AND KATHY VICTOR, jointly and/or severally and/or in solido, or as their legal obligations require, casting them with reasonable compensatory and/or exemplary damages for such acts of gross negligence, costs of court, any statutory or contractual attorney fees and other general and equitable relief, all in accordance with the facts and premises shown at trial on the merits.

**Respectfully submitted,**

**THORNHILL LAW FIRM, A PLC**

_____
**TOM W. THORNHILL     #12776**
**1308 Ninth Street**
**Slidell, Louisiana 70458**
**(985) 641-5010**
**(985) 641-5011 fax**
**tom@thornhilllawfirm.com**

**PLEASE SERVE:**

**INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS**
Through its registered agent:
UCS of Louisiana, Inc.
3867 Plaza Tower Drive, 1st Flr
Baton Rouge, LA 70816

**CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES**
Through its registered agent:
Stanley Singletary
3523 Harris Drive
Baton Rouge, LA 70816

8

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.

_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON

**WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.**
Via Long Arm Service:
Philip Brumley
100 Watchtower Drive
Patterson, NY 12563

**WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC.**
Through its registered agents:
1.  Willie Huguley
    5004 Trinity Drive
    Marrero, LA 70072
2.  Wilson J. Rodriguez
    164 Valentine Drive
    Avondale, LA 70094
3.  Malbert Helton, Sr.
    113 Elaine Drive
    Avondale, LA 70094

**PATRICK VICTOR**
1013 Manhattan Blvd, #345
Harvey, LA 70058-4650

**KATHY VICTOR**
1013 Manhattan Blvd, #345
Harvey, LA 70058-4650

9

# 24th JUDICIAL DISTRICT COURT FOR JEFFERSON PARISH

## STATE OF LOUISIANA

DOCKET NO.:                                                                           DIVISION

### RACHEL MADDOX AND SHANNON MADDOX

### VERSUS

### INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR AND KATHY VICTOR

FILED:_____     _____
                                     **DEPUTY CLERK**

## VERIFICATION

PARISH OF ST. TAMMAY
STATE OF LOUISIANA

Before me, the undersigned Notary Public in and for the aforesaid jurisdiction personally came and appeared, RACHEL MADDOX, who after first being duly sworn, did declare and state:

That she has read all of the allegations of fact contained in the attached Petition and that all of the allegations of fact are true and correct to the best of her knowledge, information and belief.

WITNESSES:

_____                         _____
Christine Pyke                                     RACHEL MADDOX

_____
Mark Hogan

Sworn to and subscribed before me,
Notary Public, on the 21st day of May,
2012.

_____
NOTARY PUBLIC

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON

24th JUDICIAL DISTRICT COURT FOR JEFFERSON PARISH
STATE OF LOUISIANA
DOCKET NO.:                                                    DIVISION " "

RACHEL MADDOX AND SHANNON MADDOX

VERSUS

INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR AND KATHY VICTOR

FILED: _____      _____
                                     DEPUTY CLERK

## VERIFICATION

PARISH OF ST. TAMMAY
STATE OF LOUISIANA

Before me, the undersigned Notary Public in and for the aforesaid jurisdiction personally came and appeared, SHANNON MADDOX, who after first being duly sworn, did declare and state:

That he has read all of the allegations of fact contained in the attached Petition and that all of the allegations of fact are true and correct to the best of his knowledge, information and belief.

WITNESSES:

_____          _____
Christine Pyke                       SHANNON MADDOX

_____
Mark Hogan

Sworn to and subscribed before me,
Notary Public, on the 21st day of May, 2012.

_____
NOTARY PUBLIC

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON