UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MADDOX, SHANNON MADDOX, | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 12-1641 |
| | ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE | ) | SECTION "N" |
| BROKERS CHRISTIAN CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER | ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, | ) | |
| INC., WESTWEGO CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK | ) | |
| VICTOR, KATHY VICTOR | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF
## PATRICK AND KATHY VICTOR

Now into Court come, Defendants**, Patrick and Kathy Victor (VICTORS)** who respond to the allegations and complaint of **RACHEL MADDOX, SHANNON MADDOX** (**PLAINTIFFS**) in state court, which was removed to this Court (**PETITION**), as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1.  The VICTORS assert that defense of lack of improper venue pursuant to Fed. R. Civ. P. 12 (b) (3). Venue is not proper since operative events on which this complaint is biased occurred in the Mobile Alabama.

### SECOND DEFENSE

1

2. The VICTORS seek to dismiss this action pursuant to Fed. R. Civ. P. 12 (b) (1) as this court lacks subject matter jurisdiction. The laws of the State of Alabama are at all times applicable to this litigation.

### THIRD DEFENSE

3. The VICTORS seek to dismiss this complaint pursuant to Fed. R. Civ. P. 12 (b) (6) Plaintiffs' Petition fails to state a cause of action on which relief against these defendants may be granted.

4. The VICTORS do not conduct District Conventions; their only involvement with District Conventions is to attend them.

5. Plaintiffs' allegations in Paragraph's III, IV, V, VI, VII, IX, and XVI, about "promoting and/or soliciting;" "solicitations" for "participation," "donations," and attendance at conventions; inducing by promises of safety; fully assuring and promising . . . safe accommodations;" and "undertakings" do not allege negligence or gross negligence, but instead allege breach of contract, for which Plaintiffs have failed to allege the elements of a claim for breach of contract.

6. Plaintiffs have made vague general allegations of duty, breach, damages, and liability against all defendants, but have not specified how such allegations apply to the VICTORS.

### ANSWERING THE PETITION IN THE ORDER IN WHICH IT IS PLED:

7. The allegations in Paragraph I (a), (b), (c) and (d) require no answer from these defendants. Answering the allegations in Paragraphs I (e) and (f), Defendants admit that they are adult persons who reside at the address shown, but clarify that "Kathy's" correct name is Kathleen.

8. The VICTORS deny these allegations as they lack sufficient personal knowledge of the allegations in Paragraph II on which to base a reasonable belief. Further The VICTORS, as an additional response to these allegations, deny the general allegations of negligence and gross negligence asserted against all defendants; and deny that Patsy Maddox was entitled to any damages.

9. The VICTORS deny the allegations contained in Paragraph III because of a lack of personal knowledge and because of a lack of sufficient information to form a belief in them.

10. The VICTORS deny the allegations contained in Paragraph IV because of a lack of personal knowledge and because of a lack of sufficient information to form a belief in them.

11. The VICTORS deny the allegations contained in Paragraph V because of a lack of personal knowledge and because of a lack of sufficient information to form a belief in them.

12. The allegations in Paragraph VI of the Petition are not directed at the VICTORS and do not require an answer from these defendants. In the abundance of caution these allegation are denied.

13. The allegations of Paragraph VII of the Petition are not directed at the VICTORS and do not require an answer from these defendants; however, to the degree that they may be interpreted as being directed at the VICTORS, they are denied.

14. Defendants deny all allegations and any inference contained in Paragraph VIII.

15. The allegations in Paragraph IX do not appear to be asserted against the VICTORS, but to the extent that they may be interpreted as alleging facts against them, they deny each of the allegations in said paragraph.

16. The VICTORS admit the allegations in Paragraph X insofar as they assert that they are Jehovah's Witnesses. They admit that they are members of the English Congregation of

Jehovah's Witnesses in Westwego, Louisiana. They deny each allegation and inference contained in Paragraph X.

17. The VICTORS deny the allegations contained in Paragraph XI. The VICTORS admit only that they knew that Patsy Maddox was in her late 60's. They deny that Patsy Maddox "could not walk very well." This allegation is vague there a factual response cannot be provided.

