UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 12-1641 |
| ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE ) | SECTION "N" |
| BROKERS CHRISTIAN CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, ) | |
| INC., WESTWEGO CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK ) | |
| VICTOR, KATHY VICTOR ) | |
| ) | |
| Defendants. ) | |

ANSWER OF
WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.

Defendant Watchtower Bible and Tract Society of New York, Inc. ("Watchtower") asserts its procedural defenses in Paragraphs 1-5; answers the allegations in the order in which they were made and in reference to the paragraph numbers assigned by Plaintiffs in the Petition they filed in state court, subsequently removed to this Court ("Petition") in Paragraphs 6-33, and answers affirmatively in Paragraphs 34-43 to wit:

PROCEDURAL DEFENSES

1.  Watchtower avers that jurisdiction in Louisiana is not proper and this matter should be dismissed for a lack of jurisdiction.

2.  Watchtower is not subject to general personal jurisdiction in Louisiana and Plaintiffs have not demonstrated by what contacts Louisiana has specific personal jurisdiction over Watchtower to exercise long-arm jurisdiction and service or process.

3.  Watchtower avers that venue is not proper in Louisiana and this matter should be

1

transferred to a district where venue is proper, to Mobile, AL, where the transactions and events occurred on which Plaintiffs' base their cause of action.

4. Watchtower avers that process or service of process, or both, were ineffective because it is not subject to long-arm jurisdiction in Louisiana.

5. Plaintiffs have made general allegations of duty, breach, damages, and liability against all defendants, but have not specified how such allegations apply to Watchtower; as such, Plaintiffs have failed to state a claim against Watchtower on which relief can be granted.

## ANSWERS TO ALLEGATIONS IN PETITION

6. Watchtower avers that the allegations in Paragraph I(a), (b), (d), (e), and (f) require no answer from it. With regard to the allegations in Paragraph I(c), Watchtower admits that it is a not-for-profit, religious corporation with its principal place of business in New York, but it denies Plaintiffs' characterization that it is a "religious group;" denies that it is authorized to do business in Louisiana; denies that it does business in Louisiana, and it denies that it is or was subject to long-arm jurisdiction in Louisiana during any time relevant to this action. Watchtower does admit that it did receive donations from Patsy Maddox, as it has received donations from donors from all over the globe. To the extent any other statement in Paragraph I alleges anything about Watchtower, it is denied.

7. Watchtower denies personal knowledge of the allegations in Paragraph II regarding the relationship between Patsy Maddox and the Plaintiffs, the date of Patsy Maddox' death or the hospital where she treated, and therefore must deny the allegations. Watchtower denies the general allegations of negligence and gross negligence on the part of all defendants; denies that Patsy Maddox was entitled to any damages, and denies any other allegation the paragraph may include about Watchtower.

8. Watchtower denies personal knowledge of the allegations in Paragraph III with

regard to the length or scope of Patsy Maddox' participation in the ministry of Jehovah's Witnesses, and denies that Watchtower "solicited" her "to attend functions, make contributions, travel to conventions, and to regularly participate in the Jehovah's Witnesses (sic) through the Westwego Congregation of Jehovah's Witnesses, Inc.," *et al.*, and denies any other allegation the paragraph may include about Watchtower.

9. Watchtower admits, with regard to the allegations in Paragraph IV that all of Jehovah's Witnesses and members of the public are invited to attend District Conventions of Jehovah's Witnesses because they are public gatherings dedicated to the worship of Almighty God Jehovah. Watchtower denies, however, that it "sponsored" or "promoted," or that any of the defendants could have "sponsored" or "promoted" the District Convention held in Mobile, AL beginning on 1 July 2011 under the common dictionary meanings of those terms; denies that Patsy Maddox was under Watchtower's care during her attendance at the District Convention; denies that it made or engaged in "solicitations, planning, design, programming, and . . . block room reservations" with regard to the District Convention as alleged in Paragraph IV; and it denies that any information it published about District Conventions created a duty of care owed by it to any of the attendees of any District Convention of Jehovah's Witnesses. Such information published by Watchtower did not create any duty owed to Patsy Maddox such that she would come under the care of Watchtower while attending the District Convention at the Mitchell Center in Mobile, AL in July 2011. Watchtower denies any other allegations the paragraph may include about it.

