# DIV. O
## JUDGE
## ROSS P. LaDART

### 24ᵗʰ JUDICIAL DISTRICT COURT FOR JEFFERSON PARISH

### STATE OF LOUISIANA

DOCKET NO.: 715-276  DIVISION " #890

#56-64

RACHEL MADDOX AND SHANNON MADDOX

VERSUS

835

INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR AND KATHY VICTOR

FILED: _____   _____
                                DEPUTY CLERK

---

### PETITION FOR DAMAGES FOR WRONGFUL DEATH AND SURVIVAL ACTION

---

The petition of, RACHEL MADDOX AND SHANNON MADDOX, both persons of the full age of majority and residents and domiciliaries of Jefferson Parish, State of Louisiana, respectfully represent as follows:

**I.**

Named defendants herein are the following:

(a) **INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS**, a foreign insurance company, operating and doing business in East Baton Rouge Parish, Louisiana, whose registered agent is UCS of Louisiana, Inc., 3867 Plaza Tower Drive, 1ˢᵗ Flr, Baton Rouge, Louisiana, 70816, who provided insurance coverage to the religious groups at the time of this accident, which by operation of law and contract stands in the shoes of and must respond for the acts and damages of the following defendants:

(b) **CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES**, a foreign religious group, with its principal place of business in New York, New York, authorized to do and doing business in the State of Louisiana, whose registered agent is Stanley Singletary, 3523 Harris Drive, Baton Rouge, Louisiana, 70816, who reimbursed Plaintiffs for some expenses incurred by them during the demise of their mother;

(c) **WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.**, a foreign religious group, with its principal place of business in New York, doing business in Louisiana, which will be served via long arm through its registered agent, Philip Brumley, 100 Watchtower Drive, Patterson, New York, 12563, who Plaintiffs' mother, Patsy L. Maddox made regular donations on a national level;

(d) **WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC.**, a local religious group, with its principal place of business is in Jefferson Parish, Louisiana, with registered agents: 1. Willie Huguley, 5004 Trinity Drive,

1

IMAGED MAY 31 2012


Marrero, Louisiana, 70072, 2. Wilson Rodriguez, 164 Valentine Drive, Avondale, Louisiana, 70094, and, 3. Molbert Helton, Sr., 113 Elaine Drive, Avondale, Louisiana, 70094, who Plaintiffs' mother, Patsy L. Maddox made regular donations with on a local level;

(e) **PATRICK VICTOR**, a person of the full age of majority and a resident of Jefferson Parish, Louisiana, who, upon information and belief, resides at 1013 Manhattan Blvd, #345, Harvey, Louisiana; and,

(f) **KATHY VICTOR**, a person of the full age of majority and a resident of Jefferson Parish, Louisiana, who, upon information and belief, resides at 1013 Manhattan Blvd, #345, Harvey, Louisiana.

## II.

Petitioners, Rachel Maddox and Shannon Maddox, are the sole surviving heirs of the decedent, Patsy L. Maddox, who died on September 20, 2011, at St. Theresa Specialty Hospital in Metairie, Louisiana. Patsy L. Maddox is entitled to damages for the following acts of negligence of the defendants; including certain acts of gross negligence as demonstrated herein.

## III.

Patsy L. Maddox was a life long Jehovah's Witness on a local and national level who was solicited by the Jehovah's Witnesses to attend functions, make contributions, travel to conventions, and to regularly participate in the Jehovah's Witnesses through the Westwego Congregation of Jehovah's Witnesses, Inc. ("Westwego Congregation"), the Christian Congregation of Jehovah's Witnesses ("CCJW"), and Watchtower Bible and Tract Society of New York, Inc. ("Watchtower").

## IV.

Patsy L. Maddox was invited by the defendants to attend a *District Convention* sponsored by/for/through the defendants through the CCJW at the Mitchell Center in Mobile, Alabama on July 1, 2011. Patsy L. Maddox was under the care of the defendants by way of church solicitations, planning, organizing, design, programming, and even block room reservations - all in advance for the purpose of promoting/soliciting participation of Patsy L. Maddox and those similarly situated.

