UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 12-1641 |
| ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE ) | SECTION "N" |
| BROKERS CHRISTIAN CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, ) | |
| INC., WESTWEGO CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK ) | |
| VICTOR, KATHY VICTOR ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO REMAND**

**MAY IT PLEASE THE COURT:**

Now come plaintiffs, RACHEL MADDOX and SHANNON MADDOX, in the civil action pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, No. 715-276, Div. "O," respectfully requesting that this Honorable Court remand this action to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana where Defendant, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK ("Watchtower"), clearly can not meet its heavy burden of proof to substantiate its claim, in its Notice of Removal [Rec. Doc. 1], of fraudulent joinder and/or its claim "that there is no possibility that Plaintiffs will be able to establish liability against" Defendants Patrick and Kathy Victor ("the Victors") and/or against the Westwego Congregation of Jehovah's Witnesses, Inc. ("WCJW").

## BACKGROUND

This is a state law wrongful death and survival action claim asserted by Plaintiffs, the children of the deceased, all of whom were/are Louisiana residents. Watchtower, a New York entity, has filed to remove the matter to this Court, not the Victors and/or WCJW, who are Louisiana residents and a Louisiana entity. There are no federal law/questions at issue on which federal jurisdiction could be based.

As to the Victors and WCJW, the following, pertinent assertions were made in Plaintiffs' state court Petition:

**"III.**

Patsy L. Maddox was a life long Jehovah's Witness on a local and national level who was solicited by the Jehovah's Witnesses to attend functions, make contributions, travel to conventions, and to regularly participate in the Jehovah's Witnesses through the Westwego Congregation of Jehovah's Witnesses, Inc. ("Westwego Congregation"), the Christian Congregation of Jehovah's Witnesses ("CCJW"), and Watchtower Bible and Tract Society of New York, Inc. ("Watchtower").

**V.**

The CCJW, Watchtower and Westwego work together as an integrated national organization with, and or for the benefit of, the defendants, as if one organization, with a clear and identifiable hierarchal, connected structure. CCJW, Watchtower and Westwego routinely solicit in Louisiana for attendance at such *District Conventions* locally and nationally, through which the attendance of Patsy L. Maddox and others similarly situated and/or in similar condition were solicited and/or promoted.

### VI.

CCJW and Westwego are intimately familiar with the necessary safety requirements for the elderly, infirm and disabled persons for *District Convention*. The defendant organizations receive the donations and/or benefit from longer term donations solicited during these large *District Conventions*.

### X.

At all material times, the defendants, Patrick Victor and Kathy Victor, members of the various Jehovah's Witnesses were encouraged to and did serve as two of the primary escorts of Patsy L. Maddox to this *District Convention,* just as on prior occasions, although the assistance may have been part of the religious commitment and service as Jehovah's Witnesses."

At minimum, as set out further below, under theories of *guarde*, agency, mandate, voluntary undertaking, and/or breach of duty of care owed to the deceased, Patsy Maddox, the Victors and/or WCJW, both Louisiana residents/entities, may be liable to Plaintiffs and, therefore, their citizenship may not be disregarded by this Court and this matter should be remanded to the 24th Judicial District Court, State of Louisiana.

### LAW AND ARGUMENT

It is the party who urges jurisdiction on the court (here, Watchtower) that bears the burden of demonstrating that the case is one that is properly before the federal tribunal. *B., Inc. v. Miller Brewing Co.*, 663 F. 2d 545, 549-550 (5th Cir. 1981). Further, any doubts about the propriety of removal are construed in favor of remand. *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The removal statute should be strictly construed against removal and all doubt should be resolved in

favor of remand. *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

As the removing party, Watchtower bears the heavy burden of demonstrating improper joinder. *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir.2003). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet '[improper]' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right." *Chesapeake & O.R. Co. v. Cockrell,* 232 U.S. 146, 152, 34 S.Ct. 278, 58 L.Ed. 544 (1914); *see also Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 574 (5th Cir.2004).

The law on removal and remand where there is an allegation of fraudulent joinder is clear. Specifically, where a party removes a state court action to Federal Court asserting diversity of citizenship, and the party seeking remand challenges the jurisdictional predicate for removal, the burden then falls squarely upon the removing party to establish its right to a Federal forum by 'competent proof'. *R.G. Barry Corp. v. Mushroom Makers, Inc.* 612 F.2d 651, 655 (2d Cir.1979). This is particularly true where the removing party seeks to oppose a motion to remand on a claim of fraudulent joinder. *American Mut. Liability Ins. Co. v. Flintkote Co.* 565 F.Supp. 843 (D.C.N.Y.1983). Proof of fraudulent joinder, however, requires a showing of bad faith, and "like any other allegation of fraud, must be pleaded with sufficient certainty to justify that joinder was a fraudulent device to prevent removal" and a mere allegation of fraudulent joinder is not sufficient. *Updike v. West* 172 F.2d 663, 665 (10th Cir. 1949), *cert. denied,* 337 U.S. 908, 69 S.Ct. 1050, 93 L.Ed. 1720 (1949); *See also B. Inc. v. Miller Brewing Co.* 663 F.2d 545, 549 (5th Cir.1981); *Macaluso v. Mondadori Publishing Co.* 527 F.Supp. 1017, 1019 (E.D.N.Y.1981); *Saylor v. General*

*Motors Corp*. 416 F.Supp. 1173, 1176 (E.D.Ky.1976).

Finally, "the burden of proving a fraudulent joinder is a heavy one," and is borne by the removing party. *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir.1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.,* 663 F.2d 545, 549 (5th Cir.1981); *see also Ross v. Citifinancial, Inc.,* 344 F.3d 458, 461 (5th Cir.2003). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility ... must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir.2002).

