UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 12-1641 |
| ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE ) | SECTION "N" |
| BROKERS CHRISTIAN CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, ) | |
| INC., WESTWEGO CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK ) | |
| VICTOR, KATHY VICTOR ) | |
| Defendants. ) | |

**MEMORANDUM IN OPPOSITION
TO DEFENDANTS, PATRICK AND KATHY VICTORS' RULE
12(b)(6) MOTION TO DISMISS [REC. DOC. 7]**

      **NOW INTO COURT,** through undersigned counsel, come Plaintiffs, RACHEL MADDOX and SHANNON MADDOX, and herewith provides this brief Memorandum in Opposition to the Motion to Dismiss filed by defendants, Patrick and Kathy Victor ("the Victors") pursuant to Rule 12(b)(6).

**STANDARD**

      In a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to plaintiffs. *See Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir.1996); *American Waste &*

*Pollution Control Co. v. Browning-Ferris, Inc.,* 949 F.2d 1384, 1386 (5th Cir.1991). The Court will generally not look beyond the face of the pleadings to determine whether dismissal is warranted under Rule 12. Fed.R.Civ.P. 12(b); *Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir.1999) (consideration of documents outside the pleadings requires converting the motion to one for summary judgment).[1] The Court must resolve doubts as to the sufficiency of the claim in plaintiffs' favor. *Vulcan Materials Company v. City of Tehuacana,* 238 F.3d 382, 387 (5th Cir.2001). Dismissal is warranted if it appears certain that plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief. *Gen. Elec. Capital Corp. v. Posey,* 415 F.3d 391, 395 (5th Cir.2005). *See also Caruso v. Allstate Ins. Co.* 2007 WL 625830 (E.D.La. 2007).

## EFFECT OF PENDING MOTION TO REMAND OF PLAINTIFFS

In connection with Plaintiffs' pending remand motion [Rec. Doc. 19], filed July 13, 2012, this basis for Plaintiffs' opposition to the Victors' Motion to Dismiss is simple enough, i.e. it is premature for this Court to rule on any substantive issues (e.g. dismissal) in the case where this Court's jurisdiction has been questioned.[2] In other words, Plaintiffs argue that, where the case for remand based on jurisdictional infirmity has been raised, the Victors' Motion to Dismiss must be

---

[1] In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings and must accept all well-pleaded facts as true, viewing those facts most favorably to the plaintiff." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). A dismissal will not be affirmed if the allegations support relief on **any possible theory**. *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994).

[2] The Victors' Motion to Dismiss is presently noticed to be heard by this Court on July 25, 2012. Undersigned counsel requested that counsel for the Victors consent to continuing hearing on said Motion until this Court decided the pending issue of remand, however, opposing counsel would not agree to said continuance.

deferred in consideration of the remand motion, and, if jurisdiction be found lacking and the case remanded, must be denied or rendered as moot.

The law in similar cases is clear. A very similar situation to the present one existed in *Audio Visual Mart, Inc. v. Telesensory Corp.*, 1996 WL 495151 (E.D.La. 1996), where there was pending defendant's motion to dismiss after the case had been removed and plaintiff's motion to remand after filing of defendant's dismissal motion. The Court reasoned: "In its remand motion, plaintiff raised the issue of whether the requisite amount in controversy exists to support diversity jurisdiction, the sole basis for federal jurisdiction in this action. Since the Court's subject matter jurisdiction has been questioned, **the Court must consider the motion to remand first**." *Id*. at *1. (Emphasis supplied). See also *Greco v. Hingle*, 2000 WL 1772654 (E.D.La. 2000) (stating that since the motion to dismiss at issued reached "the merits of the case, not [a question of] personal jurisdiction," the remand motion was to be decided first."); *Dwyer v. Ligon Specialized Haulers*, 542 F. Supp. 638, 642 (M.D.La. 1982) (finding that decision of whether the requisite jurisdictional amount is lacking must precede ruling on other pending motions stating that in similar cases "the judgment of the court ordered remand only without ruling on any pending motions to dismiss or for summary judgment.")

In the instant matter, it is clear that Plaintiffs' Motion to Remand must be considered and ruled on before the Victors' dismissal motion can be considered and, once remand be ordered, the Victors' Motion to Dismiss filed before this Court should be denied and/or ordered as moot.

## **BRIEF BACKGROUND**

Putting the above aside for a moment, and in response to the deficient substance of the Victors' Motion to Dismiss, we see that this is a state law wrongful death and survival action claim

asserted by Plaintiffs, the children of the deceased. As to the Victors, the following, pertinent assertions, assumed as true for purposes of a FRCP 12 dismissal motion, were made in Plaintiffs' state court Petition:

**"III.**

Patsy L. Maddox was a life long Jehovah's Witness on a local and national level who was solicited by the Jehovah's Witnesses to attend functions, make contributions, travel to conventions, and to regularly participate in the Jehovah's Witnesses through the Westwego Congregation of Jehovah's Witnesses, Inc. ("Westwego Congregation"), the Christian Congregation of Jehovah's Witnesses ("CCJW"), and Watchtower Bible and Tract Society of New York, Inc. ("Watchtower").

**V.**

The CCJW, Watchtower and Westwego work together as an integrated national organization with, and or for the benefit of, the defendants, as if one organization, with a clear and identifiable hierarchal, connected structure. CCJW, Watchtower and Westwego routinely solicit in Louisiana for attendance at such *District Conventions* locally and nationally, through which the attendance of Patsy L. Maddox and others similarly situated and/or in similar condition were solicited and/or promoted.

