UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MADDOX, SHANNON MADDOX, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 12-1641 |
| | ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE | ) | SECTION "N" |
| BROKERS CHRISTIAN CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER | ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, | ) | |
| INC., WESTWEGO CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK | ) | |
| VICTOR, KATHY VICTOR | ) | |
| | ) | |
| Defendants. | ) | |

OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT

Defendants Christian Congregation of Jehovah's Witnesses, Inc. ("Christian Congregation") and Watchtower Bible and Tract Society of New York, Inc. ("Watchtower") oppose the Motion for Leave to Amend the Complaint to add Old Republic Insurance Company as a defendant under the Louisiana Direct Action Statute, La. R.S. 22:1269, because Plaintiffs are in the wrong venue for the application of that statute.

This Honorable Court in *Authenment v. Ingram Barge Company et al.*, CA No. 10-2107 §"H"(4) stated that

> Louisiana's direct-action statute allows an injured person to bring suit directly against the insurer of an insolvent insured and provides that:
> > any action brought under provisions of this Section shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy are not in violation of the laws of this state.
>
> La. Rev. Stat. Ann. § 22:1269 (2012). The Louisiana Supreme Court has held that "[t]he direct action statute does not create an independent cause of action against the insurer, it merely grants a procedural right of action against the insurer where

1

> the plaintiff has a substantive cause of action against the insured." *Todd*, 2011 WL 1226464, at *6 (quoting *Descant v. Admin. of Tulane Educ. Fund*, 639 So. 2d 246, 249 (La. 1994)). As a result, a plaintiff suing under Louisiana's direct action statute does not have an independent cause of action against the insurer. *Id*. Instead, a direct action plaintiff "merely stands in the shoes of [the insured] and is bound by the terms of its policy with [the insured]—provided the conditions of the policy do not violate Louisiana law." *Id*.

*Authenment* pages 13-14.

In this case, there is no question of solvency. The Plaintiffs merely choose to sue the defendant corporations and their insurance carrier. Under this scenario, they must bring the suit in the court of proper venue. La.R.S. 22:1269(B)(1).[1]

> The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only.

*Id.* Accordingly, the only parish in which the direct action raised in the Amended Complaint could be brought would be "*the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only*" because the injuries occurred in Alabama.

Article 42 of the Louisiana Code of Civil Procedure provides at paragraph 4

> A foreign corporation or foreign limited liability company licensed to do business in this state shall be brought in the parish where its principal business establishment is located as designated in its application to do business in the state, or, if no such designation is made, then in the parish where its primary place of business in the state is located.

La. Code Civ. Pro. art. 42(4).

Attached hereto is a copy of the Secretary of State's report for Christian Congregation. It

---

[1] 22:1269(B)(1)(a)-(f) apply to situations when the carrier alone can be sued, but none of them exist in this case.

is a foreign corporation having its principal business establishment in Baton Rouge, Louisiana. Watchtower is a foreign corporation not registered to do business, which was served by long-arm service of process.

Paragraph 5 of Article 42 states that for a non-registered foreign corporation the action "shall be brought in the parish of the plaintiff's domicile or in a parish where the process may be, and subsequently is, served on the defendant," which in this case was Jefferson Parish. La. Code Civ. Pro. art. 42(7).

Paragraph 7 of Article 42 states succinctly that an action against "[a] foreign or alien insurer shall be brought in the parish of East Baton Rouge." La. Code Civ. Pro. art. 42(7).

Plaintiffs sued the defendants along with local defendants in Jefferson Parish in the Twenty-fourth Judicial District Court from which court Watchtower removed the case to this Hnorable Federal Court. This Court denied the Motion to Remand by Plaintiffs, and dismissed the local defendants, finding that perfect diversity existed when the improperly joined defendants were dismissed.

Now that proper joinder has been established, Plaintiffs have chosen to add a new defendant, the foreign corporate defendants' foreign insurer. The only venue for direct action against that insurer is in East Baton Rouge Parish, but Plaintiffs chose Jefferson Parish, which choice inevitably led them to the United States District Court for the Eastern District of Louisiana. There is no provision in La.R.S. 22:1269 for direct action under the scenario that Plaintiff's venue choices have created for them.

As this Court stated above in *Authenment*, the direct-action statute merely creates a procedural right of action. If the Plaintiffs do not avail themselves of that right, the courts are not to supply it for them, especially when there are none of the policy concerns that motivated the legislature to provide for direct action against insurers. *See* La.R.S. 22:1269(B)(1)(b)

3

(insolvency of insured)

## CONCLUSION

For all the foregoing reasons, the Motion for Leave to Amend the Complaint adding Old Republic Insurance Company should be denied.

Respectfully submitted,
By /s/Ted M. Mitchell
Ted M. Mitchell     La. Bar No. 20964
3501 North Causeway Boulevard, Suite 300
Metairie LA 70002-3618
504-236-3966 – voice
504-273-2220 – fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 8th day of October 2012 and notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system or by mail.

/s/Ted M. Mitchell