UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MADDOX, SHANNON MADDOX,<br><br>Plaintiff,<br><br><br><br>vs.<br><br>INTEGRO USA, INC., INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR, KATHY VICTOR<br>Defendants. | ) | CIVIL ACTION<br><br>NO. 12-1641<br><br>SECTION "N"<br><br>MAGISTRATE (1) |

**MEMORANDUM IN REPLY TO**
**OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT**

MAY IT PLEASE THE COURT

Plaintiffs, Rachel Maddox and Shannon Maddox, hereby file this brief reply memorandum to address the arguments set forth in the Opposition to Motion for Leave to Amend Complaint (Rec. Doc. 30) filed by Defendants Christian Congregation of Jehovah's Witnesses, Inc., ("Christian Congregation") and Watchtower Bible and Tract Society of New York, Inc. ("Watchtower"). For the reasons set forth below, this Court should grant Plaintiffs' Motion for Leave to Amend Complaint to add the insurer of these defendants.

First and foremost, Defendants' opposition is based on an erroneous argument that this Court is not a proper venue in which the proposed defendant, Old Republic Insurance Company ("Old

Republic"), can be sued. However, an opposition to a motion for leave to amend is not an appropriate procedural vehicle in which to set forth an argument of improper venue. Instead, that contention should be made in a Rule 12 motion following amendment. Nonetheless, Plaintiffs will briefly address the merits, or lack thereof, of Defendants' opposition should this Court consider same.

The Federal Rules of Civil Procedure provide that leave to amend a complaint should be "freely" granted. F.R.C.P. 15(a)(2). Thus, a district court should "freely give leave" to amend a complaint "when justice so requires." *U.S. ex rel. Steury v. Cardinal Health, Inc.,* 625 F.3d 262, 270 (5th Cir. 2010) (citing F.R.C.P. 15(a)(2)). This must be kept in mind as the Court considers Plaintiffs' Motion for Leave to Amend.

Defendants argue that Old Republic could not have been sued in the 24th Judicial District Court for the Parish of Jefferson, the venue in which Plaintiffs originally filed suit, and therefore, venue in this Court is improper as to Old Republic. Defendants' position is based on a flawed reading of Louisiana's Direct Action Statute, La. R.S. 22:1269, which provides that a direct action against an insurer can be brought "against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred **or** in the parish in which an action could be brought against **either** the insured **or** the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only . . . ." (emphasis added). In other words, Plaintiffs could have sued Old Republic and its insureds in the parish in which the injuries occurred or in a parish in which **either** Old Republic **or** its insureds could have been sued.

Defendants have admitted that pursuant to Code of Civil Procedure article 42(5), Jefferson Parish, the parish of Plaintiffs' domicile, was a proper venue in which to sue Watchtower.[1] Hence, according to a plain reading of the Direct Action Statute, Jefferson Parish is a proper parish in which Watchtower's insurer, Old Republic, can be sued.

Should additional convincing be needed, however, the Louisiana Supreme Court has addressed this exact situation. In *Green v. Auto Club Group Ins. Co.*, 2008-2868 (La. 10/28/09), 24 So. 3d 182, 183, the court considered whether venue was proper in the parish of plaintiff's domicile in a direct action lawsuit brought against a nonresident tortfeasor and her foreign liability insurer. The court answered in the affirmative and explained as follows:

> Because the insured in this case did not "appoint" an agent for service of process, La. C.C.P. art. 42(5) applies and allows suit to be brought against the insured in the parish of plaintiff's domicile, which it was in this case. Pursuant to La. R.S. 22:1269, suit can be brought where venue is proper for **either** the insurer or the insured under La. C.C.P. art. 42 only; therefore, as venue was proper for the insured, it was also proper for the insurer.

*Id.* at 185 (emphasis in original).

It should be patently obvious, then, that Old Republic could have been sued in Jefferson Parish. As such, pursuant to 28 U.S.C. §1441(a) and Defendants' removal of the Jefferson Parish lawsuit, this Court is a proper venue in which Old Republic can now be sued.

Accordingly, for all the above reasons, this Court should grant Plaintiffs' Motion for Leave to Amend Complaint and allow it to add Old Republic Insurance Company as a defendant herein.

[1] Opposition, p. 3.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October, 2012, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system. Any manual recipients will receive a copy of the foregoing pleading by First Class United States Mail.

*/s/ Tom Thornhill*

__________________________

**Tom W. Thornhill**

**Respectfully submitted,**

**THORNHILL LAW FIRM, A PLC**

**/s/ Tom Thornhill**

____________________________________

**TOM W. THORNHILL #12776**
**1308 Ninth Street**
**Slidell, Louisiana 70458**
**(985) 641-5010**
**(985) 641-5011 fax**
**tom@thornhilllawfirm.com**