# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**RACHEL MADDOX, et al**                              **CIVIL ACTION**

**VERSUS**                                             **NO: 12-1641-KDE-SS**

**INTEGRO USA, INC., et al**

## ORDER

PLAINTIFFS' MOTION FOR LEAVE TO AMEND (Rec. doc. 28)

**GRANTED**

        The accident at issue occurred in Atlanta. The plaintiffs, Rachel and Shannon Maddox, filed a petition in state court in their domicile, the Parish of Jefferson. It was removed to federal court. The motion of the Louisiana defendants to dismiss was granted and the motion of the plaintiffs to remand was denied. There is complete diversity. Rec. doc. 26 at 11.

        The plaintiffs filed a motion to amend to add Republic Insurance Company ("Republic") under the Louisiana Direct Action Statute as the insurer for the two remaining defendants, Christian Congregation of Jehovah's Witnesses, Inc. ("CCJW") and Watchtower Bible and Tract Society of New York, Inc. ("WBTS"). Rec. doc. 28.[1] CCJW is a foreign corporation with its principal place of business in Baton Rouge. WBTS is a foreign corporation not registered to do business in Louisiana. It was served under the Louisiana Long-Arm Statute.

        Republic opposes the motion on the ground that venue is not proper under the Louisiana

---

[1] The plaintiffs filed an *ex parte* motion to dismiss Integro USA, Inc. d/b/a Integro Insurance Brokers ("Integro"). Rec. doc. 29. Integro also moved for summary judgment on the ground that is not the insurer of CCJW or WBTS. Rec. doc. 37.

Direct Action Statute, La. R.S. 22:1269.  Pursuant to Section 1269 and Louisiana Code of Civil Procedure Article 42(7), it contends that the only venue for a direct action is East Baton Rouge Parish.  Article 42(7) provides that an action against a "foreign or alien insurer shall be brought in the parish of East Baton Rouge."  Id.

Section 1269B(1) provides, in part, that a direct action may be brought:

> Against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only. . . .

La. R.S. 22:1269B(1).

Article 42(5) provides that a foreign corporation not licenced to do business in the state, like WBTS, shall be brought in a parish where process may be served.  Republic agrees that as to WBTS, the venue was proper in Jefferson Parish.  Rec. doc. 30 at 3.  Pursuant to Section 1269(B)(1), the plaintiffs could sue Republic in Jefferson Parish, a parish in which WBTS, Republic's insured, could be sued.  The plaintiffs were not required to sue Republic in East Baton Rouge Parish.

Pursuant to Fed. R. Civ. P. 15(a), leave to amend should be freely given when justice so requires.  A scheduling order has not been issued, so the motion to amend is timely.

IT IS ORDERED that the plaintiffs' motion for leave to amend (Rec. doc. 28) is GRANTED.

New Orleans, Louisiana, this 17th day of October, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　**SALLY SHUSHAN**
　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**