UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MADDOX, SHANNON MADDOX, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 12-1641 |
| | ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE | ) | SECTION "N" |
| BROKERS CHRISTIAN CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER | ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, | ) | |
| INC., WESTWEGO CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK | ) | |
| VICTOR, KATHY VICTOR | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER OF
OLD REPUBLIC INSURANCE COMPANY TO THE
FIRST SUPPLEMENTAL AND AMENDED COMPLAINT

Defendant Old Republic Insurance Company ("Old Republic") answers Plaintiffs Petition filed in state court and subsequently removed to this Court ("Petition"), as amended by adding Old Republic as a defendant, to wit:

1. Old Republic avers that the allegations in Paragraph I(b), (c), (d), (e), and (f) require no answer from it. With regard to the allegations in Paragraph I(a), Old Republic states that the Court's dismissal of Integro USA, Inc. ("Integro"), subsequent to the First Supplemental and Amended Complaint in which Old Republic is added as a defendant in Paragraph I(a), in effect, substitutes Old Republic for Integro. Further answering, Old Republic admits that it issued a policy of insurance covering defendants Christian Congregation of Jehovah's Witnesses, Inc. (Christian Congregation) and Watchtower Bible and Tract Society of New York, Inc. (Watchtower), which policy of insurance is the best evidence of its contents and the obligations

1

created thereby. Old Republic admits that it is an admitted carrier in Louisiana and that the Louisiana Secretary of State is its agent for service of process. Old Republic denies Plaintiffs' allegation that it "stands in the shoes" of the defendants and denies all other allegations of the Paragraph I(a) to the extent it seeks to impose any other obligation other than those obligations for which Old Republic has contracted in its policy of insurance with Christian Congregation and Watchtower.  To the extent any other statement in Paragraph I alleges anything about Old Republic, it is denied.

2. Old Republic denies personal knowledge of the allegations in Paragraph II regarding the relationship between Patsy Maddox and the Plaintiffs, the date of Patsy Maddox' death or the hospital where she treated, and therefore must deny the allegations.  Old Republic denies the general allegations of negligence and gross negligence on the part of all defendants; denies that Patsy Maddox was entitled to any damages, and denies any other allegation the paragraph may include about Old Republic.

3. Old Republic denies Paragraphs III - XXVIII in their entirety for a lack of any knowledge whatsoever about the facts alleged therein, or because they make conclusions or demands for relief.

## ANSWERING IN THE AFFIRMATIVE

4. Old Republic has nothing to do with the activities of its policy holders other than to indemnify them once liability is shown by a judgment or otherwise and to adjust claims made against them in good faith.

5. Old Republic has been sued herein under the Louisiana Direct Action Statute, and as such has no liability on the facts alleged other than through its policy of insurance.

6. Old Republic pleads the limitations in its insurance policy and reserves all rights contained therein.

7. Old Republic avers that Plaintiffs have not pleaded facts upon which relief can be granted against any of the defendants.

8. Old Republic avers that Alabama law applies to the facts alleged in the Petition.

9. Old Republic avers that under Alabama law, Plaintiffs are not the proper parties.

10. Old Republic avers that under Alabama law, Plaintiffs are subject to a higher burden of proof than a preponderance of the evidence, if they are proper parties.

11. Old Republic avers that under Alabama law. Plaintiffs have not alleged facts upon which relief can be granted.

WHEREFORE, Old Republic suggests that this Answer be deemed good and sufficient; that after due proceedings are had, a judgment be rendered in its favor dismissing the claims made by Plaintiffs Rachel Maddox and Shannon Maddox, that they be cast in judgment for all costs associated herewith, and for any other relief the Court deems appropriate on the premises and the law.

Dated: 6 November 2012.

    Respectfully submitted,
    By /s/Ted M. Mitchell
    Ted M. Mitchell    La. Bar No. 20964
    2955 Ridgelake Drive, Suite 207
    Metairie LA 70002
    504-236-3966 – voice
    504-273-2220 – fax

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 6th day of November 2012 and notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system or by mail.

/s/Ted M. Mitchell

3