UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RACHEL MADDOX, ET AL                        CIVIL ACTION

VERSUS                                       NO: 12-1641

INTEGRO USA, INC., ET AL                     SECTION: "N" (1)

# O R D E R

A Preliminary Conference was held by telephone on **November 7, 2012** before Case Manager, Cherie Stouder. Participating were:

**For Plaintiff:**
**Tommy Thornhill**

**For Defendants:**
**Ted Mitchell**


Pleadings have been completed. Jurisdiction and venue are not established. The parties are to file any motions directed at either the question of jurisdiction or venue on a date permitting such motions to be heard no later than January 14, 2013.

**ALL COUNSEL ARE RESPONSIBLE FOR READING, UNDERSTANDING, FOLLOWING, AND COMPLYING WITH EACH OF THE PROVISIONS HEREAFTER:**

1.  **Appearances:**

    A.  **All** attorneys listed as counsel of record shall, at all times, be informed and conversant about the case, and have authority to discuss this matter with the Court. Counsel are instructed to include their fax numbers and email addresses on any documents that are filed with this Court.

1

    B.    All communication with Court staff is equivalent to communication directly with the undersigned, and shall be courteous and professional. Any conduct toward Court staff in deviation of this standard shall be promptly reported to the undersigned.

    C.    An attorney who appears at a conference or hearing shall

        (1)    be completely familiar with the case,

        (2)    have authority to bind the client, and

        (3)    be in charge for that appearance, without reservation.

    D.    If out-of-town counsel wishes to appear at a conference by telephone, a written request, including the attorney's direct telephone number, should be made to chambers (via Susan Adams) as far as reasonably possible before the date of the conference or hearing. If otherwise appropriate, the Court will attempt to accommodate such requests.

    E.    Counsel will notify the Case Manager **immediately** of the resolution of any matter that is set for conference, hearing, or trial.

**2.** **Motions:**

All pre-trial motions, including dispositive motions, shall be **filed** and **served** in sufficient time, pursuant to Local Rule 7.2, to permit **submission date** thereon no later than **MAY 30, 2013 (60 days prior to the Trial date)**. The Court's regular submission dates are set forth on the Court's website. Any motions filed in violation of this order shall be deemed waived unless good cause is shown. Dispositive motions filed after this date, even pursuant to an extension or with leave of court, will likely be referred to trial due to time constraints. Trial will **not** be continued due to pending motions submitted after this date.

Requests for oral argument shall be submitted and handled in accordance with Local Rule 78.1E.

Motions shall conform to the following:

    A.    The Court requires concise, pertinent, and well-organized briefs and memoranda of law. Without leave of court, any original or initial opposition

brief or memorandum shall be limited to 25 pages, excluding exhibits.

B. Any reply or other supplemental memorandum shall be limited to ten (10) pages, pursuant to Local Rule 7.7, and must be accompanied by a motion for leave to file.

C. Any brief or memorandum that has more than 10 pages must contain all items listed below. Briefs and memoranda that are 10 pages or less must contain items (3), (4), (6), and (7) listed below.

(1) A table of contents setting forth the page number of each section, including all headings designated in the body of the brief or memorandum.

(2) A table of citations of cases, statutes, rules, textbooks, and other authorities, alphabetically arranged. All citations to United States Supreme Court cases should include a citation to the United States Supreme Court Reporter.

(3) A short statement of the nature and stage of the proceeding.

(4) A statement of the issues to be ruled upon by the Court and, with respect to each issue, a short statement, supported by authority, of the standard of review.

(5) A short summary of the argument.

(6) The argument shall be divided under appropriate headings succinctly setting forth separate points.

(7) A short conclusion stating the precise relief sought.

D. If a party cites legal authority not found in the United States Code, Supreme Court Reporter, Federal Reporter, Federal Rules Decisions, Federal Supplement, Southern Reporter, West's Louisiana Revised Statutes and Codes Annotated, or Westlaw, the relevant parts of such authority must be submitted as an exhibit. If the authority is a case, the entire case must be included.

A party who submits more than five exhibits shall include a table of contents describing each exhibit and listing the tab where it is located. <u>All exhibits submitted to chambers as a hard copy in support of a motion, brief, or</u>

<u>memorandum must be tabbed at the right margin</u>. Exhibits shall not be submitted *in globo*; multi-page exhibits shall be numbered on each page for reference. All citations to an exhibit must refer to the letter or number of its tab.

<u>Citations to deposition or affidavit testimony must include the appropriate page, line or paragraph numbers. Citations to other documents or materials with three or more pages must include some sort of pinpoint citation</u>. For example, a contract may be cited by section number, an employee handbook may be cited by page number, and a document without internal divisions may be Bates-stamped or otherwise marked and cited accordingly.

