**THIS PRE-TRIAL NOTICE CONTAINS NEW MATERIAL.**
**REVISED AUGUST 2012**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

# PRE-TRIAL ORDER INSTRUCTIONS

**IT IS ORDERED** that a Final Pre-Trial Conference will be held in chambers before Judge Kurt D. Engelhardt, Section N, at the time so indicated.

The purpose of the Final Pre-Trial Conference is to secure a just and speedy determination of the issues. If the type of pre-trial order set forth below does not appear calculated to achieve these ends in this case, please arrange a conference with the Judge and opposing counsel immediately so that alternative possibilities may be discussed.

The procedure necessary for the preparation of the formal proposed Pre-Trial Order that will be reviewed and entered at this conference is as follows:

**I.**

The proposed Pre-Trial Order must be submitted to chambers electronically or by-hand no later than 4:00 p.m. on a day that allows one full work day prior to the conference, excluding Saturdays, Sundays and holidays (i.e., if the Conference is set for 10:00 a.m. Thursday, the proposed Pre-Trial Order must be received in chambers by 4:00 p.m. Tuesday. If the Conference is set on Monday, the proposed Pre-Trial Order must be received in chambers by 4:00 p.m. Thursday).

If the proposed Pre-Trial Order is submitted electronically, it shall be emailed to eFile-Engelhardt@laed.uscourts.gov, with a copy to the assigned law clerk.

**II.**

Counsel for all parties shall confer in person (face to face) at their earliest convenience for the purpose of arriving at all possible stipulations and to exchange copies of documents that will be offered in evidence at the trial. It shall be the duty of counsel for plaintiff to initiate this conference, and the duty of other counsel to promptly respond. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be his/her duty to communicate immediately with the Court. The conference of counsel shall be held at least **ten (10)** days prior to the date of the scheduled Final Pre-Trial Conference to ensure that counsel for all parties can furnish each other

with a statement of the real issues each party will offer evidence to support, including in such statement issues of law, as well as ultimate issues of fact from the standpoint of each party, but eliminating any issues that might appear in the pleadings about which there is no real controversy. Counsel for plaintiff then will prepare a complete, proposed Pre-Trial Order and submit it to opposing counsel, after which all counsel jointly will submit the final draft of the proposed Pre-Trial Order to the Judge.

### III.

At their meeting, counsel **must** consider the following:

A. **Jurisdiction.** Since subject matter jurisdiction may never be conferred by consent, and since prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel should make every effort to ascertain that the Court has jurisdiction.

B. **Parties.** Correctness of identity of legal entities; necessity for appointment of tutor, guardian, administrator, executor, etc., and validity of appointment if already made; correctness of designation of party as partnership, corporation or individual d/b/a trade name.

C. **Joinder.** Questions of misjoinder or nonjoinder of parties.

### IV.

At the Final Pre-Trial Conference, counsel must be fully authorized and prepared to discuss settlement possibilities with the Court. Counsel are expected to discuss the possibility of settlement with each other thoroughly before undertaking the extensive labor of preparing the proposed Pre-Trial Order. Save your time, the Court's time, and the client's time and money.

### V.

All pending motions and all special issues or defenses raised in the pleadings must be clearly set forth in the proposed Pre-Trial Order.

### VI.

The proposed Pre-Trial Order shall bear the signatures of all counsel at the time it is submitted to the Court; the proposed Pre-Trial Order shall contain an appropriate signature space for the Judge. Following the Final Pre-Trial Conference, the signed copy of the Pre-Trial Order shall be filed into the record, and an additional copy shall be retained in the Judge's work file.

Each numbered paragraph of the proposed Pre-Trial Order is to be preceded by a heading (in bold face type) descriptive of its content. The proposed Pre-Trial Order will set forth:

1. The **date** of the Final Pre-Trial Conference.

2. The **appearance of counsel** identifying the party(s) represented, including the address and all other contact information of counsel (including current email address, and cell phone number if that is the best way to contact counsel).

3. A **description of the parties**, and in cases of insurance carriers, the identity of the insured. The legal relationships of all parties with reference to the claims, counterclaims, third-party claims and cross claims, etc., also are to be provided.

4. a. With respect to **jurisdiction**, a brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim or third-party claim, etc., and, the legal and jurisdictional basis for each such claim, or if contested, the jurisdictional questions.

   b. In diversity damage suits, there is authority for dismissing the action, either before or after trial, where it appears that the damages reasonably could not come within the jurisdictional limitation. Therefore, the proposed pre-trial order in such cases shall contain either a stipulation that in excess of $75,000 is in controversy, or a description of the evidence supporting the claim that such sum reasonably could be awarded.

5. A list and description of any **motions** pending or contemplated, and any special issues appropriate for determination in advance of trial on the merits. If the Court at any prior hearing has indicated that it would decide certain matters at the time of the Pre-Trial Conference, a brief summary of those matters and the position of each party with respect thereto should be included in the proposed Pre-Trial Order.

6. A brief **summary of the material facts** claimed by:

   a. Plaintiff

   b. Defendant

   c. Other parties (individually).

