UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MADDOX, SHANNON MADDOX, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 12-1641 |
| | ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE | ) | SECTION "N" |
| BROKERS CHRISTIAN CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER | ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, | ) | |
| INC., WESTWEGO CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK | ) | |
| VICTOR, KATHY VICTOR | ) | |
| | ) | |
| Defendants. | ) | |

ANSWER OF
CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, INC.
TO THE SECOND AMENDED COMPLAINT

Defendant Christian Congregation of Jehovah's Witnesses, Inc. ("Christian Congregation") answers the Second Amended Complaint, which renewed and reiterated the allegations in the original Petition for damages and was served with a copy of that original Petition and the First Amended Complaint adding Old Republic Insurance Company as a defendant, to wit:

PLAINTIFFS' JURY DEMAND

1.  Plaintiffs have amended and supplemented their original Petition filed in state court and removed hereto, Paragraph "XXVIII," to add a demand for a jury trial; although Plaintiffs did not make an effective demand for one in their Petition, this case was remanded as a bench trial without any objection from Plaintiffs, and the time for making a demand for a jury trial has long past; Christian Congregation acknowledges that the jurisprudence on this issue

1

would likely offer Plaintiffs an issue that would warrant an appeal after a judgment in favor of defendants; and Christian Congregation chooses instead not to oppose Plaintiffs' motion for leave to amend their complaint to add a demand for a jury trial.

2. Christian Congregation renews and reiterates its answer to Plaintiffs' allegations in its original Petition; avers that Plaintiffs had no basis for their First Amended Complaint, and denies all the allegations made therein.

## ANSWERING IN THE AFFIRMATIVE

3. Christian Congregation renews and reiterates its affirmative allegations made in its original Answer.

4. Christian Congregation adds the affirmative defense of "Contributory Negligence" under Alabama law because the events about which Plaintiffs complain occurred in Alabama and all relevant transactions and occurrences occurred in Alabama; Patsy Maddox, Plaintiffs' decedent, was descending stairs in Alabama at the time she fell; no one interfered with her descent; no defect in the construction or design of the stairs caused her fall; no inadequacy in lighting or in the adjacent handrail is alleged to have existed; she merely lost her footing and failed to grab the handrail available for her safety; accordingly, Patsy Maddox neglected to take proper care to protect herself from whatever risk might have caused her to lose her footing and fall.

5. Further pleading the affirmative defense of "Contributory Negligence," Patsy Maddox was, according to Plaintiffs' allegations, unfit to climb stairs; she took it upon herself to climb stairs she knew would cause a risk of falling and so created a hazard for herself that caused her injuries.

6. Christian Congregation raises the affirmative defense under Alabama law that only the succession representative may bring a wrongful death action in an Alabama court of

competent jurisdiction, and that this court must dismiss the wrongful death claim for lack of jurisdiction.  This is a matter of subject matter jurisdiction that cannot be waived.

WHEREFORE, Christian Congregation of Jehovah's Witnesses, Inc. prays that this Answer to the Second Amended Complaint be deemed good and sufficient; that after due proceedings are had, a judgment be rendered in its favor dismissing the claims made by Plaintiffs Rachel Maddox and Shannon Maddox, that they be cast in judgment for all costs associated herewith, and for any other relief the Court deems appropriate on the premises and the law.

Dated: 3 February 2013.

        Respectfully submitted,
        By /s/Ted M. Mitchell
        Ted M. Mitchell    La. Bar No. 20964
        2955 Ridgelake Drive, Suite 207
        Metairie LA 70002
        504-236-3966 – voice
        504-273-2220 – fax

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 3rd day of February 2013 and notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system or by mail.

        /s/Ted M. Mitchell