UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MADDOX, SHANNON MADDOX, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 12-1641 |
| | ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE | ) | SECTION "N" |
| BROKERS CHRISTIAN CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER | ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, | ) | |
| INC., WESTWEGO CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK | ) | |
| VICTOR, KATHY VICTOR | ) | |
| | ) | |
| Defendants. | ) | |

CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, INC.'S
STATEMENT OF MATERIAL FACTS THAT PRESENT NO GENUINE ISSUE
AND WARRANT SUMMARY JUDGMENT

Defendant, Christian Congregation of Jehovah's Witnesses, Inc. ("Christian Congregation"), pursuant to Local Rule 56.1, submits its statement of the material facts it contends present no genuine issue, as follows.

1.    Patsy Maddox attended the 1 July 2011 District Convention of Jehovah's Witnesses in Mobile, Alabama ("Convention").

2.    Patsy Maddox fell while attending the Convention.

3.    Patsy Maddox suffered injuries when she fell at the Convention.

4.    Patsy Maddox died after she fell at the Convention.

5.    Christian Congregation leased the Mitchell Center at the University of South Alabama where it provided oversight in organizing the Convention.

6.      Pursuant to the lease, Christian Congregation had custody and control of the Convention premises.

7.      Christian Congregation designated the floor and the seats immediately adjacent to the floor of the Mitchell Center as seating for elderly and disabled attendees, and those who traveled with them.

8.      The Mitchell Center is a new facility built by the University of South Alabama which met all the relevant building and safety codes for an arena in which public events would be held, including stair and railing design and construction.

9.      There were no defects in the stairs or railings at the Mitchell Center.

10.     There were no defects in the seating arrangements made by Christian Congregation.

11.     Patsy Maddox had been one of Jehovah's Witnesses for decades.

12.     Patsy Maddox had attended numerous District Conventions, Circuit Assemblies, Special Assemblies, and other large gatherings of Jehovah's Witnesses.

13.     Patsy Maddox knew that seating was reserved for the elderly and disabled on the floor and seating adjacent to the floor of every large gathering of Jehovah's Witnesses.

14.     Patsy Maddox knew that if seating was not available for the elderly or disabled, those administering any particular gathering of Jehovah's Witnesses would find appropriate seating for those in need.

15.     Patsy Maddox was 69 years of age on 1 July 2011.

16.     Patsy Maddox ambulated freely without assistance, did not walk with a cane, did not limp; she had no history of falling, did not present a risk of falling, or show any outward signs of infirmity.

17.     Patsy Maddox lived alone, cared for herself, and drove her own car.

18.     Patsy Maddox knew that there was always a risk that seating would be filled on the floor or in the seats adjacent to the floor at any gathering of Jehovah's Witnesses once the music started, which announced the beginning of the gathering's program and gave notice to the attendees to take their seats.

19.     Patsy Maddox and the couple with whom she was traveling, Patrick and Kathleen Victor, arrived after the Convention music ended and the program was beginning.

20.     Patsy Maddox knew that because the music had stopped when she arrived, those gathered would be seated and ready to participate in the day's program of worship.

21.     When the attendant told her group that there was no seating available on the floor, Patrick Victor offered to look for other seats, to take seats in the upper level where they would have to climb stairs, or to take the group back to their motel and return the next day.

22.     Patsy Maddox declined the options except the one to climb the stairs and take seats in the upper level.

23.     At the lunch break, Patsy Maddox descended and ascended the stairs to leave her seat and return to it.

24.     Near the end of the final program, the group descended the stairs but Patsy Maddox fell for no apparent reason; no one was touching her; she was carrying nothing; she just fell, which caused her injury requiring medical attention in the hospital.

25.     No one was responsible for Patsy Maddox' choice of seating.

26.     No one compelled Patsy Maddox to choose her seat or area in which to sit at the Convention on 1 July 2011.

27.     Patsy Maddox was not in anyone's care or keeping on 1 July 2011.

28.     Patsy Maddox was a free and independent person who made her own decisions about when and how she would attend the Convention on 1 July 2011; for example, she made her own motel reservations and had her own motel accommodations for the Convention.

29.     Patsy Maddox displayed no mental or physical inability to ascend or descend the steps where she fell, she simply failed to do so and suffered injuries as a result.

Respectfully submitted,

By /s/Ted M. Mitchell
Ted M. Mitchell        La. Bar No. 20964
2955 Ridgelake Drive, Suite 207
Metairie LA 70002
504-236-3966 – voice
504-273-2220 – fax

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 11th day of February 2013 and notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system or by mail.

/s/Ted M. Mitchell