UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MADDOX, SHANNON MADDOX, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 12-1641 |
| | ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE | ) | SECTION "N" |
| BROKERS CHRISTIAN CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER | ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, | ) | |
| INC., WATCHTOWER CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK | ) | |
| VICTOR, KATHY VICTOR | ) | |
| | ) | |
| Defendants. | ) | |

CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO CONTINUE HEARING ON SUMMARY
JUDGMENT MOTIONS.

MAY IT PLEASE THE COURT:

Defendant Christian Congregation of Jehovah's Witnesses, Inc. ("CCJW") opposes the Plaintiffs' Motion to Continue and Reset Hearing for the 20th day of March, 2013 (Documents 63, 63-1, 63-2, and 63-3 herein) because the motion is without any basis and contradictory. Plaintiffs filed the motion on the grounds that "Counsel for Plaintiffs is on the trial team for the upcoming BP trial set to begin on February 25, 2013 and continue for several months." Document 63-1, p. 1. Additionally, "Counsel for Plaintiff would like the opportunity to take the depositions of several witnesses in preparation for the responses to" Defendants' summary judgment motions. *Id.*

If Plaintiffs' counsel "is on the trial team for the . . . BP trial" that started "February 25, 2013 and [will] continue for several months," what "opportunity to take the depositions of several witnesses" will Plaintiffs' counsel have in this case?  On the face of the motion,

1

Plaintiffs' counsel would not appear to have time for this case until the BP trial is over "several months" from now, and the parties and the court in this case should simply wait until that more important case is over.

Further, Plaintiffs have represented that Counsel for Defendants has agreed to a one-week continuance but not to a thirty-day continuance, *id.*, but defense counsel has not so consented. See the last email defense counsel had with Plaintiffs' counsel, attached hereto and made a part hereof, From: Ted M. Mitchell, To: Tom Thornhill, Dated: 25 February 2013. Defense counsel adamantly stated "I must insist that we go forward with the motion."

The email string attached hereto between counsel shows that counsel for Plaintiffs attempted to use the BP trial as the basis for a continuance as late as last Thursday, 21 February 2013, ten days after Defendants filed the summary judgment motions on the 11th of February, and five days before Plaintiffs' oppositions to the motions were due on Tuesday, the 26th of February. Counsel was willing to consent to a one-week extension before Plaintiffs' counsel began demanding depositions of ex-defendants on the 1st and 8th of March. That was when defense counsel insisted that the summary judgment motions go forward as scheduled.

Plaintiffs expressed through their counsel's office a desire to depose the same witnesses as far back as 9 November 2012, but have not acted on that desire other than to send emails to defense counsel who does not represent the ex-defendants and potential deposition witnesses. See the email of 9 November 2012 from Christine Fugate to Ted M. Mitchell and the email from Ted M. Mitchell to Christine Fugate of 25 February 2013 in response to Plaintiff's counsel's request to depose ex-defendants "Patrick & Kathy Victor for Friday, March 1 or March 8."

The internal inconsistency in Plaintiffs' Motion to Continue and Reset Hearing for the 20th day of March, 2013 and the delay in seeking "the opportunity to take the depositions of

several witnesses," which according to his office are the ex-defendants Plaintiffs have wanted to depose since last November, but which depositions would now take place this week and next week, militate against granting Plaintiffs' Motion to Continue. These last-minute issues regarding the BP trial and conducting depositions of dismissed defendants have nothing to do with defending the summary judgment motions, and, *even if they did*, have been raised too late.

Subpoenas for the depositions could have been issued months ago. Disputes over the appropriateness of deposing the witnesses already dismissed or any protective orders needed could have been resolved then. Patrick and Kathy Victor, the ex-defendants Plaintiffs propose deposing, are entitled to peace, and quiet enjoyment of their lives without disturbance from this litigation, unless good cause can be shown why they should be dragged back into it to give their depositions after this Court dismissed them. More importantly, whether they should be deposed has nothing to do with the issues raised in the summary judgment motions.

The summary judgment motions are not based on anything other than the facts and theory of the case pleaded in the Plaintiffs' complaint. The supporting affidavits for summary judgment establish the simple facts that only CCJW had custody of the convention premises where Plaintiffs' decedent Patsy Maddox fell, and that it did nothing under either Alabama or Louisiana that created a duty or that it breached any duty owed to her. The summary judgment motions are somewhat enlarged motions to dismiss for failure to state a cause of action because the facts known now and those likely to be known through discovery would not change the failure of Plaintiffs' to plead a cause of action on which relief can be granted.

By waiting until this stage of the proceedings before challenging the bases for Plaintiffs' cause of action, Defendants gave Plaintiffs every opportunity to come forward with facts that would somehow demonstrate they would be able to support their pleaded cause of action, but

they have not. There is no reason to delay the hearing on the defendants' summary judgment motions because defendants have demonstrated their right to a judgment as a matter of law dismissing all of them from this case.

Plaintiff's Motion to Continue is merely an attempt to buy time to seek depositions of dismissed defendants who should enjoy repose and relief from these claims. Especially when there is no showing that their depositions would add anything to the facts in this case. Plaintiffs have conducted no discovery since this case was filed on the 25th of May 2012; have made no effort to depose witnesses (other than to send emails), and have done nothing to support their theory-of-the-case since the Motion for Remand and the Motions to Dismiss the Louisiana defendants. Summary judgment is appropriate at this stage of the proceedings and Plaintiffs' counsel's involvement with the BP class action should be no obstacle to proceeding with the summary judgment motions without further delay.

## CONCLUSION

For all the foregoing reasons, Defendant Christian Congregation of Jehovah's Witnesses, Inc. suggests that the Motion to Continue the Defendants' Motions for Summary Judgment must be DENIED. If Plaintiffs' counsel should be granted any relief, Defendants have already expressed a willingness to extend the time to file any oppositions, but there is no demonstrated need to extend the time for the hearing on the Defendants' summary judgment motions.

Respectfully submitted,
By /s/Ted M. Mitchell
Ted M. Mitchell    La. Bar No. 20964
2955 Ridgelake Drive, Suite 207
Metairie LA 70002
504-236-3966 – voice
504-273-2220 – fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the

Clerk of Court using the CM/ECF system this 25th day of February 2013 and notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system or by mail.

/s/Ted M. Mitchell