| | |
|---|---|
| **From:** | Ted M. Mitchell |
| **To:** | "Tom Thornhill" |
| **Cc:** | JMiller@jw.org |
| **Subject:** | RE: Maddox Summary Judgment Motions |
| **Date:** | Monday, February 25, 2013 10:54:55 AM |

Mr. Thornhill:

My clients will not wait 30 days for a resolution of their motions that are straightforward and simple. Unless you can demonstrate a need for 30 days for which the court would clearly give you the extension of time, which I stated would be the basis for a continuance by consent, my clients will not wait for no reason.

Please note that I too have a calendar to cover that is just as important to my clients as the BP case is to your class clients. I also note that your office is seeking from me the production of the Victors for their depositions on the 1st or 8th of March. If you have time for depositions, would you not have time for the summary judgment motions on the 6th?

I must insist that we go forward with the motion.

TMM

**From:** Tom Thornhill [mailto:tom@thornhilllawfirm.com]
**Sent:** Friday, February 22, 2013 9:31 AM
**To:** Ted M. Mitchell
**Subject:** Re: Maddox Summary Judgment Motions

How about 30 days or two submission dates for the hearing? And i agree to moving the expert report dates, ok?
On Feb 22, 2013, at 8:01 AM, Ted M. Mitchell wrote:

Mr. Thornhill:

I will be in court today, and unavailable.

However, I would think the matter is not how much time the defendants can spare, but how much time you need.

The defendants want their motions heard within an expeditious period of time but the court will surely grant you time to prepare an opposition. Rather than have a rule to show cause why you should get what the court will give you, it is incumbent on you to demonstrate the need for time. Please identify the amount of time and the reason for the need and the defendants will consider whether to oppose or consent to your motion for a continuance.

In the alternative, the defendants would not oppose a motion to continue the summary judgment motions for a week, which would avoid the need to juggle any other dates.

Ted M. Mitchell
Attorney at Law
2955 Ridgelake Drive, Suite 207
Metairie, LA  70002
(504) 236-3966
(504) 273-2220 fax

---

**From:** Tom Thornhill [mailto:tom@thornhilllawfirm.com]
**Sent:** Thursday, February 21, 2013 9:05 PM
**To:** Ted M. Mitchell
**Cc:** Christy Fugate; JMiller@jw.org
**Subject:** Re: Maddox Summary Judgment Motions

Ok, how long can you spare?

Tom W. Thornhill
Thornhill Law Firm, A PLC
1308 Ninth Street
Slidell, Louisiana 70458
(985) 641-5010
(800) 989-2707
(985) 641-5011 (fax)

PRIVILEGED & CONFIDENTIAL COMMUNICATION: DO NOT read, copy or disseminate this communication unless you are the intended addressee.  This may contain information that is privileged, confidential and exempt from disclosure under applicable law.  If you are not the intended recipient, you are on notice that any unauthorized disclosure, copying distribution, or taking of any action in reliance on the contents of the electronically transmitted materials is prohibited.

On Feb 21, 2013, at 6:00 PM, "Ted M. Mitchell" <tedmmitchell@gmail.com> wrote:

> I don't mind continuing them for a reasonable amount of time, but we are coming against other deadlines.  Will you agree to move them as well?
>
> ---
>
> **From:** Tom Thornhill [mailto:tom@thornhilllawfirm.com]
> **Sent:** Thursday, February 21, 2013 4:44 PM
> **To:** Ted M. Mitchell
> **Cc:** Christy Fugate; JMiller@jw.org
> **Subject:** RE: Maddox Summary Judgment Motions
>
> Will you agree to move the MSJs to allow me time to work on them?  I don't have another person to handle this.  Let me know.  We can debate the merits of the motion later, but I need to move the MSJs a month at least.  Please let us know.  Thanks in advance, T

Tom W. Thornhill
Thornhill Law Firm, A PLC
1308 Ninth Street
Slidell, Louisiana 70458
(985) 641-5010
(800) 989-2707
(985) 641-5011 (fax)

PRIVILEGED & CONFIDENTIAL COMMUNICATION: DO NOT read, copy or disseminate this communication unless you are the intended addressee. This may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are on notice that any unauthorized disclosure, copying distribution, or taking of any action in reliance on the contents of the electronically transmitted materials is prohibited.

---

**From:** Ted M. Mitchell [mailto:tedmmitchell@gmail.com]
**Sent:** Thursday, February 21, 2013 3:48 PM
**To:** Tom Thornhill
**Cc:** Christy Fugate; JMiller@jw.org
**Subject:** RE: Maddox Summary Judgment Motions

Mr. Thornhill:

I understand your need to concentrate on the BP trial, but the issues raised by the Summary Judgment Motions in the *Maddox* case are straightforward and should not require that much time, perhaps an associate could handle them.

Also, the basis for the motions is that discovery is not necessary and would add nothing to issues before the court, which is why I filed them at this stage of the proceedings as allowed by Rule 56. You will agree that Rule 56(b) allows defendants to have a hearing on summary judgment before engaging in discovery when the defendants show that the issues warrant such a hearing to avoid the cost and time of discovery.

You mentioned "continuing dispositive motions until after the depositions per Rule 56F," but note that Rule 56(f) provides for "Judgment Independent of the Motion" (1) "for a nonmovant, (2) "on grounds not raised by a party, or (3) to identify "material facts that may not be genuinely in dispute." I see nothing in Rule 56 about continuing summary judgment motions until after depositions. Indeed, that would be contrary to the purpose of the motions. If the court denies the motions, we would seek to have the issues certified for an interlocutory appeal because the plaintiffs' causes of action do not make a claim for relief on the facts pleaded or on the facts that have been

revealed after a preliminary investigation and from the proceedings so far.

Unless Plaintiffs can show a justification for proceeding with the case past the summary judgment motions, there is no reason to bother with discovery.

Thank you for your attention to this.

Ted M. Mitchell
Attorney at Law
2955 Ridgelake Drive, Suite 207
Metairie, LA  70002
(504) 236-3966
(504) 273-2220 fax


**From:** Tom Thornhill [mailto:tom@thornhilllawfirm.com]
**Sent:** Thursday, February 21, 2013 2:36 PM
**To:** tedmmitchell@gmail.com
**Cc:** Christy Fugate
**Subject:** MSJs

Ted:

I am in the BP trial mode, with commencement on Monday for as many as four or five months.  Being on the trial team, I don't have time or resources to immediately take the depositions and then file Reponses needed.  However, if you will work with me, we will set the depositions of Church representatives and file responses.  Of course, that the standard response to a MSJ filed before the end of discovery.  Will you agree to resetting the motions and setting the depositions?  Please let me know asap if you won't oppose continuing dispositive motions until after the depositions per Rule 56F.

Thanks,
Tom

Tom W. Thornhill
Thornhill Law Firm, A PLC
1308 Ninth Street
Slidell, Louisiana 70458
(985) 641-5010
(800) 989-2707
(985) 641-5011 (fax)

PRIVILEGED & CONFIDENTIAL COMMUNICATION: DO NOT read, copy or disseminate this communication unless you are the intended addressee. This may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are on notice that any unauthorized disclosure, copying distribution, or taking of any action in reliance on the contents of the electronically transmitted materials is prohibited.