UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 12-1641 |
| ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE ) | SECTION "N" |
| BROKERS, CHRISTIAN CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, ) | |
| INC., WESTWEGO CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK ) | |
| VICTOR, KATHY VICTOR ) | |
| Defendants. ) | |

**OPPOSITION TO DEFENDANT, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, INC.'S, MOTION FOR SUMMARY JUDGMENT**

NOW INTO COURT, through undersigned counsel, comes RACHEL MADDOX AND SHANNON MADDOX ("Plaintiffs") respectfully representing the following:

The Christian Congregation of Jehovah's Witnesses, Inc.'s ("congregation") presents no statement of facts by any person who was in attendance at the convention. Instead it submits an attachment that is unverified and appears to be a brochure relating to the ministry of the congregation. The brochure refers to a ministry in April 2011 rather than a convention in July of 2011. On its face it acknowledges that the allegations of the Plaintiffs are true and correct to the extent that the active solicitation of members of the congregation and/or Watchtower Bible and Tract Society of New York, Inc. ("society") is apparently acknowledged.

The statement of facts that are submitted by the congregation are obviously contested. See the Statement of Facts from the Plaintiffs. Also see the Declarations under oath by the Plaintiffs.

The Plaintiffs rely upon the facts that are set out in their Declarations and have requested time under Rule 56 to complete depositions that may be required. Specific depositions are requested of knowledgeable members of the society, congregation, safety committee, elders responsible for safety as acknowledged by the congregation or society, specifically but not limited to the Victors and individuals responsible for safety, namely Landon Crigler and Allen Pierce.

As the court will see from reading through the unsupported, unsworn statement of facts submitted by the congregation and/or society, the activities involving a convention within the control of the congregation and/or society are solely within their control and responsibility. The Declaration submitted in support of the motion for summary judgment of the society will be separately addressed in the response to that motion.

## **LAW AND ARGUMENT**

It is well known to the court that in motions for summary judgment, the standard for review is simply that there first must be presented fact that demonstrates there is no genuine issue of material fact. The congregation would have to demonstrate that it is entitled to summary judgment as a matter of law. It has failed to meet its burden.

The facts shown by Rachel and Shannon Maddox are in large measure admitted by the congregation in its statement of fact. The admissions include a statement of the congregation that it was in control of the seating, including seating for the elderly and disabled.

Efforts of the congregation to state that which Patsy Maddox knew is an effort to speak for

Patsy Maddox about facts which are unknown to the congregation. Patsy Maddox, as known by her children, the Plaintiffs herein, was elderly, infirm and in need of assistance. It was for this reason the Victors were compensated to act as escorts for Patsy Maddox. Obviously it is also for this reason that the congregation directed the elderly and the infirm, such as Patsy Maddox, to sit on the lower level, although it did not provide adequate seating.

Other members of the congregation have advised that the congregation allowed those who were not disabled, elderly or infirm to occupy the seats that were set aside initially for the elderly or infirm. The elders in charge of seating did not provide adequate seating at the ground level which would have avoided the need to climb stairs and avoided the injuries to Patsy Maddox.

On information and belief and in accordance with the sworn statement of Rachel and Shannon Maddox the congregation and/or society promoted to the elderly and solicited the elderly to attend the subject convention in order to request and receive donations.

As a matter of law the elderly and infirm were not responsible for their care or control under such circumstances. The duty, any negligence, any breaches of obligations owed under the claims set out in the Petition are all factual issues which require a trial on the merits.

None of the cases cited by the congregation in its motion for summary judgment speak to these issues. For these reasons the motion for summary judgment of the congregation should be denied.

**Respectfully submitted,**

**THORNHILL LAW FIRM, A PLC**

  **/s/Tom W. Thornhill**_____
**TOM W. THORNHILL #12776**
**1308 Ninth Street**
**Slidell, Louisiana 70458**
**(985) 641-5010**
**(985) 641-5011 fax**
**tom@thornhilllawfirm.com**

---

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by electronic mail on February 26, 2013.

   __/s/Tom W. Thornhill_____
   **TOM W. THORNHILL**