UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 12-1641 |
| ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE ) | SECTION "N" |
| BROKERS, CHRISTIAN CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, ) | |
| INC., WESTWEGO CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK ) | |
| VICTOR, KATHY VICTOR ) | |
| Defendants. ) | |

## RESPONSE TO THE CHRISTIAN CONGREGATION STATEMENT OF UNDISPUTED MATERIAL FACTS

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Rachel Maddox and Shannon Maddox, who respectfully offers the following Response to Christian Congregation of Jehovah's Witnesses, Inc.'s ("congregation") Statement of Undisputed Material Facts.

1. Patsy Maddox did attend a convention of the congregation and/or Watchtower Bible and Tract Society of New York, Inc. ("society") in July 2011.

2. Patsy Maddox fell while being escorted by Kathy and/or Patrick Victor.

3. Patsy Maddox suffered injuries from the fall.

4. Patsy Maddox died as a result of the injuries she suffered from the fall.

5. The congregation has not provided to Plaintiffs the lease of the Mitchell Center as required

by Rule 26.

6. On information and belief, the congregation and/or society were in control of the convention and all activities held at the convention.

7. The congregation apparently admits that it was responsible for the designation of seating areas for the elderly and infirm.

8. The Mitchell Center is a facility which presents unique issues that will involve expert testimony that is currently being developed.

9. Building defects issues, if any, will be the subject of expert reports.

10. The defects of seating will be the subject of expert reports. However, the congregation and/or society acknowledge insufficient seating was available for the convention.

11. Patsy Maddox was a long term member of the congregation and/or society.

12. Patsy Maddox had attended many conventions however where and when are unknown with the exception of the convention in Mobile.

13. Patsy Maddox and all other convention attendees relied upon the congregation and society to provide seating for the elderly and disabled.

14. The congregation and/or society were responsible for providing seating to the elderly or infirm and in this case failed to provide adequate seating.

15. Patsy was 69 years of age at the time of the fall.

16. Patsy was elderly and infirm and was declared disabled for which she was issued a disabled driver's license tag.

17. Patsy Maddox was able to live alone but she did receive assistance from her family but she

could not drive long distances therefore the Victors were hired to drive for her.

18. Denied for lack of sufficient information to develop a belief in the truth or falsity thereof. We await the depositions of the Victors, the congregation, the society, the safety committee, Landon Crigler and Allen Pierce.

19. Denied for lack of sufficient information to develop a belief in the truth or falsity thereof. We await the depositions of the Victors, the congregation, the society, the safety committee, Landon Crigler and Allen Pierce.

20. Denied for lack of sufficient information to develop a belief in the truth or falsity thereof. We await the depositions of the Victors, the congregation, the society, the safety committee, Landon Crigler and Allen Pierce.

21. Denied for lack of sufficient information to develop a belief in the truth or falsity thereof. We await the depositions of the Victors, the congregation, the society, the safety committee, Landon Crigler and Allen Pierce.

22. Denied for lack of sufficient information to develop a belief in the truth or falsity thereof. We await the depositions of the Victors, the congregation, the society, the safety committee, Landon Crigler and Allen Pierce.

23. The Victors admitted to Plaintiffs that Mr. Victor was guiding Patsy Maddox down the stairs when he let go of her arm and then she fell.

24. Denied for lack of sufficient information to develop a belief in the truth or falsity thereof. We await the depositions of the Victors, the congregation, the society, the safety committee, Landon Crigler and Allen Pierce.

25. Denied for lack of sufficient information to develop a belief in the truth or falsity thereof. We await the depositions of the Victors, the congregation, the society, the safety committee, Landon Crigler and Allen Pierce.

26. Denied for lack of sufficient information to develop a belief in the truth or falsity thereof. We await the depositions of the Victors, the congregation, the society, the safety committee, Landon Crigler and Allen Pierce.

27. Denied for lack of sufficient information to develop a belief in the truth or falsity thereof. We await the depositions of the Victors, the congregation, the society, the safety committee, Landon Crigler and Allen Pierce.

28. Denied for lack of sufficient information to develop a belief in the truth or falsity thereof. We await the depositions of the Victors, the congregation, the society, the safety committee, Landon Crigler and Allen Pierce.

**Respectfully submitted,**

**THORNHILL LAW FIRM, A PLC**

　/s/Tom W. Thornhill_____
**TOM W. THORNHILL #12776
1308 Ninth Street
Slidell, Louisiana 70458
(985) 641-5010
(985) 641-5011 fax
tom@thornhilllawfirm.com**

---

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by electronic mail on February 26, 2013.

__/s/Tom W. Thornhill_____
**TOM W. THORNHILL**

---