UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> vs. ) <br> ) <br> INTEGRO USA, INC., INTEGRO INSURANCE ) <br> BROKERS, CHRISTIAN CONGREGATION OF ) <br> JEHOVAH'S WITNESSES, WATCHTOWER ) <br> BIBLE AND TRACT SOCIETY OF NEW YORK, ) <br> INC., WESTWEGO CONGREGATION OF ) <br> JEHOVAH'S WITNESSES, INC., PATRICK ) <br> VICTOR, KATHY VICTOR ) <br> Defendants. ) | CIVIL ACTION <br><br> NO. 12-1641 <br><br> SECTION "N" <br><br> MAGISTRATE (1) |

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Rachel Maddox and Shannon Maddox, who respectfully offers the following:

1. Rachel Maddox ("Rachel") and Shannon Maddox ("Shannon") are the children of the deceased, Patsy Maddox, who was severely injured and died as a result of activities that were planned, promoted and held as a convention of the Christian Congregation of Jehovah's Witnesses, Inc. ("congregation").

2. Rachel and Shannon know of their own personal knowledge that Patrick Victor and Kathy Victor were members of the congregation.

3. Rachel and Shannon were active practicing members of the congregation along with her mother, Patsy Maddox, and Patrick Victor and Kathy Victor.

4. Rachel and Shannon are familiar with the convention and with the Watchtower Tract Society of New York ("society"), their advertising and promotional activities designed to target the elderly to attend the convention.

5. Rachel and Shannon know from their association with other church members that the elders of the congregation are selected and made specifically responsible for safety at the conventions.

6. Rachel and Shannon know form their investigation that the safety committee appointed by the congregation and society are responsible for providing adequate seating at the ground level or a level without stairs to accommodate people who are elderly or infirm.

7. Rachel and Shannon have spoken with the elders in charge of safety and knows that they failed this case to provide the convention with adequate seating for the elderly and infirm.

8. Rachel and Shannon know from their investigation that the congregation and the society entered into a contract with the convention center, which on information and belief, makes the congregation and society solely responsible for safety.

9. Rachel and Shannon know that in this case involving her mother, Patrick and Kahty Victor admitted to them that they were responsible for guiding Patsy Maddox up and down the stairs when the congregation and society were unable to provide adequate seating for Patsy Maddox although she requested to be seated on the ground level, according to the Victors after the incident.

10. Patrick Victor admitted that he took his arm away from Patsy Maddox immediately before she stepped and fell down the stairs at the convention center.

11. The elders of the society and the congregation promoted directly to Patsy Maddox to her attending the convention and to her making donations to the congregation and/or society.

12. Rachel and Shannon know that the Victors were compensated for their efforts as escorts and that Patsy Maddox made donations to the congregation and/or society.

13. Rachel and Shannon know that the failure to provide adequate seating and safety for the elderly and infirm like Patsy Maddox was a failure in planning for the convention and in designing adequate seating to accommodate the elderly and infirm because of their inquiries and conversations with the responsible elders who represent the congregation or society.

14. Rachel and Shannon know that Patsy died of the injuries suffered while attending the convention under the control and safety of the congregation and society.

15. Rachel and Shannon know that the congregation and the society targets and invites/solicits or otherwise seeks to promote to the elderly and infirm such as Patsy Maddox their attending the convention.

16. Rachel and Shannon know that some of the information provided in the Declarations Stanley F. Weigel and Gary N. Breaux refers to the factual information that the society and/or congregation promote these conventions all over the country.

17. On information and belief, Rachel and Shannon believe that Stanley F. Weigel and Gary N. Breaux were not in attendance during the convention.

18. Rachel and Shannon request the opportunity to take the depositions of each of the society and the congregation, including the safety committee who on information include Landon Crigler and Allen Pierce.

19. Patrick Victor and Kathy Victor know exactly where Patsy Maddox fell and Rachel and Shannon request the opportunity to depose them about the facts surrounding Patrick Victor letting go of Patsy's arm and then her falling.

20. In order to provide an adequate expert report, Rachel requires the testimony of the Victors, the congregation, the society as well as the safety committee for factual investigation by our expert, Michael Frenzel.

        **Respectfully submitted,**

        **THORNHILL LAW FIRM, A PLC**

        **\_/s/Tom W. Thornhill_____**
        **TOM W. THORNHILL #12776**
        **1308 Ninth Street**
        **Slidell, Louisiana 70458**
        **(985) 641-5010**
        **(985) 641-5011 fax**
        **tom@thornhilllawfirm.com**

---

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon all counsel of record, by electronic mail on February 26, 2013.

        \_\_/s/Tom W. Thornhill_____
        **TOM W. THORNHILL**

---