UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MADDOX, SHANNON MADDOX, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 12-1641 |
| | ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE | ) | SECTION "N" |
| BROKERS CHRISTIAN CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER | ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, | ) | |
| INC., WATCHTOWER CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK | ) | |
| VICTOR, KATHY VICTOR | ) | |
| | ) | |
| Defendants. | ) | |

CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, INC.'S
REPLY MEMORANDUM TO PLAINTIFFS' OPPOSITION TO SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendant Christian Congregation of Jehovah's Witnesses, Inc. ("Christian Congregation") replies to Plaintiffs' Opposition to Summary Judgment (Document 67) only to resolve the choice-of-law issue left open by the defendants' summary judgment motions. Plaintiffs have highlighted that their claim is based primarily on an alleged defect in the premises and conduct that occurred in Alabama. *See* Document 67, p. 2 (safety); Document 67-1, p. 2, items 8 – 10 (defects), pp. 3 – 4, items 18 – 22, 24 – 28, (safety committee); Document 67-2, p. 2, item 8 (contract, solely responsible for safety), p. 3, items 13 (failure in design), 14 (control of premises), 18, 20 (safety committee, expert); Document 67-3, p. 2, item 8 (contract, solely responsible for safety), p. 3, items 13 (failure in design), 14 (control of premises), 18, 20 (safety committee, expert); Document 67-4, p. 2, item 8 (contract, solely responsible for safety), p. 3, items 13 (failure in design), 14 (control of premises), 18, 20 (safety committee, expert). These

1

items establish that the issues raised in this case concern standards of conduct and safety.

The responses to the summary judgment motions of the other defendants, Documents 68 and 69, with their supporting materials, do not address the issue of design or structural defects for which depositions to enhance expert testimony are requested in Document 67, and so do not require any reply. For the purposes of this reply, it suffices to note that those other responses would appear to focus on seeking liability against a non-party, Patrick Victor (*see* Document 69-2, p. 3, item 20 ("Victor letting go of Patsy's arm and then her falling")), and against the Watchtower Bible and Tract Society of New York, Inc. for the very reason it moved for summary judgment; it was not "there." *See id.*, item 17 (Weigel and Breaux "not in attendance").

## I. PROCEDURAL STATUS

Defendants have filed summary judgment motions asserting no genuine issues of material fact under either Alabama or Louisiana law and Plaintiffs have responded with oppositions that re-assert and expand somewhat upon their pleadings, dispute Defendants' statements of uncontested facts, and have requested summary judgment be denied so that discovery can proceed, primarily so that they can obtain evidence for their expert on matters of conduct and safety. See the citations to Plaintiffs' responses above. Defendants seek leave to file this Reply to address the issue of Choice-of-Law, now clearly identified by Plaintiffs' focus on "standards of conduct and safety" under Louisiana's provision for the law of the state where the alleged tortious conduct and injury took place. *McGee v. Arkel Int'l, LLC*, 671 F.3d 539 (5th Cir. 2012); La. Civ. Code art. 3543.

## II. STATEMENT OF THE ISSUES AND AUTHORITIES

A.   ISSUE.

Does Alabama or Louisiana law apply to conduct in Alabama alleged to have caused

injury to Plaintiffs' decedent, Patsy Maddox, while she was in Alabama?

  B.  AUTHORITIES

    1.  La. Civ. Code art. 3543: "Issues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct that caused the injury occurred, if the injury occurred in that state."

    2.  *McGee v. Arkel Int'l, LLC*, 671 F.3d 539 (5th Cir. 2012), law of Iraq applied because injury and conduct occurred in Iraq.

    3.  *Wooley v. Lucksinger*, 09-571 (La. 4/1/11), 61 So.3d 507, law of Texas applied because tortious conduct occurred in Texas and some of the injuries occurred there, though some occurred in Oklahoma and Louisiana as well.

    4.  *See Zimko v. American Cyanamid*, 03-658 (La. App. 4th Cir. 6/8/05), 905 So.2d 465, New Jersey law for asbestos injuries caused in New Jersey by asbestos exposure in New Jersey, but no choice-of-law issue because the negligence law in Louisiana and New Jersey were essentially the same.

    5.  *Davidson v. Highlands United Methodist Church*, 673 So.2d 765 (Ala. Civ. App. 1995):

> A landowner will generally owe no duty to warn a licensee of a potentially dangerous condition unless he does some positive act which creates a new hidden danger, pitfall or trap, which is a condition that a person could not avoid by the use of reasonable care and skill.... The licensee's entrance on the land carries with it no right to expect the land to be made safe for his reception, but he must assume the risk of whatever may be encountered. Once he is there, the law only requires the landowner to refrain from wantonly, maliciously or intentionally injuring him; in other words, the landowner is not liable unless he does some act which goes beyond mere negligence.
>   Wantonness is the conscious doing of some act or conscious omission of some duty by one who has knowledge of the existing conditions and who is conscious that doing, or failing to do, some act will probably result in injury.

*Id.* at 767 (citations and quotation references omitted).

6. *Prentiss v. Evergreen Presbyterian Church*, 644 So.2d 475, 477 (Ala. 1994), stated that "a person attending a church service is a licensee on the church premises," and held that a donation did not change the status of the person into an "invitee."

See Memorandum in Support of Summary Judgment for more detailed citations of Alabama authority.

