UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, ET AL | CIVIL ACTION |
| VERSUS | NO. 12-1641 |
| INTEGRO USA, INC., ET AL | SECTION "N"  (1) |

## ORDER AND REASONS

Before the Court are: (1) Christian Congregation of Jehovah's Witnesses, Inc.'s Motion for Summary Judgment (Rec. Doc. 59); (2) Old Republic Insurance Company's Motion for Summary Judgment (Rec. Doc. 60); and (3) Watchtower Bible and Tract Society of New York, Inc.'s Motion for Summary Judgment (Rec. Doc. 61).

## I. BACKGROUND:

The Plaintiffs, Rachel and Shannon Maddox, are children of Patsy Maddox, who died after sustaining injuries when she fell while descending stairs at a district convention of Jehovah's Witnesses held at the Mitchell Center in Mobile, Alabama on July 1, 2011.  Plaintiffs allege that the defendants were negligent in failing to reasonably plan and care for the safety of elderly and disabled people, such as Ms. Maddox, who were specifically solicited to attend the event.  Plaintiffs allege that the defendants were negligent in failing to secure seating on the ground level for the elderly and disabled and/or provide a safe way of reaching upper-level seating.

## II. LAW AND ANALYSIS:

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### A. The Motions of Christian Congregation and Old Republic:

Christian Congregation of Jehovah's Witnesses, Inc. ("CCJW") and its insurer, Old Republic Insurance Company ("Old Republic"), move for summary judgment on grounds that: (1) Ms. Maddox was comparatively and/or contributorily negligent and caused her own injuries; (2) the stairs and the gaps in the guard rails were an "open and obvious" danger for which CCJW owed no duty of protection; (3) CCJW's duty under Alabama law to a "licensee" such as Ms. Maddox was only to avoid creating any new hidden danger that a person could not avoid by use of reasonable care and skill; and (4) because the accident occurred in Alabama, any wrongful death action must be brought in an Alabama court.  (Rec. Docs. 59, 60).  Arguments one through three rest on a version of facts that contrasts with plaintiffs' allegations:  that Ms. Maddox was not frail or disabled, but was fully capable of caring for herself and that she chose to sit on the upper level and declined to seek assistance.  (Rec. Doc. 59-1 at 5-10).  In support of this version of the facts, CCJW and Old Republic cite repeatedly to the declaration of Patrick Victor, submitted earlier in this case before the claims against Mr. Victor and his wife were dismissed.  (Rec. Doc. 25-1).

In opposition, plaintiffs submit declarations stating that Patrick and Kathy Victor know exactly where Ms. Maddox fell and that they request the opportunity to depose these two witnesses about the facts surrounding the fall.  (Rec. Docs. 67-3, 67-4, 69-3, 69-4).   They also

request the opportunity to depose members of the safety committee, including Landon Crigler and Allen Pierce. *Id.* They state that this information is necessary *inter alia* to provide an adequate expert report. *Id.* In addition, plaintiffs have filed a motion to continue the hearing on the motions for summary judgment. *See* Rec. Doc. 63.

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," Rule 56(d) authorizes the Court to deny the motion for summary judgment, defer ruling on it, allow additional time, or issue any other appropriate order. *See* Fed. R. Civ. P. 56(d).  Rule 56(d) "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Curtis v. Anthony*, — F.3d —, 2013 WL 823428 *6 (5th Cir. Mar. 6, 2013). "Such motions are broadly favored and should be liberally granted." *Id.* (internal quotations omitted); *see also Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir.2010). With regard to CCJW's and Old Republic's motions, the Court finds that the plaintiffs have made the requisite showing under Rule 56(d) of the need for specific additional discovery.

