UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 12-1641 |
| ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE ) | SECTION "N" |
| BROKERS, CHRISTIAN CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, ) | |
| INC., WESTWEGO CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK ) | |
| VICTOR, KATHY VICTOR ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF CONSENT MOTION TO CONTINUE[1]**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, Rachel Maddox and Shannon Maddox [with the Consent/No Opposition of Defendants, Christian Congregation of Jehovah's Witness, Inc. ("CCJW") and Old Republic Insurance Company] respectfully representing that the trial should be reset by 120 days to allow the completion of discovery and any pretrial motions in the time frames within which to complete trial preparation. The Court should know that when the current trial date was selected, Plaintiffs' counsel advised of the conflict in his schedule

---

[1] The Court will note that in the phone call to the law clerk last Friday by counsel for the parties, it was represented that this motion would be "joint." On Monday, defense counsel chose to limit the participation of the defendants to "no opposition."

with the BP trial obligations and noted that if the BP trial did not settle, we would need to reset the trial.

R. Doc. 77, "Order" 3/14/13, was issued after consideration of the prior Motion to Amend Scheduling Order to Extend Discovery Deadlines and Continue the Trial [R. Doc. 74], which was initially opposed by the defendants. Defendants and Plaintiffs seek a continuance of the trial and note that the there is no opposition from the Defendants, who now fully realize that notwithstanding our best efforts, if the trial and scheduling are not adjusted, the parties face potential prejudice. In full compliance with the Court's Order of March 14, 2013, Plaintiffs attempted to enlist co-counsel in this contingency action. However, despite the best efforts to enlist co-counsel, the shortened time to take over trial preparation and try the case does not allow for preparation and trial by other lawyers. Plaintiffs have not been able to secure substitute counsel.

**Impediments to trial preparation:** Last Thursday, on a rare day off from trial, Plaintiffs' counsel discussed with Defense counsel these issues and the fact that Plaintiffs' counsel will take off days from the BP trial in light of the current deadlines in this case and the revised deadlines in the BP trial. However, even with foregoing activity on the BP trial team, attempts to set discovery depositions in Mobile and New Orleans, and complete written discovery show that the parties cannot complete written discovery and then the depositions before expert reports are due on the 19th of April, the current deadline set by this Honorable Court. The parties cannot accomplish the minimum of ten depositions and written discovery needed before April 19, and it is reasonable to allow this first continuance of the trial.

**Written discovery and depositions before Expert reports:**  Working backward from the trial setting of July 29, 2013, the current compressed discovery and motion framework does not allow full responses to Plaintiffs and Defendants written interrogatories, requests for production and requests for admission (which are due within a little over three weeks) before depositions now set to begin on Wednesday the 10th of April.  Without the written responses to discovery, depositions are subject to being repeated if the written discovery later shows documents that need to be discussed with witnesses, a likelihood as it appears to Plaintiffs' counsel.   It is clearly in the best interests of the parties that the written discovery be completed before depositions.  In addition to the initial ten witnesses, Plaintiffs show that there is required a 30 B(6) deposition of the CCJW and that additional eye witnesses will be identified, who will likely need to be deposed as well.

**Unavailable Counsel to the Victors:** The closest eye witnesses, the Victors were dismissed and are not represented by the defendants.  The Victors have counsel, Terrell Broussard, who is out of the state until 22 April, which is after the deadline for expert reports, he advised in voice mail.[2]

**Defense Counsel Conflicts:**   In addition to the trial obligations of the Plaintiffs' counsel, Defense counsel, Plaintiffs and their counsel show the following dates on which they are unavailable:

---

[2] The Victors told the Plaintiffs after the death of their mother that Patrick Victor let go of Ms. Maddox's hand before she fell. The Patrick Victor Declaration [R. Doc. 25-1] shows that he was holding her arm, and that was then marked out and changed to "walking with" the decedent. The conflict in the testimony of Patrick Victor needs examination early, because from the point of view of the Plaintiffs, the Victors were in a caretaker position at all times during their undertaking to assist Ms. Maddox.

1)  Mr. Mitchell writes he is unavailable on "the 29th of April, and in May ... on the 10th, the 13th – 17th, and the 23rd. In June [he is ] unavailable on the 13th.

2)  Mr. Miller writes he is unavailable on June 20 - July 2, July 16-19 and August 8-9.

3)  Mr. Thornhill, Plaintiffs' counsel has ongoing BP trial obligations for another couple weeks, but has asked for some days off to handle this matter, however, Mr. Thornhill has conflicts and is unavailable on April 8, 10, 15, 19, 22; April 26 - May 10 because of out of the country travel related to family obligations; May 24, 31; June 4, 5, 6, 11; July 10 and has trials also set in other matters on May 13 -17 and June 3 - 7 (this one is likely to settle) and July 22 - 26 (this one is likely to be moved);

4)  Also, the Plaintiff, Rachel Maddox, is due to bear a child on June 3, 2013.

**The Current Schedule cannot be met:** The current deadlines fixed by the Court's Order of March 14, 2013, [R. Doc. 77] are summarized as the following:

4/19/13 P Expert Reports
5/22/13 D Expert Reports + both parties to produce list of witnesses & exhibits
6/12/13 Pretrial Motions
7/1/13   Depositions & Discovery
7/12/13 Settlement Conference to be completed by this date
7/18/13 Pretrial Conference
7/29/13 Trial

**Settlement Discussions delayed:** As a practical matter, we need written discovery, then depositions and then expert opinions before we negotiate final settlement, although as we are able to set a settlement conference, we will.  Clearly, the potential problems with the BP trial and now many other conflicts show the need to reset the trial and the deadlines in this case by 120 days. [3]

The court should note also that we seek a pretrial settlement conference with Magistrate

---

[3] Were there not so many unexpected delays and conflicts in preparing this case, we might be able to adjust to ninety days delay, but the above conflicts show the need for 120 days delay.  A November trial date would be best, it is respectfully suggested.

Judge Shushan, who also has BP responsibility and has been traveling abroad of late. The parties have begun negotiations and some progress has been made, the details of which will require another couple weeks to allow authority to be obtained, if all goes as the Plaintiffs expect, then, more than likely, we can set the formal settlement negotiations through Magistrate Judge Shushan.

**The Interests of Justice Favor the Continuance:** Respectfully, it is shown that the interests of justice favor allowing the parties to develop their positions through written discovery, then depositions, then expert reports and depositions, settlement negotiations, and motion practice. A continuance of 120 days will not prejudice the parties, but maintaining the current schedule will prejudice the parties. Counsel for the parties show it is therefore in the best interests of the parties and in the interests of fair and just development of the facts and law in the case to allow for the requested continuance of 120 days.

| CERTIFICATE OF SERVICE | **Respectfully submitted,** |
|---|---|
| I hereby certify that on this 9th day of April, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.<br><br>___/s/Tom W. Thornhill_____<br>**TOM W. THORNHILL** | **THORNHILL LAW FIRM, A PLC**<br><br> **/s/Tom W. Thornhill_____**<br>**TOM W. THORNHILL #12776**<br>**1308 Ninth Street**<br>**Slidell, Louisiana 70458**<br>**(985) 641-5010**<br>**(985) 641-5011 fax**<br>**tom@thornhilllawfirm.com** |