UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> vs. ) <br> ) <br> INTEGRO USA, INC., INTEGRO INSURANCE ) <br> BROKERS, CHRISTIAN CONGREGATION OF ) <br> JEHOVAH'S WITNESSES, WATCHTOWER ) <br> BIBLE AND TRACT SOCIETY OF NEW YORK, ) <br> INC., WESTWEGO CONGREGATION OF ) <br> JEHOVAH'S WITNESSES, INC., PATRICK ) <br> VICTOR, KATHY VICTOR ) <br> Defendants. ) | CIVIL ACTION <br><br> NO. 12-1641 <br><br> SECTION "N" <br><br> MAGISTRATE (1) |

**<u>MEMORANDUM IN SUPPORT OF MOTION TO COMPEL</u>**

NOW INTO COURT, through undersigned counsel, comes Plaintiffs, Rachel Maddox and Shannon Maddox, on motion respectfully representing that:

On April 10, 2013, in the deposition of Willie F. Huguley, shown in the attached copy of the deposition, the deposition was terminated and the witness and counsel for the Defendants left. Attached please find copies of the pertinent parts of the transcript showing that in response to questions of Mr. Huguley, Mr. Mitchell inquired about whether a lay opinion was being requested, to which we advised that we were asking what the witness knows. Mr. Mitchell proceeded to then argue about whether we were asking for an opinion and refused to continue the deposition.

## I.   STANDARD OF REVIEW

The standard of review for failure to cooperate in discovery and in this case, refusing to continue a deposition is certainly fact specific, however the law is fairly clear that when a deposition has commenced it is not to be terminated without just cause.  In this case, there was no reason for Mr. Mitchell and his client to leave, except that they wanted to avoid the very damaging and incriminating testimony that was being offered by Mr. Huguley.

The standard of review is therefore with respect to the Defendants that there was good cause for terminating the deposition.

## II.   ARGUMENT

The focus of the undertaking in this case is to establish the facts for submission to experts.  Our effort to do that has been made difficult by the Defendants now refusing to set depositions and by the Defendants refusing to cooperate in completing the instant deposition.  Of course, notices and subpoenas can be issued and those efforts will be undertaken.

However in a case like this a Case Management Order and supervision from the Magistrate Judge will serve us well, it is believed.

Obviously there is no basis to refuse to be deposed.  Mr. Mitchell refuses to reset the deposition and in this case before terminating the deposition engaged in very obstructionist argument.

### III. CONCLUSION

In view of the facts and the law, it is respectfully requested that an Order issue to the Defendants to refrain from interfering in the witnesses providing testimony and refusing to allow for the conclusion of the deposition of Willie F. Huguley.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that on this 24th day of April, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.<br><br>  /s/Tom W. Thornhill  <br>**TOM W. THORNHILL** | **Respectfully submitted,**<br><br>**THORNHILL LAW FIRM, A PLC**<br><br>  /s/Tom W. Thornhill  <br>**TOM W. THORNHILL #12776**<br>**1308 Ninth Street**<br>**Slidell, Louisiana 70458**<br>**(985) 641-5010**<br>**(985) 641-5011 fax**<br>**tom@thornhilllawfirm.com** |