UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 12-1641 |
| ) | |
| INTEGRO USA, INC., INTEGRO INSURANCE ) | SECTION "N" |
| BROKERS, CHRISTIAN CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER ) | MAGISTRATE (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, ) | |
| INC., WESTWEGO CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK ) | |
| VICTOR, KATHY VICTOR ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

**MAY IT PLEASE THE COURT:**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiffs, Rachel Maddox and Shannon Maddox, who suggests to this Honorable Court that Interrogatories, Requests for Production of Documents and Requests for Admission were propounded to the Defendant, Christian Congregation of Jehovah's Witnesses, Inc. ("CCJW"), on April 4, 2013. CCJW provided responses to Plaintiffs' discovery requests on May 7, 2013 (see attached Exhibit "A"). Plaintiffs submit that the responses contain numerous objections which are without merit and which the responses are deficient in a number of respects.

CCJW did not provide a Privilege Log or give a description of documents being withheld. See *Cantrelle Fence and Supply Co., Inc. V. Allstate Ins. Co.* 550 So.2d 1306; see also *Hodges v. Southern Farm Bureau Cas. Ins. Co.* 550 So.2d 125. CCJW is required to provide a Privilege Log and give a description of any documents being withheld. Under F.R.C.P. 26(e)(1), a party who has responded to an Interrogatory, Request for Production, or Request for Admission must supplement its response.

Plaintiffs' counsel attempted to resolve this discovery dispute under Federal Rules of Civil Procedure 37. CCJW has refused to provide the supplemental responses (see attached Exhibits "B," and "C," respectively).

Counsel for Plaintiff outlined exactly which discovery requests were insufficient in their May 7 correspondence, specifically requesting the following:

> CCJW's responses are inadequate for the following reasons:
>
> 1. Response to Interrogatory No. 4 indicates pre convention photos were taken by Merle Baetje and Landon Crigler completed an Accident Report. None of Baetje's photos were provided and we received no Accident Report.
>
> 2. Response to Interrogatory No. 5 indicates there were statements taken by CCJW's attorney but they are privileged. Attorney-client privilege does not apply to statements and any statements taken should be immediately provided to Plaintiffs.
>
> 3. Response to Interrogatory No. 11 indicates Plaintiffs should refer to the "Convention Organization Guidelines" which is attached. The attached document is largely blacked out but CCJW does not provide a Privilege Log with their responses. A Privilege Log should immediately be provided. Also, the portions of the Convention Organization Guidelines which can be read reference form documents for their Elders to use, i.e., TO-5 Accident Report

Form, CO-53 Convention Personnel Report, 11/5/05 and 4/9/12 letters to all bodies and Elders regarding conventions, etc....... The forms which should be attached to the Convention Organization Guidelines should immediately be produced in CCJW's supplemental responses in addition to a Privilege Log.

Counsel for CCJW responded on May 8 indicating #'s 1 & 2 were already provided and #'s 2 & 3 will be provided 'when they are located'. (see attached Exhibits "B," and "C," respectively).

CCJW ignores the rules of Court and seeks to make its own rules. CCJW has not claimed any privileges or submitted any Privilege Log. CCJW's refusals are now multiple, refusing in response letter to Plaintiffs' courtesy letter to provide the responses to discovery as required by the rules. CCJW simply refuses and withholds the information because it does not want to produce it.

Plaintiffs respectfully request that this Court order CCJW to produce sufficient discovery responses to Plaintiffs' discovery requests and order sanctions against CCJW for their blatant refusal to comply with the Federal Rules of Civil Procedure and for attorney's fees and costs associated with the filing of this Motion to Compel, all as the Court deems appropriate.

**Respectfully submitted,**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of May, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

__/s/Tom W. Thornhill_____
**TOM W. THORNHILL**

**THORNHILL LAW FIRM, A PLC**

 /s/Tom W. Thornhill_____
**TOM W. THORNHILL #12776**
**1308 Ninth Street**
**Slidell, Louisiana 70458**
**(985) 641-5010**
**(985) 641-5011 fax**
**tom@thornhilllawfirm.com**