# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA
# NEW ORLEANS DIVISION

| | | |
|---|---|---|
| RACHEL MADDOX, AND SHANNON MADDOX, | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | NO. 12-1641 |
| vs. | ) | |
| | ) | SECTION: "N" |
| INTEGRO USA, INC. d/b/a INTEGRO INSURANCE | ) | |
| BROKERS, CHRISTIAN CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, WATCHTOWER | ) | MAGISTRATE: (1) |
| BIBLE AND TRACT SOCIETY OF NEW YORK, | ) | |
| INC., WESTWEGO CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK | ) | |
| VICTOR AND KATHY VICTOR | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**RESPONSE TO PLAINTIFF'S INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS TO DEFENDANT CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES**

TO:  Rachael Maddox and Shannon Maddox
*through their attorney of record*
Tom W. Thornhill
1308 Ninth Street
Slidell, LA 70458

Defendant Christian Congregation of Jehovah's Witnesses ("CCJW"), herewith provides the following objections and responses to Plaintiffs' interrogatories, requests for production, and requests for admissions.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify all persons that you intend to call as witnesses at the trial of this matter, whether fact or expert, what each one's testimony is expected to be and identify any documents that contain or describe the facts known to such persons.

**RESPONSE:**

Objection: Defendant objects to this interrogatory as being overly broad as to scope and asking for information protected from disclosure as work product, specifically when asking Defendant to "identify any documents that contain or describe the facts know to such persons." In addition, Defendnat object to this interrogatory because the decision about trial witnesses is incomplete at present.

Subject to and without waiving these objections, Defendant responds as follows: Thus far, it appears that the following may appear at trial, either live or by deposition. The list of witnesses will be supplemented timely in accord with the Rules of Procedure and the Court's Docket Order:

- Landon Crigler, 5629 Grade Road, Mobile, AL 36693; (251) 666-0565: Convention Overseer. He is familiar with the layout of the Mitchell Center Arena, the seating available on the floor and other portions of the arena, oversight of various departments that operated at the convention held July 1-3, 2011, at the arena, familiar with location where Patsy Maddox fell and the conditions of the area. He is aware of why seats for elderly and disabled on floor of arena filled up before Patsy Maddox arrived.

- John Hudson, P.O. Box 8565, Moss Point, MS 39652; (228) 475-8454: Attendants Overseer. He is familiar with number of attendants who volunteered their services at the

convention and their duties. He is aware of why seats for elderly and disabled on floor of arena filled up before Patsy Maddox arrived.

- Allen Pierce, 9410 Yorktowne Way, Mobile, AL 36695; (251) 607-9170: First Aid Overseer. Saw Patsy Maddox in the arena soon after she fell; he spoke with her and with Plaintiffs at the hospital.

- Patrick and Kathleen Victor, 1013 Manhattan Blvd., #345, Harvey, LA 70058; (504) 994-7107. They attended the convention with Patsy Maddox. Their testimony is anticipated to be consistent with their affidavits filed in connection with motions filed in this lawsuit, which affidavits have been provided to Plaintiffs.

- Malbert Helton, Sr.; (504) 436-9880: He knew Patsy Maddox well. They were fellow members of the same congregation. He regularly cut her grass for her. He was familiar with her condition. He knows how often Plaintiffs visited their mother and how close the family was. He also knows how much grief Shannon Maddox caused his parents.

- Jeff and Sharon Bowdre, 3628 Blueback Avenue, Pascagoula, MS 39581; (228) 218-1614: They were eyewitnesses to the incident. They also saw what preceded it and saw it as it occurred.

## INTERROGATORY NO. 2:

Please state the date, location, circumstances, context and the substance of each conversation anyone from your congregation had with the Decedent after July 1, 2011, and identify any other person(s) present.

**RESPONSE:**

Objection: Defendant objects to this interrogatory as vague and ambiguous as to what is meant or referred to by "your congregation."

Subject to and without waiving this objection, Defendant responds as follows: We understand that several elders and others from the English Westwego Congregation of Jehovah's Witnesses went to see Patsy Maddox but were unable to speak with her.

**INTERROGATORY NO. 3:**

Please list all litigation, claims or cases in which CCJW has been a party, identifying the court and case number or claim number (if no litigation), the nature of the claim or litigation, the disposition of the claim or litigation and the amount received by any party either by settlement or Judgment.

**RESPONSE**:

Objection: Defendant objects to this interrogatory as irrelevant and not likely to lead to production of relevant evidence.

