UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RACHEL MADDOX, SHANNON MADDOX, | ) | |
| | ) | |
| **Plaintiff,** | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. 12-1641 |
| | ) | |
| INTEGRO USA, INC., INTEGRO | ) | SECTION "N" |
| INSURANCE BROKERS, CHRISTIAN | ) | |
| CONGREGATION OF JEHOVAH'S | ) | |
| WITNESSES, WATCHTOWER BIBLE AND | ) | MAGISTRATE (1) |
| TRACT SOCIETY OF NEW YORK, INC. | ) | |
| WESTWEGO CONGREGATION OF | ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK | ) | |
| VICTOR, KATHY VICTOR, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

**MAY IT PLEASE THE COURT:**

Movers, PATRICK AND KATHY VICTOR ("Movers" and/or "the Victors"), respectfully make the following submissions in support of their Motion for Protective Order in the above-captioned civil action:

**FACTS**

The Victors have previously been dismissed from this suit. Therefore, they are non-parties to this matter.

The Plaintiffs, Rachel and Shannon Maddox, are children of Patsy Maddox, who died after sustaining injuries when she fell while descending stairs at a district convention of Jehovah's Witnesses held at the Mitchell Center in Mobile, Alabama on July 1, 2011. Plaintiffs allege that the remaining Defendants in this matter were negligent in failing to reasonably plan

1

and care for the safety of elderly and disabled people, such as Ms. Maddox, who were specifically solicited to attend the event. Plaintiffs further allege that the Defendants were negligent in failing to secure seating on the ground level for the elderly and disabled and/or provide a safe way of reaching upper-level seating. Plaintiffs submitted declarations stating that Movers, Patrick and Kathy Victor, "know exactly where Patsy Maddox fell" and request "the opportunity to depose" these two witnesses about the "facts surrounding" the fall. (Rec. Docs. 67-3, ¶19, 67-4, ¶19, 68-3, ¶19, 68-4, ¶19, 69-3, ¶19 and 69-4, ¶19).

Recently, the Court considered: (1) Christian Congregation of Jehovah's Witnesses, Inc.'s Motion for Summary Judgment (Rec. Doc. 59); (2) Old Republic Insurance Company's Motion for Summary Judgment (Rec. Doc. 60); and (3) Watchtower Bible and Tract Society of New York, Inc.'s Motion for Summary Judgment (Rec. Doc. 61). In denying the Motions for Summary Judgment of Christian Congregation and Old Republic, the Court cited "the need for <u>specific</u> additional discovery (Rec.Doc.78, p. 3, ¶2)(emphasis added).

The Victors are amenable to being deposed in this matter for purposes of detailing their account of what they witnessed with respect to the specific location and manner of Ms. Maddox's fall on July 1, 2011. However, in accordance with this Court's Order for "specific additional discovery" and to protect the Victors, who are nonparties to this matter, from, harassment, oppression, annoyance and undue burden and expense, Movers seek an order protecting them from any discovery beyond their specific eyewitness accounts regarding their knowledge of "exactly where Patsy Maddox fell" and their knowledge of the specific "facts surrounding" the fall, per the Plaintiffs' requests in their declarations filed into the record of this matter. (Rec. Docs. 67-3, ¶19, 67-4, ¶19, 68-3, ¶19, 68-4, ¶19, 69-3, ¶19 and 69-4, ¶19).

**LAW AND ARGUMENT**

I.  **THE VICTORS' DEPOSITIONS SHOULD BE LIMITED IN SCOPE TO PLAINTIFFS' REQUESTS FILED INTO THE RECORD.**

Rule 26(c) of the Federal Rules of Civil Procedure provides in pertinent part that:

> "A party <u>or any person from whom discovery is sought</u> may move for a protective order … The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) Forbidding the disclosure or discovery …
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

Fed. R. Civ. P. 26(c)(emphasis added).

"Good cause exists when justice requires the protection of a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Choice, Inc. of TX v. Graham*, 226 F.R.D. 545, 546 (E.D.La. 3/8/2005). The burden is upon the movant to prove the necessity of a protective order, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. *Id.* see also *United States v. Garrett,* 571 F.2d 1323, 1326, n. 3 (5th Cir. 1978)(broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test).

Though the Movers are no longer parties to the above-captioned matter, this motion is proper, because the Plaintiffs "seek discovery" from them. In this case, the Plaintiffs have already outlined the scope of their requested "specific additional discovery" from the Victors. In particular, Plaintiffs submitted declarations stating that Movers, Patrick and Kathy Victor, "know exactly where Patsy Maddox fell" and request "the opportunity to depose" these two witnesses about the "facts surrounding" the fall. (Rec. Docs. 67-3, ¶19, 67-4, ¶19, 68-3, ¶19, 68-4, ¶19, 69-3, ¶19 and 69-4, ¶19).

3

Movers submit that this Court's granting of their request protects them from annoyance, embarrassment, oppression and the undue burden of responding to harassing inquiries and providing testimony that is irrelevant, immaterial, and/or not reasonably calculated to lead to the discovery of admissible evidence. In particular, the Movers request that the Court limit the scope of discovery and inquiry directed to the Victors, to the declarations of the Plaintiffs, as they reference the Victors' knowledge of exactly where Patsy Maddox fell and the specific facts surrounding the fall.

To cause the Victors to incur the time and expense of giving deposition testimony beyond this limited scope would be unfair, unjust, annoying, harassing, oppressive and unduly burdensome. The Victors have already incurred a significant amount of time and expense with respect to this matter when they were parties to this matter. They should not be reeled back into this litigation simply to be interrogated on matters that are beyond the limited scope of their knowledge of the location and eyewitness account of Ms. Maddox's fall.

For instance, because the Victors are no longer parties to this matter, they should not be questioned as though they are active defendants against whom liability and damages are to be established at trial. The Victors' personal relationship with Ms. Maddox, if any, or any other background information that does not directly pertain to the location of the fall and their eyewitness account thereof should not be explored as part of the "specific additional discovery" ordered by the Court. As the Victors have been dismissed from this lawsuit, they should not be questioned as though the interrogator is attempting to establish some sort of duty of care or other duty personally owed to Ms. Maddox by the Victors.

Without an order from this Court protecting the Victors from such potential lines of inquiry, the Victors are subject to harassment, oppression and the undue burden of being deposed with respect to virtually any topic whatsoever, regardless of the time and expense incurred in attending and participating and the time and expense of their counsel attending and participating at such depositions.

To help facilitate this Motion, undersigned counsel communicated with counsel for the Plaintiffs to determine whether or not Plaintiffs would agree to the entry of the proposed Protective Order. However, as of the date of filing of this Motion, the parties have not come to an agreement on the requested Protective Order and, based on such communications, it is reasonable to conclude that the Plaintiffs are opposed to the relief sought by the Victors herein.

## **CONCLUSION**

WHEREFORE, Movers, Patrick and Kathy Victor, respectfully moves this Court for a Protective Order protecting them from any discovery beyond their specific eyewitness accounts regarding the location and manner of Patsy Maddox's fall on July 1, 2011, as requested in the Plaintiffs' previously-filed declarations.

Respectfully submitted,

By: *Terrel J. Broussard*
Terrel J. Broussard (Bar No: 3531)
MONTGOMERY BARNETT, L.L.P.
3300 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3300
Tel**:** (504) 585.3200
Fax**:** (504) 200.8987
E-Mail: tbroussard@monbar.com

**ATTORNEYS FOR MOVERS,
PATRICK AND KATHY VICTOR**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 14th day of May 2013 and notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or by mail.

*Terrel J. Broussard*
TERREL J. BROUSSARD