UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**RACHEL MADDOX, et al**  CIVIL ACTION

**VERSUS**  NO: 12-1641-KDE-SS

**INTEGRO USA, INC., et al**

### ORDER

PLAINTIFFS' MOTION TO COMPEL (Rec. doc. 83)[1]

**GRANTED IN PART AND DENIED IN PART**

The plaintiffs, Rachel and Shannon Maddox, filed a petition in state court. They contend that the defendants are negligent and liable for the death of Patsy Maddox. Rec. doc. 1. The petition was removed to federal court. The District Judge granted the motions to dismiss the plaintiffs' claims against Patrick and Kathy Victor and the Westwego Congregation of Jehovah's Witnesses, Inc. The plaintiffs' motion to remand was denied. Rec. doc. 26.

On October 17, 2012, the plaintiffs filed an amended complaint against Christian Congregation of Jehovah's Witnesses, Inc. ("CCJW"), Integro USA, Inc., Watchtower Bible & Tract Society of New York, Inc. (Watchtower"), Westwego Congregation of Jehovah's Witnesses, Inc., and Old Republic Insurance Company ("Old Republic"). Rec. doc. 39. The claims against Integro USA, Inc. were dismissed with prejudice on its motion for summary judgment. Rec. doc. 42.

The case was set for a pretrial conference on July 18, 2013 and a trial on July 16, 2013. The

---

[1] In addition to this motion to compel, other discovery motions are pending. The first motion of the defendant, Christian Congregation of Jehovah's Witnesses ("CCJW") for a protective order is set for submission on May 29. Rec. doc. 85. A second motion to compel by the plaintiffs, Rachel and Shannon Maddox, is set for May 29. Rec. doc. 88. The plaintiffs request expedited consideration. Rec. doc. 89. Movers, Kathy and Patrick Victor's motion for a protective order is set for May 29, 2013. Rec. doc. 91.

discovery deadline was set for May 30, 2013.  Rec. doc. 45.  The plaintiffs filed a second amended complaint against CCJW, Old Republic and Watchtower.  Rec. doc. 49.  On March 14, 2013, the plaintiffs' motion to continue the trial was denied.  The deadline for completion of discovery was extended to July 3, 2013.  Rec. doc. 77.

The motions of CCJW and Old Republic were denied without prejudice.  Watchtower's motion for summary judgment was granted.  Rec. doc. 78.

In response to a consent motion, the trial was continued to September 16, the pretrial conference was continued to September 5, and the pretrial deadlines were extended by 50 days.  Rec. doc. 82.  The discovery deadline is now August 22.

On April 24, 2013, the plaintiffs filed their first motion to compel.  They seek an order that the defendants, CCJW and Old Republic, refrain from interfering with witnesses providing testimony and in refusing to allow for the conclusion of the deposition of Mr. Huguley.  The "witnesses" are not identified in the motion or supporting memorandum.  Rec. doc. 83.  The motion will be treated as a motion for the resumption of the deposition of Willie F. Huguley.[2]

CCJW filed an opposition.  It refers to and incorporates the arguments made by it in support of its motion for a protective order.  That motion is set for submission on May 29, 2013.  Rec. doc. 85.  The plaintiffs are not required to file an opposition until May 21.

CCJW reports that Mr. Huguley was deposed for three and one-half hours.  It contends that the plaintiffs subjected him "to intensive, repetitive, insulting, and harassing questions for which he testified he did not know the answers."  Rec. doc. 86 at 2.  It requests an order shielding Mr. Huguley from further harassment.

---

[2] If the parties file motions without detail or specific requested relief, then relief will not be granted.

The Court reviewed the portions of Mr. Huguley's deposition submitted by the parties. Mr. Huguley will be required to reappear for the conclusion of his deposition. The plaintiffs may examine Mr. Huguley for no more than 3 hours and 30 minutes exclusive of reasonable breaks. The Court will not entertain any request for assistance during the remaining examination of Mr. Huguley. CCJW is reminded that, pursuant to Fed. R. Civ. P. 30(c),:

> An objection at the time of the examination–whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition–must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. <u>A person may instruct a deponent not to answer only when necessary to preserve a privilege</u>, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).

<u>Id</u>. (emphasis added). If counsel for either party contends that the deposition is not being conducted in accord with the Federal Rules of Civil Procedure, at the conclusion of the 3 hours and 30 minutes of examination of Mr. Huguley the party may file a motion for monetary sanctions. Both counsel are cautioned regarding their behavior. If counsel for plaintiff wastes the allotted time on tangential issues, the plaintiffs will not be accorded another bite at the apple. Likewise, counsel for the defendants should refrain from instructing witnesses not to answer and from making speaking objections. Further, the undersigned has no intention of supervising the remainder of discovery in this uncomplicated case.

The Court has not ruled on the merits of CCJW's motion for a protective order. This order requiring Mr. Huguley to appear for the conclusion of his deposition is subject to any order granting CCJW relief on its motion for a protective order.

IT IS ORDERED that:

1. The motion of the plaintiffs to compel (Rec. doc. 83) is GRANTED in PART and DENIED

       in PART.

2. Willie Huguley shall reappear for the conclusion of his deposition. The examination is limited to 3 hours and 30 minutes exclusive of reasonable breaks.

3. Counsel for the parties shall meet-and-confer to schedule a date for the conclusion of Mr. Huguley's deposition.

4. The deadline for an appeal of this order is **Friday, May 24, 2013.**

New Orleans, Louisiana, this 16th day of May, 2013.

                                                **SALLY SHUSHAN**
                                      **United States Magistrate Judge**