18. The VICTORS admit that portion of the allegations contained in Paragraph XII that states that Patsy Maddox left her seat before the end of the day's session. The VICTORS deny all other allegations contained in that paragraph.

19. The VICTORS deny the allegations in Paragraph XIII.

20. The VICTORS deny each allegation and inference contained in Paragraph XIV. VICTORS admit that Patsy Maddox died on or about September 20, 201.

21. Since the allegations in Paragraph XV do not appear to be directed toward the VICTORS, who therefore is not required to answer them. However to the extent that these allegations infer any liability to the VICTORS, these allegations are categorically denied.

22. The VICTORS deny each allegation contained in Paragraph XVI because they are untrue and they do not have insufficient information on which to base a belief in these allegation.

23. The allegations in Paragraph XVII do not appear to be directed at VICTORS and thus they are not required to respond. In the abundance of caution, the allegations contained in Paragraph XVII are categorically denied.

24. The allegations in Paragraph XVIII do not appear to be directed at VICTORS and thus they are not required to respond. However, in the abundance of caution, the allegations contained in Paragraph XVIII are categorically denied.

25. The allegations in Paragraph XIX do not appear to be directed at VICTORS and thus they are not required to respond. To the degree that the allegations in Paragraph XIX could be interpreted as being directed at them, they deny the allegations in that paragraph.

26. The allegations in Paragraph XX do not appear to be directed at VICTORS and thus they are not required to respond. To the degree that the allegations in Paragraph XX could be interpreted as being directed at them, they deny the allegations in that paragraph.

27. The allegations in Paragraph XXI do not appear to be directed at VICTORS and thus they are not required to respond. To the degree that the allegations in Paragraph XXI could be interpreted as being directed at them, they deny the allegations in that paragraph.

28. The allegations in Paragraph XXII do not appear to be directed at VICTORS and thus they are not required to respond. To the degree that the allegations in Paragraph XXII could be interpreted as being directed at them, they deny the allegations in that paragraph.

29. The allegations in Paragraph XXIII do not appear to be directed at VICTORS and thus they are not required to respond. To the degree that the allegations in Paragraph XXIII could be interpreted as being directed at them, they deny the allegations in that paragraph. The VICTORS deny that any Louisiana law applies to this action. They also deny that the Americans With Disabilities Act applies to this action.

30. The allegations contained in Paragraph XXIV do not appear to be directed at VICTORS and thus they are not required to respond. However, in the abundance of caution, the VICTORS categorically deny each allegation contained in XXIV. The VICTORS further assert dismissal pursuant to Fed. R. Civ. P. 12 (b) (1).

31. The allegations in Paragraph XXV do not appear to be directed at VICTORS and thus they are not required to respond. To the degree that the allegations in Paragraph XXV could be interpreted as being directed at them, they deny the allegations in that paragraph.

32. The VICTORS deny the allegations in Paragraph XXVI that they or any defendant were guilty of gross negligence, that Plaintiffs or anyone is entitled to damages, and that any relief is available to Plaintiffs or anyone under the provisions of any Louisiana law.

33. The VICTORS deny that they had any knowledge from which they could foresee any of the events alleged in Paragraph XXVII and deny all other allegations of liability, fault, negligence, gross negligence and damages contained in the paragraph.

34. The VICTORS deny that Plaintiffs are entitled to any damages; however, they admit that if any damages were due, the amount of those damages would exceed the amount required for jurisdiction in federal court.

35. Any allegations in any paragraph in the Petition that have not been admitted above are here denied.

WHEREFORE, PREMISES CONSIDERED, Defendants, Patrick and Kathy Victor, pray that Plaintiffs' Petition be dismissed in its entirety as to these defendants, that Plaintiffs recover nothing from these defendants, that Defendants recover their costs of court and any statutory attorney fees allowed, and that Defendants be granted such further relief to which they show themselves entitled, at law or in equity.

Dated: July 2, 2012.

Respectfully submitted,
By /s/Terrel J. Broussard
Terrel J. Broussard
Bar No:
Montgomery Barnett LLP
3300 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3300
Tel**:** +1.504.585.3200
Fax**:** +1.504.200.8987

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 2nd day July 2012 and notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system or by mail.

/s/Terrel J. Broussard