10. Watchtower denies the allegations in Paragraph V that it is part of "one organization, with a clear and identifiable, hierarchical structure," or otherwise as alleged in the paragraph that it is "integrated as a national organization" with other corporations. In response to such allegations, Watchtower admits that it "works together" with other corporations

organized by Jehovah's Witnesses; that each has its own corporate identity and is completely separate from the others; that they share the common trait of being formed by Jehovah's Witnesses, and for that reason they share the same general religious purpose. Watchtower denies that it, in conjunction with the Westwego Congregation of Jehovah's Witnesses, Inc. and the Christian Congregation of Jehovah's Witnesses, "routinely solicits in Louisiana for attendance at such District Conventions, locally and nationally," but it admits as in the preceding paragraph that it publishes general information about District Conventions that neither solicits nor promotes District Conventions, as alleged. Watchtower denies any other allegations the paragraph may include about it.

11. The allegations in Paragraph VI of the Petition are not directed at Watchtower and do not require an answer, but in the event they are deemed otherwise, they are denied. Further answering, the last sentence in Paragraph VI alleges that the "defendant organizations" receive or receive the benefit of donations "solicited" at District Conventions. Watchtower denies that any donations are "solicited.". Watchtower denies any other allegations the paragraph may include about it.

12. The allegations of Paragraph VII are denied because they are vague; to the extent they make any specific allegations against Watchtower, they are denied. Watchtower particularly denies that it "hosts" District Conventions, or that it "induces" anyone to attend District Conventions by "promising safe keeping and full accommodations for the elderly, infirm, and disabled persons."

13. Watchtower has no personal knowledge of what transactions or occurrences took place at the District Convention as alleged in Paragraph VIII and must, therefore, deny the allegations about Patsy Maddox' attendance at such convention. Watchtower denies that it "hosts" District Conventions, and denies all other allegations in the paragraph.

14. For same reasons Watchtower denied the allegations in Paragraphs VII and VIII, it denies the allegations in Paragraph IX that it "hosted" District Conventions; it denies the vague allegations about "undertakings" by "[t]he defendants" including "fully assuring and promising the necessary safe accommodations to the elderly, infirm and/or disabled persons," and it denies all other allegations in the paragraph that would make it or any of the other defendants contractually obliged to guarantee the safety of attendees fitting the broad and ill-defined class of "elderly, infirm and/or disabled persons."

15. Watchtower denies the allegations in Paragraph X because they are not directed at it and it has no personal knowledge of the transactions and occurrences alleged, and also because it makes a supposition which is both vague and conclusory, that Patrick and Kathy Victor, as "members" of "the various Jehovah's Witnesses" (sic), were "encouraged" and "did" escort Patsy Maddox to the District Convention in July 2011, and "on prior occasions," which constituted "assistance" that "may have been part of the religious commitment and services of Jehovah's Witnesses." The paragraph is apparently an attempt to allege something, and to the extent it does allege anything against Watchtower, it is denied. Likewise, to the extent it alleges that the Victors were members of the Watchtower Bible and Tract Society of New York, Inc., it is denied. The paragraph, it would appear, merely alleges that the Victors were encouraged to and did provide assistance to a friend who shared their faith and chose to worship with them.

16. Watchtower denies that it had any knowledge of Patsy Maddox' age, health, disability or ability, and denies all other allegations in Paragraph XI.

17. Watchtower denies that it has any personal knowledge of the transactions and occurrences alleged in Paragraph XII and, as such, they are denied. Specifically, Watchtower denies that it directed any attendee, as alleged in this case, to any particular seat and denies that it had anything to do with the operations of the District Convention out of which this suit arises;

Watchtower had nothing to do with the conduct or operations of any District Convention.