## V.

The CCJW, Watchtower and Westwego work together as an integrated national organization with, and or for the benefit of, the defendants, as if one organization, with a clear

2

IMAGED   MAY 31 2012

715276

Ex A
2 of 19

and identifiable hierarchal, connected structure. CCJW, Watchtower and Westwego routinely solicit in Louisiana for attendance at such *District Conventions* locally and nationally, through which the attendance of Patsy L. Maddox and others similarly situated and/or in similar condition were solicited and/or promoted.

### VI.

CCJW and Westwego are intimately familiar with the necessary safety requirements for the elderly, infirm and disabled persons for *District Convention*. The defendant organizations receive the donations and/or benefit from longer term donations solicited during these large *District Conventions*.

### VII.

Defendants invite, induce, host and give a false sense of security by promising safe keeping and full accommodations for the elderly, infirm and disabled persons.

### VIII.

Upon arrival at the District Convention on July 1, 2011, Patsy L. Maddox was required and/or directed away from her requested seat in the disabled seating section. Patsy L. Maddox was forced to sit in a location of the Mitchell Center that was not appropriate for the elderly, infirm and disabled persons. The defendants have hosted routinely on an annual basis (if not more frequently) tens of thousands at these large *District Conventions*. On information and belief, as a result of hosting invited persons and groups hundreds of times in the past, the defendants were familiar with the known risks presented to the elderly, infirm and/or disabled persons.

### IX.

The defendants undertake to plan such events, attended by large numbers of people, known to include the elderly, infirm and/or disabled persons. These undertakings include, but are not limited to, the responsibility of providing and training ushers, fully assuring and promising the necessary safe accommodations to the elderly, infirm and/or disabled persons, and that there will be delivered such necessary safe accommodations for the elderly, infirm and disabled persons, who are invited to worship and promised safe worship in a safe environment.

X.

At all material times, the defendants, Patrick Victor and Kathy Victor, members of the various Jehovah's Witnesses were encouraged to and did serve as two of the primary escorts of Patsy L. Maddox to this *District Convention*, just as on prior occasions, although the assistance may have been part of the religious commitment and service as Jehovah's Witnesses.

XI.

The defendants were aware of Mrs. Maddox's disability and knew her car was marked with a disabled sticker. The defendants were also familiar with her health limitations, her age and that she could not walk very well.

XII.

While attending the District Convention, during its operation and before the closure of programs that would have led to many people exiting, attempting to mitigate against problems navigating as an elderly person, Patsy L. Maddox was required to leave the seat to which she had been guided by the defendants, which was located near the top of steep stairs in the Mitchell Center - without the benefit of an usher.

XIII.

Patsy L. Maddox, while navigating steep steps without a railing, presenting an unsafe path for this elderly, infirm, disabled person, encountered violations of life safety codes and unsafe - for - the - circumstances - presented grossly negligent conditions in the control and guard of the defendants, particularly as respects the elderly, infirm and/or disabled, like Patsy L. Maddox.

XIV.

Patsy L. Maddox suffered multiple injuries, including but not limited to, hematomas, stitches, broken shoulder, broken rib, fractured elbow, hip injuries and related developmental pneumonia. Mrs. Maddox was rushed via ambulance to USA Medical Center in Mobile, Alabama; and later, was transferred to LSU Medical Center of Louisiana at New Orleans and St. Theresa Specialty Hospital before her demise on September 20, 2011.

XV.

Defendants, as promoters and/or operators of a *District Convention* have a duty to

exercise reasonable care for the safety of persons and a duty not to expose the invited, elderly, infirm and/or disabled persons to unreasonable risks of injury or harm. Further, sponsors of events owe to patrons and attendees a duty of reasonable care for the safety of persons on their premises.