"[I]f there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find that the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts." *B, Inc.,* 663 F.2d at 550 (citations omitted).

In the instant matter, there simply has been no specifically plead allegation supporting a claim of fraudulent joinder, if so asserted by Watchtower, which would support removal, and thus this removal is improper on its face. Indeed, in the instant matter, and contrary to Watchtower's assertion in its Notice, Plaintiffs can indeed set out for the Court that there exists a reasonable basis to predict success against the Victors and/or WCJW. First, Watchtower mis-characterizes the assertions made

in Plaintiffs' Petition and the allegations against the Victors and WCJW. Contrary to the assertion in Watchtower's removal notice, Plaintiffs alleged against these Defendant more than "mere transportation" by the Victors of the deceased to the arena where she suffered injury and later death. Indeed, and as further established in the annexed Affidavit of Plaintiffs[1], and as requires the issuance of planned discovery to gain additional information (resulting in Watchtower's removal notice being premature), on information and belief, the Victors had on previous occasions escorted the deceased to similar Jehovah's Witness conventions, at the urging of WCJW, and had been compensated by the deceased for their efforts. Thus, there is alleged to have existed financial consideration for both the Victors and WCJW's voluntarty efforts at arranging and undertaking the planning, recruiting and/or escorting services for the deceased. See also *Brown v. Tesack*, 566 So.2d 955 (La. 1990) (stating that, if a person undertakes a task which he has no duty to perform, he nevertheless must perform the task in a reasonable and prudent manner and that negligent breach of a duty which has been voluntarily or gratuitously assumed may create civil liability).

Also based on this scenario, fraudulent joinder does not exist where such chaperons/escorts and the church with *guarde* are responsible for Ms. Maddox's safety, particularly because she was elderly, infirm and disabled, resulting in a higher standard of care for Defendants. Indeed, well-known tort law and concepts of custodianship or *guarde*, set out below, may well fit the factual scenario presented in the instant matter and serve to impose liability on the Victors and/or WCJW,

---

[1] See annexed Exhibit "A."

and thus remand is necessary.[2]

Liability under article 2317 "arises from the guardian's legal relationship to the thing whose defect creates an unreasonable risk of injury to others." *King v. Louviere,* 543 So.2d 1327, 1329 (La.1989). "The *guarde* is the obligation imposed by law on the proprietor of a thing, or on one who avails himself of it, to prevent it from causing harm to others." *Id.* "Under most circumstances ownership alone establishes the requisite benefit, control and authority to find *guarde*." *Doughty v. Insured Lloyds Insurance Co.,* 576 So.2d 461, 464 (La.1991) ("the civil code defines ownership as 'the right that confers on a person direct, immediate, and exclusive authority over a thing' "). However, this presumption is rebuttable, and non-owners can be found to have *guarde* under certain circumstances. To determine whether a person has *guarde* with regard to a thing, the Louisiana Supreme Court has stated: "The things in one's care are those things to which one bears such a relationship as to have the right of direction and control over them, and to draw some kind of benefit from them." *King,* 543 So.2d at 1329. Thus, the inquiry is two-fold. To determine whether a thing is in a person's custody or *guarde,* a court must look to "(1) whether the person bears such a relationship as to have the right of direction and control over the thing; and (2) what, if any, kind of benefit the person derives from the thing." *Dupree v. City of New Orleans,* 765 So.2d 1002, 1009

---

[2] After Watchtower's Notice of Removal was filed, and prior to allowing this Court to rule on the issue of remand, the Victors on July 2, 2012 filed a Rule 12(b)(6) Motion to Dismiss [Rec. Doc. 7]. Of course, if remand is ordered, said Motion to Dismiss is moot as this Court would not have jurisdiction to rule. However, putting that fact aside, the Victors' Motion to Dismiss is deficient in any event as clearly, under the facts alleged, accepted as true for purposes of said Motion, and the same arguments regarding their potential liability that are set forth herein, a viable claim against them has been stated.

Page -7-

(La.2000); *see also Giorgio v. Alliance Operating Corp.,* 921 So.2d 58, 73 (La.2006). Plainly, the Victors and/or the church can be said to have had direction and control over the planning and execution of Ms. Maddox's travel to and attendance at the event at issue. Also, the Victors were compensated for their undertaken efforts, and clearly the Jehovah's Witness church, on a local or national level or both, benefitted financially as well from her participation in that and other like events.[3]

## CONCLUSION

Clearly there exists a "possibility" that the Louisiana Defendants may be found liable to some degree in this matter. The totality of the foregoing considered, the citizenship of the Victors and/or WCJW, being the same as that of Plaintiffs, therefore can not be ignored and as complete diversity in this case does not exist, remand to the state action pending in the 24th Judicial District Court for the Parish of St. Jefferson, State of Louisiana is proper.

| CERTIFICATE OF SERVICE | Respectfully submitted,<br>THORNHILL LAW FIRM, L.C. |
|---|---|
| I hereby certify that on this 13th day of July, 2012, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.<br><br>/s/ Tom Thornhill<br>_____<br>**Tom W. Thornhill** | **/s/ Tom Thornhill**<br>_____<br>**TOM W. THORNHILL       #12776**<br>**MITCHELL A. PALMER    #28443**<br>**1308 Ninth Street**<br>**Slidell, Louisiana 70458**<br>**(985) 641-5010; (985) 641-5011 fax**<br>**Tom@thornhilllawfirm.com** |

---

[3] Also, the civilian concept of mandate may well apply to impose liability on the Victors and/or the WCJW. See LSA-CC art. 2989 *et seq*. With mandate also comes a duty to perform with "prudence and diligence." See LSA-CC art. 3001.