**VI.**

CCJW and Westwego are intimately familiar with the necessary safety requirements for the elderly, infirm and disabled persons for *District Convention*. The defendant organizations receive the donations and/or benefit from longer term donations solicited during these large *District Conventions*.

**X.**

At all material times, the defendants, Patrick Victor and Kathy Victor, members of the various Jehovah's Witnesses were encouraged to and did serve as two of the primary escorts of Patsy L. Maddox to this *District Convention,* just as on prior occasions, although the assistance may have been part of the religious commitment and service as Jehovah's Witnesses."

**LAW AND ARGUMENT**

At minimum, and as set out further below, under theories of *guarde*, agency, mandate, voluntary underaking and/or breach of duty of care owed to the deceased, Patsy Maddox, the Victors may well be liable to Plaintiffs. The pertinent law recited further below, and the annexed Affidavit of Plaintiffs (Exhibit "A"), disputes and contests each and every one of the below unsupported and conclusory assertions, made in the Victors' Motion, which must therefore be denied:

- "Movants merely attended the convention with Plaintiffs' mother."

- "Plaintiffs assert numerous theories of liability, none of which involve these Movants."

- "None of the foregoing assertions of negligence, gross negligence, breach of statutes or violations of constitutional provisions apply to Movants."

- "**I. No Legal or Factual Relationship Existed Between Patsy Maddox and Movants That Would Create a Special Duty of Care**"

- Similarly, here, Plaintiffs fail to demonstrate a relationship in fact or law between Patsy Maddox and the Victors that would give rise to a legal duty on their part to take specific action to protect Mrs. Maddox."

- "....the Victors owed Patsy Maddox no special duty of care."

Indeed, and as further established in the annexed Affidavit, and as requires the issuance of planned discovery to gain additional information (resulting in the Victors' Motion again being premature), on information and belief, the Victors had on previous occasions escorted the deceased to similar Jehovah's Witness conventions, at the urging of WCJW and others, and had been compensated in various forms by the deceased for their efforts. Thus, there is alleged to have existed financial consideration for both the Victors voluntary efforts at arranging and undertaking the planning, recruiting and/or escorting services for the deceased. See also *Brown v. Tesack*, 566 So.2d 955 (La. 1990) (stating that, if a person undertakes a task which he has no duty to perform, he nevertheless *must perform the task in a reasonable and prudent manner and that negligent breach of a duty which has been voluntarily or gratuitously assumed may create civil liability*).

Also based on this scenario, where such chaperons/escorts with *guarde* are responsible for Ms. Maddox's safety, particularly because she was elderly, infirm and disabled, there resula in a higher standard of care owed by Defendants, including the Victors. Indeed, well-known tort law and concepts of custodianship or *guarde*, set out below, may well fit the factual scenario presented in the instant matter and serve to impose liability on the Victors, thus necessitating denial of the instant Motion.

Liability under article 2317 "arises from the guardian's legal relationship to the thing whose defect creates an unreasonable risk of injury to others." *King v. Louviere,* 543 So.2d 1327, 1329 (La.1989). "The *guarde* is the obligation imposed by law on the proprietor of a thing, or on one who avails himself of it, to prevent it from causing harm to others." *Id.* "Under most circumstances

ownership alone establishes the requisite benefit, control and authority to find *guarde*." *Doughty v. Insured Lloyds Insurance Co.,* 576 So.2d 461, 464 (La.1991) ("the civil code defines ownership as 'the right that confers on a person direct, immediate, and exclusive authority over a thing' "). However, this presumption is rebuttable, and non-owners can be found to have *guarde* under certain circumstances. To determine whether a person has *guarde* with regard to a thing, the Louisiana Supreme Court has stated: "The things in one's care are those things to which one bears such a relationship as to have the right of direction and control over them, and to draw some kind of benefit from them." *King,* 543 So.2d at 1329. Thus, the inquiry is two-fold. To determine whether a thing is in a person's custody or *guarde,* a court must look to "(1) whether the person bears such a relationship as to have the right of direction and control over the thing; and (2) what, if any, kind of benefit the person derives from the thing." *Dupree v. City of New Orleans,* 765 So.2d 1002, 1009 (La.2000); *see also Giorgio v. Alliance Operating Corp.,* 921 So.2d 58, 73 (La.2006).

      Plainly, the Plaintiffs' Motion alleges and it can be argued that the Victors had direction and control over the planning and execution of Ms. Maddox's travel to and attendance at the event at issue.  Also, the Victors were said to have been compensated financially for their undertaken efforts, and clearly the Jehovah's Witness church, on a local or national level or both, as well as the Victors via their increased standing in the church for their efforts, benefitted as well from the deceased's participation in the event in question.[3]  But for the act of escort provided by the Victors, Patsy Maddox would not have attended the convention were she suffered fatal injuries

---

[3]

Also, the civilian concept of mandate may well apply to impose liability on the Victors. See LSA-CC art. 2989 *et seq*. With mandate also comes a duty to perform with "prudence and diligence." See LSA-CC art. 3001.

## CONCLUSION

Clearly, Plaintiffs have articulated viable theories of liability against the Victors. Thus, in light of these viable theories, the Victors can not meet the heavy burden to demonstrate entitlement to FRCP 12(b)(6) relief and their Motion to Dismiss should therefore be denied.

**Respectfully submitted,**

**THORNHILL LAW FIRM, L.C.**

**/s/ Tom Thornhill**

_____
**TOM W. THORNHILL          #12776**
**MITCHELL A. PALMER        #28443**
**1308 Ninth Street**
**Slidell, Louisiana 70458**
**(985) 641-5010; (985) 641-5011 fax**
**Tom@thornhilllawfirm.com**

---

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of July, 2012, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Tom Thornhill
_____
**Tom W. Thornhill**