E. All motions in limine shall be filed no later than the day the Pre-Trial Order is due, and shall conform to the provisions set forth hereinabove.

3. **Disclosures:**

Counsel shall complete all disclosure of information as follows:

Initial disclosures pursuant to Fed.R.Civ. P. 26(a)(1) must be exchanged no later than November 21, 2012.

4. **Discovery:**

This case does not involve extensive documentary evidence, depositions, or other discovery.

Depositions for use at trial shall be taken and all discovery shall be completed no later than **MAY 30, 2013** (**60 days prior to the Trial Date)**.

All discovery disputes shall be promptly brought before the assigned magistrate judge to ensure that discovery may be completed within this deadline. Trial will **not** be continued because of unresolved discovery disputes.

5. **Amendments:**

Amendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than **DECEMBER 7, 2012 (30 days from the date of the Preliminary Conference]**, in

accordance with the Federal Rules of Civil Procedure and Local Rule 7.6.

Counsel adding new parties subsequent to the issuance of this Order shall provide each new party with a copy of it. Pleadings responsive thereto, when required, shall be filed within the applicable delays afforded by law, unless otherwise ordered.

**6.      Experts:**

Written reports of experts, as defined by Fed.R.Civ. P. 26(a)(2)(B), who may be witnesses for plaintiff (or in support of an asserted claim by any party) shall be obtained and delivered to counsel for defendant as soon as possible, but in no event later than **MARCH 20, 2013** (**120 days prior to Final Pre-Trial Conference Date)**. The reports must fully set forth all matters about which the expert will testify and the basis therefor.

Written reports of experts, as defined by Fed.R.Civ. P. 26(a)(2)(B), who may be witnesses for defendant (or in defense of a claim asserted by any party) shall be obtained and delivered to counsel for plaintiff as soon as possible, but in no event later than **APRIL 19, 2013** (**90 days prior to Final Pre-Trial Conference Date)**. The reports must fully set forth all matters about which the expert will testify and the basis therefor.

**7.      Witnesses and Exhibits:**

Counsel for the parties are ordered to file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial, and all exhibits that may or will be used at trial no later than **APRIL 19, 2013** (**90 days prior to Final Pre-Trial Conference Date)**.

Except by order issued on motion for good cause shown, the Court will not permit any witness, expert or fact, to testify, or any exhibits to be used, unless there has been compliance with this Order as it pertains to the witness and/or exhibits.

**8.      Final Pre-Trial Conference:**

A final Pre-Trial Conference will be held in chambers before the undersigned on **THURSDAY, JULY 18, 2013 at 9:30 AM .**

The Final Pre-Trial Conference must be attended **in person** by the attorneys who will try the case, unless, prior to the Conference, the Court grants permission for other counsel to attend. Counsel must be prepared to discuss this case in detail, as set forth in paragraph 1. Attendance by clients/client representatives is prohibited, unless specifically ordered by the Court.

A joint proposed Pre-Trial Order must be submitted to chambers electronically or by-hand no later than 4:00 p.m. on **JULY 16, 2013 (2 days prior to the PTC)**.  If submitted electronically, the joint proposed Pre-Trial Order shall be emailed to eFile-Engelhardt@laed.uscourts.gov, with a copy to the assigned law clerk.  The joint proposed Pre-Trial Order submitted to the Court must be double spaced, paginated, and signed by all counsel.  It shall be in the precise form set forth in the attached "Pre-Trial Order Instructions."

Final Pre-Trial Conferences will <u>not</u> be continued except for good cause shown in a **written** motion presented sufficiently in advance of the Conference for opposing counsel to be notified.

Failure on the part of counsel to appear at the Conference may result in **sanctions**, including but not limited to *sua sponte* dismissal of the suit, assessment of costs and attorney fees, entry of default judgment, or other appropriate sanctions.

9. **Trial:**

Trial will commence on/or during the week beginning **MONDAY, JULY 29, 2013** at **8:30 AM** before the District Judge without a jury.  Except when Monday is a holiday or as otherwise ordered by the Court, trial will commence on Monday.  Attorneys are instructed to report for trial no later than 30 minutes prior to the scheduled commencement time.  The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling.  Trial is estimated to last five days.

      A.    **Hours:**  The Court's hours during trial will vary depending upon the type of case and the needs of the parties, counsel, witnesses, and the Court.  Court will normally convene at 8:30 a.m. and adjourn by 5:00 p.m., recessing for lunch between approximately 11:45 a.m. and 1:00 p.m.

      B.    **Access at Other Times:**  Counsel needing access to the courtroom to set up equipment or exhibits before or after normal hours of court must arrange in advance with the Case Manager to have the courtroom open.