7. A **single listing** of all **uncontested material facts**. The Court will consider these as trial stipulations.

8. A **single listing** of the **contested issues of fact**. (This does not mean that counsel must concur in a statement of the issues; it simply means that they must provide a single list of all issues of fact.) Where applicable, particularities concerning the following fact issues shall be set forth:

   a. Whenever there is in issue the seaworthiness of a vessel or an alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;

   b. Whenever there is in issue negligence of the defendant or contributory or comparative negligence of the plaintiff, the material facts and circumstances relied upon to establish the claimed negligence shall be specified with particularity;

   c. Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

   d. Whenever the alleged breach of a contractual obligation is in issue, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;

   e. Whenever the meaning of a contract or other writing is in issue, all facts and circumstances surrounding execution and subsequent to execution, both those admitted and those in issue, which each party contends serve to aid interpretation, shall be specified with particularity;

   f. Whenever duress or fraud or mistake is in issue, and set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed duress or fraud or mistake (see Fed. R. Civ. P. 9(b)) shall also be set forth with particularity in the proposed Pre-Trial Order;

   g. If special damages are sought, they shall be itemized with particularity. (See Fed. R. Civ. P. 9(g));

   h. If a conspiracy is charged, the details of facts constituting the conspiracy shall be particularized.

9. A **single listing** of the **contested issues of law**. (See explanation in 8 above.) Counsel should be prepared to brief each issue in short order if called upon by the Court to do so.

10. For each party, a **list and description of exhibits** intended to be introduced at the trial. Prior to the confection of the proposed Pre-Trial Order, the parties shall meet, exchange copies of all exhibits, and, if possible, agree as to their authenticity and relevancy. As to any exhibits to which the parties cannot agree, memoranda identifying and supporting objections to the exhibit(s) shall be submitted on or before **six (6)** working days prior to trial. Oppositions thereto shall be submitted on or before **four (4)** working days prior to trial.

   a. Each list of exhibits first should describe those that are to be admitted without objection, and then those to which there will be objection, noting by whom the objection is made (if there are multiple adverse parties), and the nature of the objection. Markers identifying each exhibit, as set forth in the proposed Pre-Trial Order, should be attached to the exhibits at the time they are shown to opposing counsel during preparation of the proposed Pre-Trial Order;

   b. If a party believes that he has good cause to not disclose exhibits to be used solely for the purpose of impeachment, he may ex parte request a conference with the Court and make his position known to the Court in camera prior to the Pre-Trial Conference.

   c. Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct. If there are such exhibits, the proposed Pre-Trial Order will state: The parties shall discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the Pre-Trial Conference.

   d. In addition to the formal list of exhibits, counsel shall prepare and make available copies for opposing counsel.

   e. Counsel are to prepare a joint exhibit book (or set of exhibit books) with a single numbering system to be used at trial. The exhibit book must be tabbed by exhibit and contain an index of the exhibits. Any *in globo* exhibits must contain page or Bates numbers. No highlighting, notes or other marks shall be made on any exhibit in any book.

   The copy of the exhibit book to be used by the judge during trial must be delivered to chambers at a date and time to be set by the Court at the Final Pre-Trial Conference. Exhibits as to which there are no objections, or to which any objections have been overruled by the Court, shall be listed first on the index and placed in the front of the judge's exhibit book. Exhibits to

which there are pending objections shall be listed at the end of the index and placed at the back of the judge's exhibit book.

A copy of the exhibit book to be used by the <u>witness</u>, if one is to be provided for use by the witness, must be brought to Court on the first morning of trial, and shall <u>not</u> contain any exhibits as to which there are pending objections, unless and until those objections are overruled by the Court. Counsel are to confer regarding preparation of copies of the exhibit book to be used by them during trial. An additional copy of the exhibit book will be needed for <u>jury deliberation</u>. This copy will be used as the exhibit book for the <u>Court's record</u>.

f. If the trial is a jury trial and counsel desires to display exhibits to the members of the jury, enlarged photographic copies or projected copies should be used and are preferred; or alternatively, sufficient copies of a particular exhibit must be available so as to provide each juror with a copy. Jurors shall not be provided complete exhibit books during trial. The Court has available an opaque projector, and arrangement for its use should be made directly with Pam Radosta, Case Manager and Courtroom Deputy Clerk, at (504) 589-7683. If appropriate, the Court prefers that exhibits be displayed to the jury by means of the opaque projector.

g. Unless otherwise ordered by the Court, only exhibits included on the exhibit list and/or for which memoranda have been submitted shall be included for use at trial.

h. Counsel shall jointly submit to the Court on the first day of trial a single list of exhibits properly marked for identification which he or she desires to use at trial.