### III. THE STANDARD OF REVIEW
### SUMMARY JUDGMENT STANDARD

Please see the Memorandum in Support of the Motion for Summary Judgment which recites the standard for summary judgment under *Fairfield Royalty Corp. v. Island Operating Co., Inc.*, No. 10-3446, 2012 WL 2716414, at 4-5 (E.D. La. July 9, 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986) and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)); *Brown v. Transit Management of Southeast Louisiana, Inc.*, No. 10-2620, 2011 WL 5119017 (E.D. La. Oct. 27, 2011)); (citing *Celotex*, *id.*, 477 U.S. at 323; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986), quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted) and quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

### IV. FACTS

The parties do not dispute that Patsy Maddox fell on stairs accessing seats in the upper level of the Mitchell Center at the University of South Alabama where Jehovah's Witnesses held a religious convention on 1 July 2011. Plaintiffs alleged that the stairs posed a hazard for their mother and for elderly and disabled people in general. *E.g.*, Petition ¶ XIII, p. 4 (unsafe for one like Patsy Maddox), Document 13-1, p. 4. Their Opposition to Summary Judgment has now focused the pleadings on such "standards of conduct and safety," as shown in the citations in the first paragraph above, as the primary legal question.

Further, they have agreed that Christian Congregation was in control of the premises. See citation to documents above. The Alabama lease that Christian Congregation made with University of South Alabama required that Christian Congregation comply with Alabama law. Lease Article IX (a copy of the Lease is attached hereto and made a part hereof by incorporation). Articles XIII and X of the Lease indemnified and released the University from any liability arising out of the use of the Mitchell Center, which made Christian Congregation the custodian of the premises for purposes of these proceedings. *Id.*

Plaintiffs' focus on "standards of conduct and safety" in their Opposition simplifies the facts because it simplifies the issues under Alabama law. Accordingly, the relevant facts will be discussed in the next section in the context of choice-of-law and the application of Alabama law to the pleaded facts have already been summarized in Defendants' summary judgment motions.

## V. ARGUMENT ON THE LAW AND FACTS

### A. LOUISIANA LAW REQUIRES THE APPLICATION OF ALABAMA LAW

The cases cited in Part II establish that the law of the state where the injury and the alleged tortious conduct occurred is the law that governs the case. La. Civ. Code art. 3543. The *McGee* case makes the case here as simple and straightforward as can be. The plaintiffs' decedent there was injured in Iraq because of alleged tortious conduct in Iraq. *McGee*, 671 F.3d at 540-541. The Fifth Circuit had no trouble applying Louisiana law to find that Iraqi law was the source for the substantive law-of-the-case. *Id.* at 542-544. The *Wooley* and *Zimko* cases were cited because no Louisiana cases could be found with as directly similar operative facts as those in *McGee*. However, they should provide guidance by showing that the provision in Article 3543 must be applied as written when the facts are as clear as they are in this case; just as it was applied in *McGee.*

The same result must occur here because Plaintiffs' mother fell on stairs at the Mitchell Center, in Mobile Alabama, an arena owned by the University of South Alabama, which leased the arena to Defendant Christian Congregation under terms that substituted Christian Congregation for the Alabama premises owner. Also, attached with the Lease are the Certificate of Insurance, the accident report, and photos of the accident site. They establish that the accident and resulting injuries occurred in Alabama. Under *McGee*'s application of La. Civ. Code art. 3543, there can be no doubt that Louisiana law requires application of Alabama substantive law-of-the-case here.

### A. ALABAMA LAW REQUIRES DISMISSAL

As already stated in the summary judgment motions, Plaintiffs sued for wrongful death in Louisiana on facts that occurred in Alabama. Ala. Code §6-5-410 required that cause of action to be filed in a court of competent jurisdiction in Alabama. The wrongful death case must be dismissed because the alleged tortious conduct occurred in Alabama and the injuries alleged to have caused Patsy Maddox death occurred in Alabama. See the accident report with the Lease.

Additionally, Plaintiffs have pleaded no "positive act [by defendants] which create[d] a new hidden danger, pitfall or trap, which [was] a condition that a person could not avoid by the use of reasonable care and skill." *Davidson*, 673 So.2d at 767. Nothing in the facts pleaded shows a duty breached for the safety of those attending religious services in Alabama. *Prentiss,* 644 So.2d at 477. Nothing pleaded shows that the defendants acted "wantonly, maliciously or intentionally" to injure Patsy Maddox. *Davidson* at 767. Indeed, completely contrary to Plaintiffs' theory of their case, Patsy Maddox had "no right to expect the land to be made safe for [her] reception, but [she assumed] the risk of whatever may [have been] encountered." *Id.*

Under Alabama law, there was no duty owed to Patsy Maddox anything like what

Plaintiffs have pleaded or argued in their Opposition to Summary Judgment. Under Alabama law, there can be no genuine issue of material fact because there was no duty owed that was breached on the facts alleged, or that could have been breached on any facts imagined from the facts as alleged. Discovery would not add any facts to flesh out Plaintiffs' theory of the case to support it under Alabama's law. This case must be dismissed under Rule 56.

## CONCLUSION

This Motion for Summary Judgment should be GRANTED, Christian Congregation of Jehovah's Witnesses, Inc., and its codefendants, should be dismissed, and costs taxed to Plaintiffs.

Respectfully submitted,
By /s/Ted M. Mitchell
Ted M. Mitchell     La. Bar No. 20964
2955 Ridgelake Drive, Suite 207
Metairie LA 70002
504-236-3966 – voice
504-273-2220 – fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 27th day of February 2013 and notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system or by mail.

/s/Ted M. Mitchell