Regarding the fourth ground for summary judgment — that the wrongful death aspect of this action must be brought in an Alabama court — the movants have presented no briefing on the issue, but simply assert without analysis:  "Plaintiffs sued for wrongful death in Louisiana on facts that occurred in Alabama.  Ala. Code § 6-5-410 required that cause of action to be filed in a court of competent jurisdiction in Alabama." (Rec. Doc. 59-1 at 7).  The movant bears the burden of demonstrating that it is entitled to judgment as a matter of law.  Based on this showing,  the Court remains unpersuaded that, as a federal court sitting in diversity, this Court should apply a venue provision contained in a state practice code.

B. <u>**Watchtower's Motion**</u>:

Watchtower Bible and Tract Society of New York, Inc**.** ("Watchtower") seeks summary judgment on grounds that it had no factual connection to the 2011 convention and therefore owed no duty to plaintiffs' mother.  (Rec. Doc. 61).  Watchtower has submitted two declarations, each of which state that in 2001, Watchtower ceased handling all tasks related to sponsoring and supervising the annual district conventions of Jehovah's Witnesses.  *See* Declarations of Stanley F. Weigel and Gary Breaux (Rec. Doc. 61-1).  Beginning in 2001, CCJW took over these responsibilities and now supervises all tasks connected with the annual conventions, including locating venues and assigning particular Jehovah's Witnesses congregations to attached specific conventions.  *Id.*   According to the declarations, Watchtower's only connection to the 2011 convention was a statement in its March 2011 issue of *The Watchtower* that dates and locations of annual district conventions would no longer appear in *The Watchtower*, but could be accessed at the jw.org website.  *Id.*  Other than this informational statement, Watchtower had nothing to do with the 2011 convention.  *Id.*

The only material offered by plaintiffs in response to Watchtower's motion are statements in each plaintiffs' personal declaration that each plaintiff "is familiar with the convention and with [Watchtower], their advertising and promotional activities designed to target the elderly to attend the convention" and that Watchtower "targets and invites/solicits or otherwise seeks to promote to the elderly and infirm such as Patsy Maddox their attending the convention." Rec. Docs. 68-3, 68-4.  These conclusory statements fail to establish a genuine dispute as to any specific fact or facts that might give rise to a duty on the part of Watchtower

4

with regard to the convention premises, policies, or procedures or any other matter relating to the safety of plaintiffs' mother.

Moreover, plaintiffs have not articulated any specific request for additional discovery related to the dispositive issue here, which is Watchtower's relationship (or lack thereof) to the convention. *See Raby*, 600 F.3d at 561 ("The nonmovant, however, may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts. Rather, a request to stay summary judgment under Rule 56(f) [now 56(d)] must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.") (citations and internal quotations omitted). Although the plaintiffs have articulated a need for discovery related to specific facts surrounding the accident, including the convention's policies and procedures for seating the elderly and disabled, which if adduced, reasonably would be expected to influence the outcome of CCJW's and Old Republic's motions for summary judgment, the material issue in Watchtower's motion does not relate to the accident, the decedent, or conditions at the convention. Rather, the material issue in Watchtower's motion is whether Watchtower had any role in planning or implementing the logistics of the convention such that the law would impose on it a duty with respect to attendees' safety. Plaintiffs have pointed to no specific facts that it would hope to prove in this regard, if allowed additional time to oppose the motion. Thus, with regard to Watchtower's motion, the plaintiffs have failed to articulate a convincing Rule 56(d) request.

Accordingly, for the reasons stated above;

**IT IS ORDERED** that:

1) Christian Congregation of Jehovah's Witnesses, Inc.'s Motion for Summary Judgment **(Rec. Doc. 59)** and Old Republic Insurance Company's Motion for Summary Judgment **(Rec. Doc. 60)** are hereby **DENIED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 56(d);

2) Watchtower Bible and Tract Society of New York, Inc.'s Motion for Summary Judgment (Rec. Doc. 61) is hereby **GRANTED**; and

3) Plaintiffs' Motion to Continue and Reset Hearing (Rec. Doc. 63) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 19th day of March, 2013.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**