Subject to and without waiving this objection, Defendant responds as follow: This is the second time CCJW has ever been sued over an incident that occurred during a convention. The first was in *Franco v. County of Nassau, et al.,* Index No. 14763/04, filed in the Supreme Court of New York, County of Nassau in which CCJW was a third-party defendant. It was a premises liability lawsuit based on a slip and fall in a parking lot at a district convention at the Nassau Coliseum.

**INTERROGATORY NO. 4:**

Please identify every person(s) who on your behalf has investigated the facts of this case, inspected the premises, visited the Decedent during her demise and state whether any person(s) has or will prepare a report, conducted surveillance, taken photographs or reduced to writing or recorded anything or compiled any data of findings in any way whatsoever.

**RESPONSE:**

Allen Pierce took photos, Landon Crigler produced an accident report, Willie Huguley has testified about what he has learned from asking questions, and Merle Baetje took preconvention photographs of portions of the Arena.

**INTERROGATORY NO. 5:**

Please list any written or recorded statements from anyone regarding this case and include anyone acting on your behalf who has taken any statements regarding this case or made any notes of any interviews with anyone regarding this case.

**RESPONSE:**

None other than those taken by our attorney as part of the defense of this lawsuit, which are privileged.

**INTERROGATORY NO. 6:**

Identify each person who maintains insurance, financial, banking or business records for CCJW, such as a bookkeeper, CPA, stockbroker, investment counselor, certified financial planner, banker and/or bank(s).

**RESPONSE:**

Objection: Defendant objects to this interrogatory as irrelevant and not likely to lead to the production of relevant information.

Subject to and without waiving this objection, Defendant responds as follows: The Accounting Office, which has numerous individuals.

**INTERROGATORY NO. 7:**

Identify each person and/or entity responsible for organizing the district convention which took place on July 1, 2011, at the Mitchell Center in Mobile, Alabama and whether their

involvement included soliciting member's attendance, planning for the event, organizing the event, designing the convention, preparing the program for the convention and/or scheduling block hotel room reservations for this particular convention.

**RESPONSE:**

Objection: Defendant objects to this interrogatory as being vague and overly broad as to scope. Further, Defendant objects to the use of the word "soliciting" as an improper and prejudicial characterization.

Subject to and without waiving these objections, Defendant responds as follows: A 3-person committee consisting of Landon Crigler, Edward Brashier, and David Avritt coordinated various aspects of the event. No one solicits attendance. Congregations are informed by letter of the dates and location of their assigned conventions by CCJW. Congregation elders read this letter to the congregation and post it on the congregations' information board. Congregation elders encourage congregation members to make their personal travel and rooming arrangements if they plan to attend, and to let an elder know if any need assistance. CCJW leased the facility. David Avritt led a group of persons who arranged for blocks of rooms to be available for reservation at motels and hotels near the Mitchell Center.

**INTERROGATORY NO. 8:**

Please state how frequently CCJW solicits in Louisiana for yearly district conventions through Westwego Congregation of Jehovah's Witnesses, Inc., for which Patsy Maddox was an attendee for decades before her demise.

**RESPONSE:**

Objection: Defendant objects to this interrogatory as to the form for its use of the word "solicits" as an improper and prejudicial characterization. Further, Defendant objects to this

interrogatory as being vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows: CCJW holds annual conventions and sends an annual notice to each congregation.

**INTERROGATORY NO. 9:**

Please explain the relationship between CCJW and Westwego Congregation of Jehovah's Witnesses, Inc.

**RESPONSE:**

Westwego is one of the congregations of Jehovah's Witnesses in the United States. CCJW is the legal entity used to communicate spiritual direction and assistance to elders and congregations of Jehovah's Witnesses in the United States.  It is also used to communicate the appointment and removal of elders and ministerial servants to congregations in the United States, and to organize district conventions in the United States.

**INTERROGATORY NO. 10:**

Please explain the relationship between CCJW and Watchtower Bible and Tract Society of New York, Inc.

**RESPONSE:**

They are separate corporations used by Jehovah's Witnesses to perform different functions in the United States. Watchtower publishes Bibles and Bible-based spiritual information that is disseminated to Jehovah's Witnesses and others, and holds title to some properties in the United States. As for CCJW, see answer to interrogatory number 9 above.

**INTERROGATORY NO. 11:**

Please explain the protocol of CCJW when planning for, organizing and designing a convention, specifically with regard to the risk of injury analysis, identification, mitigation and

alternatives associated with crowd management, including, but not limited to, accommodations for the elderly, infirm and disabled attendees.