18. Watchtower denies the allegations in Paragraph XIII because it has no personal knowledge of the transactions and occurrences alleged therein and it denies that it had anything to do with the operations of the District Convention out of which this suit arises; Watchtower had nothing to do with the operations of any District Convention.

19. Watchtower denies the allegations in Paragraph XIV because it has no personal knowledge of the transactions and occurrences alleged therein.

20. Watchtower denies the allegations in Paragraph XV because it had nothing to do with the operations of the District Convention out of which this suit arises, and it had nothing to do with the operations of any District Convention.

21. Watchtower denies the allegations in Paragraph XVI because it had nothing to do with the operations of the District Convention out of which this suit arises, and it had nothing to do with the operations of any District Convention. Further answering, Watchtower denies the allegation that it "specifically" invited Patsy Maddox or anyone else to the District Convention as alleged in the paragraph, or that it "enticed" or "induced" anyone to attend such convention.

22. Watchtower denies the allegations in Paragraph XVII because it had nothing to do with the operations of the District Convention out of which this suit arises, and it had nothing to do with the operations of any District Convention.

23. Watchtower denies the allegations in Paragraph XVIII because it had nothing to do with the operations of the District Convention out of which this suit arises, and it had nothing to do with the operations of any District Convention.

24. Watchtower denies the allegations in Paragraph XIX because it had nothing to do with the operations of the District Convention out of which this suit arises, and it had nothing to do with the operations of any District Convention.

6

25. Watchtower denies the allegations in Paragraph XX because it had nothing to do with the operations of the District Convention out of which this suit arises, and it had nothing to do with the operations of any District Convention.

26. Watchtower denies the allegations in Paragraph XXI because it had nothing to do with the operations of the District Convention out of which this suit arises, and it had nothing to do with the operations of any District Convention.

27. Watchtower denies the allegations in Paragraph XXII because it had nothing to do with the operations of the District Convention out of which this suit arises, and it had nothing to do with the operations of any District Convention.

28. Watchtower denies the allegations in Paragraph XXIII because it had nothing to do with the operations of the District Convention out of which this suit arises, and it had nothing to do with the operations of any District Convention. Further answering, Watchtower denies that the Louisiana Civil Rights Act for Handicapped Persons, Louisiana's "White Cane Act," or any other Louisiana law governs conduct occurring in Mobile, AL.

29. Watchtower denies the allegations in Paragraph XXIV because it had nothing to do with the operations of the District Convention out of which this suit arises, and it had nothing to do with the operations of any District Convention. Further answering, Watchtower denies that the Louisiana Constitution provides a remedy on the facts alleged in this case, and denies that Louisiana law governs conduct occurring in Mobile, AL.

30. Watchtower denies the allegations in Paragraph XXV because it had nothing to do with the operations of the District Convention out of which this suit arises, and it had nothing to do with the operations of any District Convention. Further answering, Watchtower denies that it did anything to give Patsy Maddox "broad assurances of safety, care, custody and control that contributed to and/or resulted in her injury and death."

31. Watchtower denies any personal knowledge of the relationships between Rachel, Shannon, and Patsy Maddox, and must, therefore, deny Plaintiffs' allegations in Paragraph XXVI that they are entitled to damages as persons designated to sue for wrongful death and survival actions under Louisiana law, and denies all the allegations of damages contained in the paragraph. Watchtower denies that Louisiana law governs allegations of damages arising from injuries occurring in Mobile, AL. Watchtower also denies all other allegation contained in the paragraph seeking to make it liable for any transaction or occurrence at or during the District Convention in Mobile, AL beginning on or about 1 July 2011 because it had nothing to do with the operations of said convention.

32. Watchtowers denies that it had any knowledge from which it could foresee any of the events alleged in Paragraph XXVII and denies all other allegations of liability, fault, damages, or otherwise contained in the paragraph.