### XVI.

Defendants are liable to petitioners for their gross negligence in enticing, inducing, soliciting and/or specifically inviting Patsy L. Maddox to attend this *District Convention* with assurances of safety; and knowingly directing her, a clearly disabled person, to climb stairs to open seating in elevated portions of the Mitchell Center where safety for the elderly, infirm and disabled persons was neglected in the defendants' planning, hosting and entertaining of such persons.

### XVII.

Defendants are liable to petitioners for the gross negligence in their failure to comply with the heightened duty imposed on the defendants as hosts to design and implement a stadium/convention center safety program at the Mitchell Center for elderly, infirm, disabled or fragile persons.

### XVIII.

Defendants are liable to petitioners for their gross negligence in their hosting an event such as the *District Convention*, knowing it will be attended by the elderly, infirm, fragile and disabled persons, like Patsy L. Maddox, the necessary, architecturally suitable and safe accommodations mandated for Patsy L. Maddox, an elderly, infirm, disabled and fragile person.

### XIX.

Defendants are liable to petitioners for their gross negligence in the direction of elderly, infirm and disabled persons to the upper levels at the top of the Mitchell Center, knowing the risks and hazards presented to them, or failing to plan, care and guide safely invitee(s) of the Defendants who owed the duty to keep safely these persons.

### XX.

Defendants are liable for their gross negligence in failure to exercise care and provide protection for the elderly, infirm and disabled persons, knowing the risks or having notice

IMAGED   MAY 31 2012                                   715276


Ex A
5 of 19

sufficiently in advance to be able to ascertain, plan for and prevent injury of the elderly, infirm, and/or disabled persons, like Patsy L. Maddox.

### XXI.

Defendants knew or should have known the risks of falling from the heights after climbing multiple stories of stairs without any railing in some places and inadequate railing at others, knowing the prospect and of the risks of injury in such conditions. The risks to the elderly, infirm or disabled persons falling down stairs is a well-known risk of injury which was known to the defendants to likely result in debilitating injury and/or death, as occurred for Patsy L. Maddox in this instance.

### XXII.

Precautions, risk prevention, mitigation and control were not planned, promoted as imposed on reasonable men similarly situated and/or mandated by law. Care for Patsy L. Maddox was abandoned by the defendants to protect their invitee, Mrs. Maddox, an elderly, infirm, disabled person. The obligations imposed on the defendants include taking actions to reduce the risks and prevent injury by directing Patsy L. Maddox in a location designed for easy level access, seating, with hand rails to avoid her injury, which in this case resulted from the failure to design, plan and/or execute a plan for safe passage of the elderly, infirm and/or disabled like Mrs. Maddox, thereby knowingly and/or grossly negligently exposing her to conditions, hazards, steep inclines and declines of narrow steps, thousands of people and her injury and death. Such risks were known and should have been accommodated by the defendants to protect the elderly, infirm or disabled persons, like Patsy L. Maddox.

### XXIII.

Indeed, Defendants have failed to abide by precautions and regulations imposed by law via compliance with the following: the Louisiana Civil Rights Act for Handicapped Persons, the public accommodations provisions of the Americans with Disabilities Act, and Louisiana's "White Cane Law." Failure of the defendants to comply with all of the obligations set out herein was a cause in fact, proximate cause and/or breach of a known risk falling within the ambit of the duty or duties imposed on the defendants, which resulted in the injury to Patsy L. Maddox making the defendants liable for actual damages and attorney fees.

IMAGED   MAY 31 2012

715276

Ex A
6 of 19

#### XXIV.

Additionally, the Louisiana Constitution, Article 1, § 3, Right to Individual Dignity, and Article 1, § 12, Freedom from Discrimination sets out the following applicable provisions, violated by Defendants in the instant matter in their planning to invite, inviting, hosting, directing and/or failing to direct persons who are elderly, infirm and/or disable, resulting in this case in the injury to Patsy L. Maddox.