      C.    **Telephones:**  Absent an emergency, telephone messages for counsel and/or witnesses will **not** be taken by the Judge's staff.

      D.    **Filing of Documents:**  Two copies of any documents filed immediately prior to and during trial should be submitted to the Case Manager who is present in the courtroom.

    E.    **Witnesses:**  Counsel should bear in mind the Court's hours and arrange for witnesses accordingly.  The Court will **not** recess to permit counsel to call a missing witness unless he or she has been subpoenaed and has failed to appear.

    F.    **Seating:**

        (1)    The Court does not designate seating at counsel tables; this is determined on a first-come, first-served basis on the first day of trial.

        (2)    Unless otherwise instructed, counsel and parties are to enter and leave the courtroom only by the front doors; do not use the Court's entrance or the side entrances.

**10.**    **Conferences and Extensions:**

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause.  **Trial will not be continued, even on joint motion, absent good cause or compelling reason.**  A trial will not be continued because of the unavailability of a witness.  Counsel should anticipate such possibilities and be prepared to present testimony by written deposition, videotaped deposition, or by stipulation.  If a continuance is granted, however, deadlines and cut-off dates will **not** be extended unless otherwise ordered by the Court.

**11.**    **Settlement:**

**IT IS ORDERED THAT COUNSEL CONTACT THE ASSIGNED MAGISTRATE JUDGE'S OFFICE AS SOON AS POSSIBLE FOR THE PURPOSE OF SCHEDULING A SETTLEMENT CONFERENCE TO BE HELD ON OR BEFORE July 12, 2013.**
**All counsel shall have responsibility for scheduling this conference, and shall be subject to possible sanctions for failure to timely set a convenient date/time on the calendar of the assigned Magistrate Judge.  The conference shall be timely set and held regardless of pending motions, anticipated rulings, or any other deadlines set in this matter.  Only the Magistrate Judge, in his/her discretion, shall have the authority to cancel and/or reset the settlement conference.**

12. **Courtroom Procedure and Conduct:**

   A. **IT IS ORDERED** that the following items are **STRICTLY PROHIBITED** from entry into the courtroom: **All portable communication devices,** including all cellular devices (cell phones, smartphones, personal digital assistants, BlackBerrys, iPhones, Droids, etc.); ear piece devices (such as Bluetooth); **laptop computers** (including iPads or other tablet-style devices); and digital or other types of video **cameras or recorders**; or any other similarly functioning device. You may turn in such devices to Susan Adams, judicial assistant in Section "N", upon arriving, and pick them up when you have completed business in Section "N."

   B. The only exceptions to the above provision shall be (1) authorized **court personnel** working on this trial; (2) **law enforcement personnel** (including Court Security Officers and United States Marshals, but not witnesses) participating in this trial as assigned by the Court; and (3) attorneys who are **counsel of record** and who are seated at counsel tables (not in the public gallery), along with any paralegals or other staff seated at counsel tables (not in the public gallery), who are utilizing laptop computers (including iPads and comparable devices) **provided** that the use of any such device shall not access or be accessed or connected to the internet, cellular network, broad band, Wifi, or any other outside network designed to transmit or receive messages, sounds or visual images to anyone outside the courtroom. Prior to entry into the courtroom, counsel shall leave all other cellular phone devices or other such electronic devices in Section "N" chambers.

   C. Any person possessing a prohibited device within the Section "N" courtroom in violation of Paragraph A shall be subject to (1) monetary sanction and (2) expulsion and permanent prohibition from entry into the courtroom for the duration of this trial, both in addition to having such device confiscated and retained by the Court until trial of the matter is complete.

   D. **IT IS FURTHER ORDERED** that food and/or drink (including coffee and bottled water) shall be prohibited from the Section "N" courtroom (Room C-351) and any other designated "overflow" location (if separate from Room C-351); likewise, attendees shall refrain from chewing gum and wearing hats and/or sunglasses (over the eyes or on the head) in the Section "N"

    courtroom, and shall remove same upon entry. Eating, smoking, and/or reading newspapers or other impertinent books, magazines, etc., in the Section "N" courtroom is strictly prohibited.

 E. **IT IS FURTHER ORDERED** that any attempt to comment on or portray (positively or negatively) an opinion of the evidence, a witness, the attorneys, or the position of any party to these court proceedings through physical gestures; facial expressions; audible reactions; or pre-planned, organized or orchestrated selection of attire in the courtroom, shall be prohibited. Offenders shall summarily be excused from the courtroom, sanctioned, or both.

New Orleans, Louisiana, this  7th  day of November, 2012.

           **KURT D. ENGELHARDT**
           **United States District Judge**

CLERK TO FORWARD COPY TO MAGISTRATE JUDGE