11. a. A **list of all deposition testimony** to be offered into evidence *in lieu of live appearance of the witness*. The parties shall, prior to trial, meet and agree as to the elimination from the deposition transcript(s) of all irrelevant and repetitive matter and all colloquy between counsel. In a non-jury trial, a <u>single</u> transcript of each deposition shall be submitted to the Court by the parties on or before **four (4)** working days prior to trial. Counsel are *not* to list depositions which may be used to examine a witness appearing in person at trial.

b. In addition, the parties shall attempt, in good faith, to resolve all objections to testimony so that the Court will be required to rule only on those

6

        objections to which they cannot reach an agreement as to their merit. As to all objections to the testimony which cannot be amicably resolved, the parties shall deliver to the Court, not less than **four (4)** working days prior to trial, a statement identifying the portions objected to, and the ground therefor. Oppositions to those objections are to be submitted simultaneously with the transcript. Proponents and opponents shall furnish the Court with appropriate statements of authorities in support of their positions as to the proposed testimony.

12.    a.    A list and brief description of any **demonstrative exhibits**, including charts, graphs, models, schematic diagrams, time lines and similar objects which, although not to be offered in evidence, respective counsel intend to use in opening statements, closing arguments, or during trial. **These items do <u>not</u> include enlargements of documents identified in the Pre-Trial Order as trial exhibits.**

       b.    Either a stipulation that the parties have no objection to the use of the listed items for such purpose, or a statement of the objections to their use; and a statement that if other such items are to be used by any party, they will be submitted to opposing counsel at least **three (3)** working days prior to trial and, if there is then opposition to their use, the dispute will be submitted to the Court at least **one (1)** working day prior to trial.

       c.    Demonstrative exhibits compiled during trial (and which could not have been prepared before) shall be shown to the Court and opposing counsel as soon as possible.

13.    a.    A **list of witnesses** for all parties, including the names, addresses and statement of the subject matter of their testimony (it is not sufficient to designate the witness simply "fact", "medical" or "expert"), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary, with a clear and specific designation for each witness that he/she **"will"** or **"may"** be called to testify at trial.

       b.    A statement that the witness list was filed in accordance with prior court orders. No other witness shall be allowed unless agreeable to all parties and their addition does not affect the trial date. This restriction will not apply to rebuttal witnesses or documents whose necessity could not be reasonably anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with prior court orders. Expert witnesses whose reports have not been furnished opposing

        counsel shall not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished.

    c.    Except for good cause shown, the Court will not permit any witness to testify unless, with respect to that witness, there has been complete compliance with all provisions of the Pre-Trial Order and prior court orders.

    d.    Counsel shall not be allowed to ask questions on cross-examination of an economic expert that would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness not less than three full working days before trial.

14.    A statement indicating whether the case is a **jury or non-jury** case.

    a.    If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which issues shall be specified. In jury cases, add the following provisions:

        "Proposed jury instructions, special jury interrogatories, trial memoranda, if required, and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than **six (6)** working days prior to the trial date, unless specific leave to the contrary is granted by the Court. Objections to any of these materials must be submitted not later than **four (4)** working days prior to the trial date, unless specific leave to the contrary is granted by the Court." Proposed jury instructions <u>and</u> objections thereto <u>must</u> include citations to relevant legal authority.

    b.    In a non-jury case, proposed findings of fact (with annotated references of support for each proposed finding) and conclusions of law (with citations of authority) are required. There submissions, set forth in separate documents, are to be filed not less than **five (5)** full working days prior to trial. Unless otherwise ordered by the Court, a separate trial memorandum is <u>not</u> required.

    c.    In a jury case, a trial memorandum shall be required only when and to the extent ordered by the Court. However, any party may in any event submit such memoranda not less than **six (6)** working days prior to trial and should accomplish this with respect to any anticipated evidentiary problems which require briefing and jury instructions requiring explanation beyond mere citation to authority.

15. In cases where damages are sought, include a statement regarding **bifurcation**, that "The issue of liability (will or will not) be tried separately from that of quantum." **(Counsel also are to state which option applies.)** It is the policy of this Court in appropriate cases to try issues of liability and quantum separately. Accordingly, counsel should be prepared to discuss at the pre-trial conference the feasibility of separating such issues. Counsel likewise should consider the feasibility and desirability of separate trials as to other issues.

16. A statement describing any **other matters** that might expedite a disposition of the case.

17. A statement that **trial** shall commence on _____, 20\_\_\_\_\_ at \_\_\_\_\_ a.m./p.m. A realistic estimate of the number of trial days required shall be provided. Where counsel cannot agree upon the number of trial days required, the good faith estimate of each side should be given. In addition, the proposed order must contain a sentence including any trial date(s) and time(s) previously assigned.

18. The statement: "This Pre-Trial Order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19. The statement: "Counsel acknowledge that cell phones, pagers, beepers, and any other electronic communication devices are not allowed in the courtroom, and shall abide by this rule. All counsel shall further notify all clients and his/her witnesses of this rule."

20. The statement: "Possibility of settlement of this case was seriously considered. A settlement conference with the assigned magistrate judge was scheduled."

21. The proposed Pre-Trial Order must contain appropriate signature spaces for counsel for all parties and the Judge.

**IT IS FURTHER ORDERED** that the foregoing Pre-Trial Order Instructions be provided to counsel of record for all parties, and counsel will comply with the directions set forth herein.

**August 1, 2012**

						_____
						**KURT D. ENGELHARDT**
						**United States District Judge**