**RESPONSE:**

CCJW provides "Convention Organization Guidelines" August 2006 to selected elders of congregations of Jehovah's Witnesses. See document produced in response to Request for Production number 4.

**INTERROGATORY NO. 12:**

A. Please identify all people with knowledge who could describe the estimated demographics relating to the people likely to attend the district convention, including the plans of the organizers for different territories or regions to attend district conventions, in order to plan to accommodate attendance and accommodations for people attending each region, area or territory, when each would attend, the plan for likely age of the membership from each region, area or territory and any other information compiled regarding the church area membership likely to attend.

**RESPONSE:**

Congregation elders are most familiar with the demographic makeup of their congregation. The planning committee is most familiar with the overall demographic makeup of their area.

B. Please describe the total number of disabled, elderly and/or infirm in attendance at the district convention.

**RESPONSE:**

There was no separate count of the elderly and disabled taken.

C. Please describe the total amount of donations received by CCJW from the July 1,

2011, convention held at the Mitchell Center in Mobile, Alabama and the age of the persons donating, the persons who keep records on the donors and the use of or expenditure of the money collected.

**RESPONSE:**

Objection: Defendant objects to this interrogatory as being overly broad in scope. Further, Defendant objects to this interrogatory as irrelevant and not likely to lead to the production of relevant information.

Subject to and without waiving these objections, Defendant responds as follows: Since donations are made anonymously, it is not possible to provide the ages of persons who donated. John Mason, Accounts Overseer, with help from his volunteer staff, counted the total donations. The Accounting Office has CCJW's record of total donations from the convention.

D. Please describe the manner of solicitations during the district conventions and specifically any benefits promised to result from the donations made by the attendees.

**RESPONSE:**

Objection: Defendant objects to this interrogatory as to use of the word "solicitations" as an improper and prejudicial characterization.

Subject to and without waiving this objection, Defendant responds as follows: Donation boxes are located in various locations inside the arena. No benefits are promised to result from any donations.

E. Please describe the discussion, speech, or sermon of any type made at the district convention involving donations during the district convention.

**RESPONSE:**

See objection and response to interrogatory 12.D above. In addition, an announcement is

made during the first announcement period of the first and third days to the effect that if anyone wishes to donate by check, please make the check payable to Christian Congregation of Jehovah's Witnesses.

**INTERROGATORY NO. 13:**

Please explain how CCJW promotes the district conventions to their members to encourage them to attend. Do these solicitations include safe keeping and accommodations for the elderly, infirm and disabled?

**RESPONSE:**

Objection: Defendant objects to this interrogatory as to use of word "solicitations" as an improper and prejudicial characterization. Further, Defendant objection to this interrogatory because it is vague and ambiguous as to the term "safe keeping."

Subject to and without waiving these objections, Defendant responds as follows: CCJW prints a list of convention dates and locations on its website, www.jw.org, and sends information to each congregation about the convention the congregation is assigned to attend. Congregation elders encourage congregation members to attend the convention to which the congregation has been assigned. Nothing is said about accommodations for elderly, infirm, or disabled, other than a brief note in *Our Kingdom Ministry* about parking in an area reserved for those with a state-approved license plate or placard for the disabled.

**INTERROGATORY NO. 14:**

Please explain the training undertaken by CCJW to train Ushers and all others providing assistance of any kind during the district conventions, whether paid or voluntary, to handle seating arrangements and/or accommodations for the elderly, infirm and disabled.

**RESPONSE:**

Objection: Defendant objects to this interrogatory as being vague and ambiguous as to the term "Ushers."

Subject to and without waiving this objection, Defendant responds as follows: Defendant does not use the term "Usher." All who provide any services of any kind at each convention are unpaid volunteers. All volunteers, including attendants, receive training by the overseer of their respective department to learn how to do what is needed. Attendants help any who need assistance to find a seat. This includes helping the elderly, infirm or disabled to find the seating that has been set aside for them.

**INTERROGATORY NO. 15:**

A.      Please explain any other training provided for those directing, managing, serving or otherwise involved in the district conventions.

**RESPONSE:**

Any other training is done by appointed department overseers for each convention.

B.      Specifically included in this request, which is not limited, is any amount estimated, expended, or budgeted for safety, training, and the risk of injury analysis, identification, mitigation and alternatives associated with crowd management at the subject district convention.

**RESPONSE:**

There is no budget for these items. All services are provided by unpaid volunteers.