33. Watchtower denies that it had any knowledge from which it could glean whether Plaintiffs are entitled to damages, the amount of their alleged damages, but would admit, upon information and belief, that if any damages were due, the amount of those damages would exceed the amount required for jurisdiction in federal court.

34. Any allegations in any paragraph in the Petition that have not been admitted above are here denied.

## ANSWERING IN THE AFFIRMATIVE

35. Watchtower does not conduct District Conventions; its only involvement with District Conventions is to publish information about them and extend an open invitation to those interested to learn more by writing to request information or by speaking with one of Jehovah's Witnesses.

36. Watchtower does not collect donations but it has been the recipient of specific

gifts made by donors *inter vivos* or *causa mortis*. It does not solicit donations, and knows of no corporate entity dedicated to the work of Jehovah's Witnesses that does. Donations made by Jehovah's Witnesses have always been on a voluntary basis and are never solicited, as was stated in *The Watchtower*, 15 August 1971:

> "The emphasis in all giving among the Witnesses is that it must be voluntary and spontaneous, from the heart. In fact, ever since the earliest days of the modern witnesses of Jehovah it has been their policy that *never should there be any* passing of collection plates or similar *solicitations* for money." (Italics added).

37. Watchtower avers, upon information and belief, that meetings of Jehovah's Witnesses, such as District Conventions, are public meetings to which all well-behaved persons are invited; that such meetings are organized like other public events at public arenas, such as the Mitchell Center at the University of Southern Alabama; that all reasonable care is given to accommodate those with special needs, and that all attendees have the freedom to choose where to sit if special seating accommodations are full. Likewise, attendees have the freedom to *not* attend if their special needs cannot be met because of the number in attendance, but that choice is a matter for each attendee to make for himself or herself.

38. Watchtower in no way compelled Patsy Maddox to sit in an area of the Mitchell Center that she deemed to be unsafe.

39. Watchtower did nothing whatsoever to overpower Patsy Maddox's free will to choose where to sit, where not to sit, or whether or not to attend the convention at that time and place.

40. Upon information and belief, Watchtower avers that Patsy Maddox put no one at the Mitchell Center on notice that she required special seating or that exercising her choice to sit in regular seating would pose any problems or risks for her.

41. Upon information and belief, Watchtower avers that nothing about Patsy

Maddox' appearance indicated that she had undertaken a risk of harm to herself by choosing to sit in regular seating.

42. Upon information and belief, Watchtower avers that the Mitchell Center is owned by the University of Southern Alabama; that the University of Southern Alabama employed architects and engineers in the designing and building of the Mitchell Center, and that those architects and engineers employed the standards imposed by the "Life Safety Code," or in other applicable codes of safety for the designing and building of such arenas as the Mitchell Center.

43. Upon information and belief, Watchtower avers that those with the task of organizing the District Convention attended by Patsy Maddox at the Mitchell Center reasonably relied on the safety features built into that facility, and that they incurred no further liability or responsibility for safety than what was already built into the facility, other than to provide reasonable seating for those with special needs, which they did.

44. Watchtower avers that Plaintiffs have not established and cannot establish breaches of legal obligations owed to Patsy Maddox because Watchtower complied with all law in the conduct of the District Convention beginning on 1 July 2011 at the Mitchell Center.

WHEREFORE, Watchtower Bible and Tract Society of New York, Inc. prays that this Answer be deemed good and sufficient; that after due proceedings are had, a judgment be rendered in its favor dismissing the claims made by Plaintiffs Rachel Maddox and Shannon Maddox, that they be cast in judgment for all costs associated herewith, and for any other relief the Court deems appropriate on the premises and the law.

Dated: 2 July 2012.

Respectfully submitted,
By /s/Ted M. Mitchell
Ted M. Mitchell    La. Bar No. 20964
3501 North Causeway Boulevard, Suite 300
Metairie LA 70002-3618
504-236-3966 – voice

504-273-2220 – fax

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 2nd day of July 2012 and notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system or by mail.

/s/Ted M. Mitchell