#### XXV.

Despite their knowledge of risks and hazards associated with the attendance of Mrs. Maddox, the defendants failed to warn of the prospects of injury to the elderly, infirm and disabled, like Mrs. Maddox, but instead gave to her a false sense of security with broad assurances of safety, care, custody and control, that contributed to and/or resulted in her injury and death.

#### XXVI.

As a result of the gross negligence of the defendants, your petitioners, Rachel Maddox and Shannon Maddox, are entitled to damages arising out of the death of Patsy L. Maddox pursuant to Louisiana Civil Code Articles on wrongful death and survival actions (and/or articles 2315.1 and 2315.2), with said damages, punitive damages, exemplary damages, etc. including, but not limited to, the following:

(a) Past, present and future loss of earnings, earning capacity and wages;

(b) Past, present and future mental and physical pain and suffering;

(c) Past medical expenses of Patsy L. Maddox;

(d) Past, present and future medical expenses of Rachel Maddox and Shannon Maddox;

(e) Past, present and future attorney fees;

(f) Past, present and future inconvenience and loss of enjoyment of life; and,

(g) Past, present and future losses of services, society, love and affection.

#### XXVII.

The mental anguish and personal suffering injuries suffered by Rachel Maddox and Shannon Maddox were expected or should have been expected by the Defendants who knew or

IMAGED MAY 31 2012

715276



Ex A
7 of 19

should have known that their gross negligence was more likely than not to result in the death of their mother, Patsy L. Maddox.

### XXVIII.

For the foregoing claims and other facts to be shown at trial, your petitioners are entitled to reasonable damages which will exceed the required amount for a trial by jury.

**WHEREFORE**, your petitioners pray that after all due proceedings are had in connection herewith, that there be judgment in favor of RACHEL MADDOX AND SHANNON MADDOX, and against the named Defendants, INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR AND KATHY VICTOR, jointly and/or severally and/or in solido, or as their legal obligations require, casting them with reasonable compensatory and/or exemplary damages for such acts of gross negligence, costs of court, any statutory or contractual attorney fees and other general and equitable relief, all in accordance with the facts and premises shown at trial on the merits.

Respectfully submitted,

THORNHILL LAW FIRM, A PLC

TOM W. THORNHILL    #12776
1308 Ninth Street
Slidell, Louisiana 70458
(985) 641-5010
(985) 641-5011 fax
tom@thornhilllawfirm.com

**PLEASE SERVE:**

**INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS**
Through its registered agent:
UCS of Louisiana, Inc.
3867 Plaza Tower Drive, 1st Flr
Baton Rouge, LA 70816

CK# 6876
EBR

**CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES**
Through its registered agent:
Stanley Singletary
3523 Harris Drive
Baton Rouge, LA 70816

8

**WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC.**
Via Long Arm Service:
Philip Brumley
100 Watchtower Drive
Patterson, NY 12563

**WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC.**
Through its registered agents:
1.   Willie Huguley
     5004 Trinity Drive
     Marrero, LA 70072
2.   Wilson J. Rodriguez
     164 Valentine Drive
     Avondale, LA 70094
3.   Malbert Helton, Sr.
     113 Elaine Drive
     Avondale, LA 70094

**PATRICK VICTOR**
1013 Manhattan Blvd, #345
Harvey, LA 70058-4650

**KATHY VICTOR**
1013 Manhattan Blvd, #345
Harvey, LA 70058-4650

9

503

## 24th JUDICIAL DISTRICT COURT FOR JEFFERSON PARISH
### STATE OF LOUISIANA

DOCKET NO.: 715-276          DIVISION

### RACHEL MADDOX AND SHANNON MADDOX

**VERSUS**

**INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR AND KATHY VICTOR**

FILED:_____     _____
                                                                   DEPUTY CLERK

### VERIFICATION

PARISH OF ST. TAMMAY
STATE OF LOUISIANA

     Before me, the undersigned Notary Public in and for the aforesaid jurisdiction personally came and appeared, SHANNON MADDOX, who after first being duly sworn, did declare and state:

     That he has read all of the allegations of fact contained in the attached Petition and that all of the allegations of fact are true and correct to the best of his knowledge, information and belief.