**INTERROGATORY NO. 16:**

Identify each person who provided information to answer and who completed the answers under oath to these discovery requests.

**RESPONSE:**

John Miller, Landon Crigler, David Avritt, Allen Pierce, Philip Brumley, and CCJW's Convention Office.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>**REQUEST FOR PRODUCTION NO. 1:**</u>

Please produce a copy of all litigation, claims or cases in which CCJW has been a party.

**RESPONSE:**

Objection: Defendant objections to this request as irrelevant and not likely to lead to discovery of relevant information.

Subject to and without waiving this objection, Defendant produces the following: Pleadings for the *Franco v. County of Nassau, et al.* lawsuit.

<u>**REQUEST FOR PRODUCTION NO. 2:**</u>

Please produce any written or recorded statements from anyone regarding this case and include any notes of any interviews with anyone regarding this case.

**RESPONSE:**

Objection: Defendant objects to this request as irrelevant and not likely to lead to discovery of relevant information. Further, Defendant objects to this request on the basis of attorney-client privilege and work product.

Subject to and without waiving these objections, Defendant responds as follows: Defendant has none.

<u>**REQUEST FOR PRODUCTION NO. 3:**</u>

Please produce all solicitation materials for the district convention which took place on July 1, 2011, at the Mitchell Center in Mobile, Alabama.

**RESPONSE:**

Objection: Defendant objects to this request as to use of the word "solicitation" as an improper and prejudicial characterization.

Subject to and without waiving this objection, Defendant responds as follows: All documents concerning advance information about the convention in CCJW's possession have been provided to you in Rule 26 production. If we obtain the specific letter written to any of the congregations that were assigned to attend July 1-3 2011, convention we shall provide you a copy of that letter.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce the documentation for all the planning, organizing, designing, risk analysis of exposures for the elderly infirm or disabled for the July 1, 2011, convention, specifically including, but not limited to, accommodations for the elderly, infirm and disabled attendees.

**RESPONSE:**

Attached are the redacted "Convention Organization Guidelines" August 2006.

**REQUEST FOR PRODUCTION NO. 5:**

A.     Please produce an accounting of the total amount of donations received by CCJW from the July 1, 2011 convention held at the Mitchell Center in Mobile, Alabama.

**RESPONSE:**

Objection: Defendant objects to this request as irrelevant and not likely to lead to the discovery of relevant information.

B.     Specifically included in this request, which is not limited, is any amount estimated, expended, or budgeted for safety, training, analysis of risk of injury to the elderly,

infirm or disabled; analysis of and/or risk identification, mitigation and/or alternatives associated with management of crowds, the elderly, infirm or disabled in attendance at the subject district convention.

**RESPONSE:**

Objection: Defendant objects to this request as irrelevant and not likely to lead to the discovery of relevant information.

Subject to and without waiving this objection, Defendant responds as follows: No documents responsive to this request exist.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all CCJW promotion materials for their District Conventions which they supply to their members to encourage them to attend.

**RESPONSE:**

Objection:   Defendant objects to this request because it is vague and ambiguous as to the term "members."

Subject to and without waiving this objection, Defendant responds as follows: CCJW is a membership corporation. No materials were sent to its members about conventions.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all training materials used to prepare, educate or train Ushers working the conventions.

**RESPONSE:**

Objection: Defendant objects to this request because it is vague and ambiguous as to the term "Ushers."

Subject to and without waiving this objection, Defendant responds as follows: Defendant

does not use the term "Usher." The attached redacted "Convention Organization Guidelines" August 2006 and the Attendant Instructions contain the information specific to those who will serve as attendants.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce a copy of the tax returns for CCJW for the last five (5) years.

**RESPONSE:**

Objection: Defendant objects to this request as irrelevant and not likely to lead to discovery of relevant information. Further, Defendant objects on the basis that this request asks for information that is confidential, not publicly available, and is protected by Defendant's privacy rights.

Subject to and without waiving these objections, Defendant responds as follows: No such documents exist.   As a 501(c)(3) church, CCJW does not file income tax returns.

**REQUEST FOR PRODUCTION NO. 9:**

Please produce a photocopy of all checks from Decedent where donations were made to CCJW.

**RESPONSE:**

Objection: Defendant objects to this request as irrelevant and not likely to lead to discovery of relevant information.

Subject to and without waiving this objection, Defendant has no such documents since copies of checks for donations are not kept by Defendant.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce a copy of all exhibits which you intend to introduce at trial.