WITNESSES:                                    _____
                                                   SHANNON MADDOX

Sworn to and subscribed before me,
Notary Public, on the ___ day of May, 2012.

_____
NOTARY PUBLIC

503
CODED

## 24ᵗʰ JUDICIAL DISTRICT COURT FOR JEFFERSON PARISH

### STATE OF LOUISIANA

DOCKET NO.: 715-276  DIVISION

### RACHEL MADDOX AND SHANNON MADDOX

### VERSUS

### INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR AND KATHY VICTOR

FILED:_____     _____
                                    DEPUTY CLERK

### VERIFICATION

PARISH OF ST. TAMMAY
STATE OF LOUISIANA

Before me, the undersigned Notary Public in and for the aforesaid jurisdiction personally came and appeared, RACHEL MADDOX, who after first being duly sworn, did declare and state:

That she has read all of the allegations of fact contained in the attached Petition and that all of the allegations of fact are true and correct to the best of her knowledge, information and belief.

WITNESSES:

_____          _____
Christine Pyke                    RACHEL MADDOX

_____

Sworn to and subscribed before me,
Notary Public, on the 21ˢᵗ day of May,
2012.

_____
NOTARY PUBLIC

IMAGED  MAY 31 2012                              715276

Ex A
11 of 19



TWENTY-FOURTH JUDICIAL COURT
STATE OF LOUISIANA

MADDOX, *et al.*

No. 715276                      versus               DIVISION "O"

INTEGRO USA, INC, *et al.*

Filed: _____      _____
                                                                  Deputy Clerk

NOTICE OF FILING NOTICE OF REMOVAL IN FEDERAL COURT

TO    Honorable Jon A. Gegenheimer
       Jefferson Parish Clerk of Court
       Twenty-Fourth Judicial District Court
       200 Derbigny Street
       Gretna La 70053

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1331 Defendant Watchtower Bible and Tract Society of New York, Inc., did, on the 25th day of June 2012, file a Notice of Removal of this action in the United States District Court for the Eastern District of Louisiana, a copy of which is attached, with the consents of properly joined defendants, and that this case shall proceed hereafter in the United States District Court for the Eastern District of Louisiana.

Dated: 25 June 2012.

                               By _____
                                   Ted M. Mitchell. Bar No. 20964
                                   3501 North Causeway Boulevard, Suite 300
                                   Metairie LA 70002-3618
                                   504-236-3966 – voice
                                   504-273-2220 – fax
                                   Attorney for Defendant

CERTIFICATE OF SERVICE

I have this date mailed a copy of the foregoing with copies of its attachments to counsel for Plaintiffs:

Tom W. Thornhill
Thornhill Law Firm, APLC
1308 Ninth Street
Slidell, Louisiana 70458

                                   _____

A TRUE COPY OF THE ORIGINAL
ON FILE IN THIS OFFICE.
_____
DEPUTY CLERK
24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON

Ex A
12 of 19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, | )<br>) |
| Plaintiff, | )<br>)   CIVIL ACTION<br>) |
| vs. | )   NO. _____<br>) |
| INTEGRO USA, INC., INTEGRO INSURANCE BROKERS CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR, KATHY VICTOR | )   SECTION _____<br>)<br>)   MAGISTRATE _____<br>)<br>)<br>)   CODED<br>)<br>) |
| Defendants. | ) |

NOTICE OF REMOVAL

Defendant Watchtower Bible and Tract Society of New York, Inc. ("Watchtower"), hereby removes to this Court the state court action described below.

1. On May 25, 2012, an action was commenced in the 24th Judicial District, District Court, Jefferson Parish, Louisiana, entitled RACHEL MADDOX AND SHANNON MADDOX, Plaintiffs, vs. INTEGRO USA, INC., d/b/a INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR AND KATHY VICTOR, Defendants, Case number 715276.