**RESPONSE:**

All of the documents identified above have been produced in Rule 26 disclosure or are produced herewith. As we near the trial, and as discovery produces further documents that we may introduce at trial, we shall provide you copies.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce a copy of all expert reports in your possession.

**RESPONSE:**

Objection: Defendant objects to this request because it seeks information protected by the attorney-client privilege and work product.

Subject to and without waiving the foregoing objection, Defendant responds: None to date. We shall supplement this response in accord with the Rules of Procedure and the Court's Docket Order.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents identified in your Answers to Interrogatories.

**RESPONSE:**

See Defendant's objections and responses to the above interrogatories and requests for production.

**REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSION NO. 1:**

Patsy Maddox was a member of CCJW for decades.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 2:**

CCJW regularly solicited its members to attend conventions throughout the year.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 3:**

CCJW regularly invited its members to attend the conventions it schedules throughout the year.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 4:**

CCJW arranged for the location of the July 1, 2011, district convention at the Mitchell Center in Alabama.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 5:**

CCJW arranged for blocks of hotel rooms in Alabama for the convenience of its members traveling to this district convention held at the Mitchell Center on July 1, 2011.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

There is no reason to believe that without the solicitation of CCJW of the July 1, 2011, district convention would Patsy Maddox be in the Mitchell Center on that date.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 7:**

CCJW planned the July 1, 2011 district convention held at the Mitchell Center in Mobile, Alabama.

**RESPONSE:**

Admitted.

**REQUEST FOR ADMISSION NO. 8:**

CCJW was responsible for training and providing ushers at the district convention held at the Mitchell Center in Mobile, Alabama on July 1, 2011, whether paid or voluntary.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 9:**

CCJW was responsible for composing the message to be presented to its members at the district convention held at the Mitchell Center in Mobile, Alabama on July 1, 2011.

**RESPONSE:**

Objection: Defendant objects to this request because it is vague and ambiguous as to the terms "responsible," "the message" and "members."

Subject to and without waiving these objections, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 10:**

CCJW and Westwego Congregation of Jehovah's Witnesses, Inc., work together on a national level to organize all conventions for its members.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 11:**

CCJW and Watchtower Bible & Tract Society of New York, Inc., work together on a national level to organize all conventions for its members.

**RESPONSE**:

Denied.

**REQUEST FOR ADMISSION NO. 12:**

CCJW has accepted thousands of dollars over the decades from Patsy Maddox, her husband and her family in donations as a member of the congregation.

**RESPONSE:**

Objection: Defendant objects to this request as irrelevant and not likely to lead to discovery of relevant information.

Subject to and without waiving this objection, Defendant responds as follows: Defendant does not have any records or knowledge of what donations, if any, it has received from Patsy Maddox, her husband and her family, and on that basis, this request is denied.

**REQUEST FOR ADMISSION NO. 13:**

CCJW is familiar with the safety requirements for conventions organized under their care.

**RESPONSE:**

Objection: Defendant objects to this request because it is vague and ambiguous as to the phrase "under their care."

Subject to and without waiving this objection, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 14:**

CCJW collected donations during the July 1, 2011 district convention at the Mitchell Center in Mobile, Alabama.

**RESPONSE:**

Objection: Defendant objects to this request as irrelevant and not likely to lead to discovery of relevant information.

Subject to and without waiving this objection, Defendant responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 15:**

CCJW promotes a safe environment for the elderly, infirm or disabled at the conventions it holds year round.

**RESPONSE:**

Admitted in part and denied in part. CCJW admits that it strives to provide safety for all in attendance at conventions. However, CCJW denies that it "promotes" a safe environment.

**REQUEST FOR ADMISSION NO. 16:**

There was no specific seating for the elderly, infirm or disabled on the floor of the Mitchell Center in Mobile, Alabama during its July 1, 2011 district convention.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 17:**

There was no seating left in the elderly section of the floor upon Patsy Maddox's arrival to the July 1, 2011 district convention at the Mitchell Center in Mobile, Alabama.

**RESPONSE:**

Defendant lacks personal knowledge upon which to admit or deny this request.

**REQUEST FOR ADMISSION NO. 18:**

Patsy Maddox was directed to sit upstairs upon her arrival to the district convention on July 1, 2011 at the Mitchell Center in Mobile Alabama.

**RESPONSE:**

Defendant lacks personal knowledge upon which to admit or deny this request.