2. The earliest any defendant was served with and otherwise received any notice of Plaintiffs' citation and petition was on June 1, 2012, when the defendants Patrick and Kathy

Ex A
13 of 19

Case 2:12-cv-01641 Document 1 Filed 06/25/12 Page 2 of 4

Victor were served, along with Westwego Congregation of Jehovah's Witnesses, Inc. Watchtower was served and first received notice of Plaintiffs' citation and petition on June 11, 2012, on receipt of Plaintiff's certified mail directed to Watchtower. This Notice is timely.

3. A copy of all process, pleadings and orders served upon Watchtower in the state court action are attached hereto as Exhibit "A".

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because Plaintiffs allege that the defendants committed both negligence and gross negligence that resulted in the death of Plaintiffs' mother, Patsy Maddox.

5. Defendant is informed and believes that plaintiffs, Rachel Maddox and Shannon Maddox, were, and still are, citizens of the State of Louisiana. Watchtower was, at the time of the filing of this action, and still is, a citizen of the State of New York, being a corporation incorporated under the laws of the State of New York and having its principal place of business in the State of New York.

6. The petition herein also names as defendants Patrick and Kathy Victor (the "Victors") and the Westwego Congregation of Jehovah's Witnesses, Inc. ("Westwego Congregation"), all of whom are citizens of the same state as Plaintiffs. The citizenship of said defendants should be disregarded for purposes of determining jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441(b) on the ground that there is no possibility that Plaintiffs will be able to establish liability against said parties for the following reasons:

    a. Plaintiffs allege that their mother died after a fall at a convention of

Ex A
14 of 19

Jehovah's Witnesses held at a public arena located in Mobile, Alabama.

    b.    The Victors, as alleged, merely transported Patsy Maddox to the arena where she sustained the injuries that ultimately led to her death. The Victors were not responsible for the safety of Patsy Maddox, nor for the condition of the premises where she fell.

    c.    The Westwego Congregation, a Louisiana Corporation organized under the laws of the State of Louisiana for religious purposes, owns a church building in Westwego, Louisiana that houses the congregation of Jehovah's Witnesses that Patsy Maddox and the Victors all attended. The Westwego Congregation had nothing to do with Patsy Maddox' safety nor for the safety of anyone at the convention in question.

    d.    Thus, the three Louisiana defendants have been joined to this lawsuit merely for the purpose of attempting to defeat diversity of jurisdiction and not because any valid or ostensible cause of action might be sustained against them.

    7.    Another defendant, Integro USA, Inc., d/b/a Integro Insurance Brokers (improperly named as two entities, hereinafter referred to as "Integro"), is, as the name implies, an insurance broker that is a New York citizen, being incorporated and established under the laws of the State of New York, with its principal offices there. Integro has been sued erroneously since it has no possible liability to Plaintiffs in this lawsuit. Integro merely brokered a policy of insurance for Watchtower and the Christian Congregation of Jehovah's Witnesses, and has nothing to do with the conventions of Jehovah's Witnesses.

    8.    The only other defendant, Christian Congregation of Jehovah's Witnesses, is a New York corporation organized and existing under the laws of the State of New York, with its principal place of business in New York.

Ex A
15 of 19

WHEREFORE, defendant Watchtower Bible and Tract Society of Jehovah's Witnesses, Inc., prays that this action be removed to the United States District Court for the Eastern District of Louisiana.

DATED: June 25, 2012

                By /s/Ted M. Mitchell
                    Ted M. Mitchell   La. Bar 20964
                    3501 North Causeway Boulevard, Suite 300
                    Metairie LA 70002-3618
                    504-236-3966 – voice
                    504-273-2220 – fax
                    Attorney for Defendant

### CERTIFICATE OF SERVICE AND COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that a copy of the foregoing Notice of Removal has been placed in the United States Mail, with proper and sufficient postage affixed, addressed to:

Rachel Maddox and Shannon Maddox
through their attorneys of record
Tom W. Thornhill
Thornhill Law Firm, APLC
1308 Ninth Street
Slidell, Louisiana 70458

Jon A. Gegenheimer
Jefferson Parish Clerk of Court
Post Office Box 10
Gretna LA 70054-001090

Metairie Louisiana this 25th day of June 2012.