**REQUEST FOR ADMISSION NO. 19:**

Patsy Maddox was escorted to the district convention on July 1, 2011 at the Mitchell Center in Mobile Alabama by Patrick & Kathy Victor, also members of CCJW.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 20:**

CCJW assured worship in a safe environment.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 21:**

CCJW was aware of Patsy Maddox's age and disabilities.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 22:**

CCJW had Elders visit Patsy Maddox at USA Medical Center in Mobile, Alabama after her injury on July 1, 2011.

**RESPONSE:**

Objection: Defendant objects to this request as irrelevant and not likely to lead to the

discovery of relevant information. Further, Defendant objects to this request because it seeks information protected under the Free Exercise and Establishment clauses of the First Amendment to the United States Constitution, and its State analogy.

Subject to and without waiving these objections, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 23:**

CCJW later reimbursed Rachel Maddox & Shannon Maddox for their stay in Alabama while their mother was being treated for her injuries after July 1, 2011.

**RESPONSE:**

Objection: Defendant objects to this request as irrelevant and not likely to lead to discovery of relevant information.

Subject to and without waiving this objection, Defendant responds as follows: Admitted.

**REQUEST FOR ADMISSION NO. 24:**

CCJW did not exercise reasonable care for the safety of the attendees at the July 1, 2011, district convention at the Mitchell Center in Mobile, Alabama.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 25:**

CCJW exposed Patsy Maddox to unreasonable risk to injury and harm by directing her to sit upstairs and not in the section specifically designated for the elderly, infirm and disabled.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 26:**

CCJW is responsible for gross negligence to Petitioners for soliciting their mother to

attend the district convention on July 1, 2011, with assurances of safety.

**RESPONSE:**

Objection: Defendant objects to this request as to form for use of the word "soliciting" as an improper and prejudicial characterization and the phrase "assurances of safety" as vague and ambiguous.

Subject to and without waiving these objections, Defendant responds as follows: Denied.

**REQUEST FOR ADMISSION NO. 27:**

Safety for the elderly, infirm and disabled was neglected in the elevated portions of the Mitchell Center on July 1, 2011, where some attendees were directed to sit after the designated location for the elderly, infirm and disabled was full.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 28:**

CCJW did not properly plan for the district convention at the Mitchell Center on July 1, 2011 as it did not provide adequate seating space for the elderly, infirm and disabled for which it promoted to attend.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 29:**

CCJW did not exercise care in insuring its members were provided a safe place of worship during a district convention it promoted on July 1, 2011 at the Mitchell Center in Mobile, Alabama.

**RESPONSE:**

Denied.

**REQUEST FOR ADMISSION NO. 30:**

CCJW lost a lifelong member, Patsy Maddox, on September 20, 2011 due to its own negligence on July 1, 2011 by failing to provide a safe place of worship for the elderly, infirm and disabled.

**RESPONSE:**

Denied.

Respectfully submitted,
By /s/Ted M. Mitchell
Ted M. Mitchell   La. Bar No. 20964
2955 Ridgelake Drive, Suite 207
Metairie, LA 70002-3618
(504) 236-3966

## SIGNATURE AS TO OBJECTIONS

The objections to the foregoing discovery responses are here certified by the undersigned as attorney of record for Defendant.

By /s/Ted M. Mitchell
Ted M. Mitchell   La. Bar No. 20964
2955 Ridelake Drive, Suite 207
Metairie, LA 70002-3618
(504) 236-3966

Dated: 6 May 2013.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been sent to all counsel of record by electronic mail this date.

/s/Ted M. Mitchell

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

| | |
|---|---|
| RACHEL MADDOX, AND SHANNON MADDOX, ) | |
| ) | CIVIL ACTION |
| Plaintiff, ) | |
| ) | NO. 12-1641 |
| vs. ) | |
| ) | SECTION: "N" |
| INTEGRO USA, INC. d/b/a INTEGRO INSURANCE ) | |
| BROKERS, CHRISTIAN CONGREGATION OF ) | MAGISTRATE: (1) |
| JEHOVAH'S WITNESSES, WATCHTOWER ) | |
| BIBLE AND TRACT SOCIETY OF NEW YORK, ) | |
| INC., WESTWEGO CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK ) | |
| VICTOR AND KATHY VICTOR ) | |
| ) | |
| Defendants. ) | |

I hereby declare that the facts stated in the foregoing responses to Plaintiffs' Interrogatories to Defendant, Christian Congregation of Jehovah's Witnesses, are true and correct, to the best of my knowledge, information and belief.


By _Philip Brumley_
Philip Brumley
General Counsel
Christian Congregation of Jehovah's
Witnesses
2821 Route 22
Patterson NY 12563-2237