                    /s/ Ted M. Mitchell

Ex A
16 of 19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. _____ |
| ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE ) | SECTION _____ |
| BROKERS CHRISTIAN CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER ) | MAGISTRATE _____ |
| BIBLE AND TRACT SOCIETY OF NEW YORK, ) | |
| INC., WESTWEGO CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK ) | |
| VICTOR, KATHY VICTOR ) | |
| ) | |
| Defendants. ) | |

NOTICE OF REMOVAL TO FEDERAL COURT

TO:  Plaintiffs, Rachel Maddox, Shannon Maddox
and their Attorneys of Record:
Tom W. Thornhill
Thornhill Law Firm, APLC
1308 Ninth Street
Slidell, Louisiana 70458

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States District Court for the Eastern District of Louisiana on 25 June 2012.

A copy of said Notice and consents from properly joined defendants are attached.

Dated: 25 June 2012.

By /s/Ted M. Mitchell
Ted M. Mitchell    La. Bar 20964
3501 North Causeway Boulevard, Suite 300
Metairie LA 70002-3618
504-236-3966 – voice
504-273-2220 – fax
Attorney for Defendant

Ex A
17 of 19

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MADDOX, SHANNON MADDOX, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. _____ |
| | ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE | ) | SECTION _____ |
| BROKERS CHRISTIAN CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER | ) | MAGISTRATE _____ |
| BIBLE AND TRACT SOCIETY OF NEW YORK, | ) | |
| INC., WESTWEGO CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK | ) | |
| VICTOR, KATHY VICTOR | ) | |
| | ) | |
| Defendants. | ) | |

**CONSENT TO REMOVAL OF ACTION**

Defendant CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, a New York corporation organized and existing under the laws of the State of New York, hereby CONSENTS to and joins in Watchtower Bible and Tract Society of New York, Inc.'s Notice of Removal to this Court of the state court action described in said Notice of Removal as required by 28 U.S.C. §1446(b)(2)(A).

Dated: 25 June 2012.

                                            By /s/Ted M. Mitchell
                                            Ted M. Mitchell    La. Bar No. 20964
                                            3501 North Causeway Boulevard, Suite 300
                                            Metairie LA 70002-3618
                                            504-236-3966 – voice
                                            504-273-2220 – fax
                                            Attorney for Defendant

*Ex A 18 of 19* (handwritten)

Case 2:12-cv-01641  Document 2-2  Filed 06/25/12  Page 1 of 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. _____ |
| ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE ) | SECTION _____ |
| BROKERS CHRISTIAN CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER ) | MAGISTRATE _____ |
| BIBLE AND TRACT SOCIETY OF NEW YORK, ) | |
| INC., WESTWEGO CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK ) | |
| VICTOR, KATHY VICTOR ) | |
| ) | |
| Defendants. ) | |

### CONSENT TO REMOVAL OF ACTION

Defendant INTEGRO USA, INC., d/b/a INTEGRO INSURANCE BROKERS (improperly named as two entities), a New York Corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, hereby CONSENTS to and joins in Watchtower Bible and Tract Society of New York, Inc.'s Notice of Removal to this Court of the state court action described in said Notice of Removal as required by 28 U.S.C. §1446(b)(2)(A).

Dated: 25 June 2012.

By /s/Michael A. McGlone
Michael A. McGlone, Esq. (#9318)
Kean Miller
909 Poydras Street, Suite 1400
New Orleans, LA 70112
Telephone: (504) 585-3059
Fax: (504) 585-3051
Email: mike.mcglone@keanmiller.com
Attorneys for Defendant Integro USA, Inc.

Ex A
19 of 19