UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX AND ) | |
| SHANNON MADDOX, ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION |
| ) | |
| vs. ) | NO. 12-1641 |
| ) | |
| INTEGRO USA, INC., INTEGRO ) | SECTION "N" |
| INSURANCE BROKERS, CHRISTIAN ) | |
| CONGREGATION OF JEHOVAH'S ) | |
| WITNESSES, WATCHTOWER BIBLE AND ) | MAGISTRATE (1) |
| TRACT SOCIETY OF NEW YORK, INC. ) | |
| WESTWEGO CONGREGATION OF ) | |
| JEHOVAH'S WITNESSES, INC., PATRICK ) | |
| VICTOR, KATHY VICTOR, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO
QUASH SUBPOENAS AND STAY DEPOSITIONS**

**MAY IT PLEASE THE COURT:**

Movers, PATRICK AND KATHY VICTOR ("Movers" and/or "the Victors"), respectfully make the following submissions in support of their Motion to Quash Subpoenas and Stay Depositions in the above-captioned civil action:

**FACTS**

The Plaintiffs unilaterally subpoenaed the Movers, Patrick and Kathy Victor, for their depositions on a weekday, Tuesday, May 21, 2013.[1] The subpoenas were just recently served on the Movers on Wednesday, May 15, 2013, merely six (6) days prior to the date and times set for the depositions. The date and times for which the depositions were unilaterally set are

---
[1] *See* Subpoenas and Notice of Depositions – Exhibit "A"

1

inconvenient and unduly burdensome for the Movers, as the Movers are employed and unable to attend such depositions on a weekday and on such short notice. Movers are amenable to arranging for weekend depositions which would be more reasonable to accommodate these non-party witnesses. Further, the Movers have filed a Motion for Protective Order (Rec. Doc. 91) in this matter seeking to limit the scope of their depositions to their eyewitness accounts regarding the location and manner of Patsy Maddox's fall on July 1, 2011, as requested in the Plaintiffs' declarations previously filed into the record.

By Order of this Court, the Movers' Motion for Protective Order is set for hearing on briefs, without oral argument, on Wednesday, May 29, 2013, at 9:00 a.m. (Rec. Doc. 97). This Court further set the deadline for the filing of any opposition to Movers' Motion for Protective Order for Tuesday, May 21, 2013, and the deadline for any reply to the Motion for Friday, May 24, 2013 (Rec. Doc. 97).

Because the scope of the Movers' depositions is to be determined by this Court on May 29, 2013, it is proper and necessary that the May 21, 2013 depositions for which the Movers have been subpoenaed to attend be stayed and the corresponding subpoenas be quashed until Movers' Motion for Protective Order is heard and a determination thereon is made by the Court.

## LAW AND ARGUMENT

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the issuing court must quash or modify a subpoena that … fails to allow a reasonable time to comply … or … subjects a person to undue burden." Without arranging for a mutually convenient date and time upon which to take the depositions of the Movers, the Plaintiffs unilaterally subpoenaed the Movers, Patrick and Kathy Victor, for their depositions on a

weekday, Tuesday, May 21, 2013.[2]  The subpoenas were just recently served on the Plaintiffs on Wednesday, May 15, 2013, merely six (6) days prior to the date and times set for the depositions. The date and times for which the depositions were unilaterally set are unreasonable, inconvenient and unduly burdensome for the Movers, as the Movers are employed and unable to attend such depositions on a weekday and on such short notice.  Movers, however, are amenable to arranging for weekend depositions on a mutually convenient date and time which would be more reasonable to accommodate these non-party witnesses.  Nonetheless, as of right now, it is important that the depositions set for Tuesday, May 21, 2013, be stayed and the corresponding subpoenas be quashed.

>Rule 26(c) of the Federal Rules of Civil Procedure provides in pertinent part that:

>> "A party <u>or any person from whom discovery is sought</u> may move for a protective order … The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>>
>>    (A) Forbidding the disclosure or discovery …
>>    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

Fed. R. Civ. P. 26(c)(emphasis added).  "Good cause exists when justice requires the protection of a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Choice, Inc. of TX v. Graham*, 226 F.R.D. 545, 546 (E.D.La. 3/8/2005).

Though the Movers are no longer parties to the above-captioned matter, their Motion for Protective Order is proper, because the Plaintiffs "seek discovery" from them.  In this case, the Plaintiffs have already outlined the scope of their requested "specific additional discovery" from the Victors.  In particular, Plaintiffs submitted declarations stating that Movers, Patrick and Kathy Victor, "know exactly where Patsy Maddox fell" and request "the opportunity to

---

[2] *See* Subpoenas and Notice of Depositions – Exhibit "A"

depose" these two witnesses about the "facts surrounding" the fall. (Rec. Docs. 67-3, ¶19, 67-4, ¶19, 68-3, ¶19, 68-4, ¶19, 69-3, ¶19 and 69-4, ¶19).

This Court's granting of their Motion for Protective Order will protect Movers from annoyance, embarrassment, oppression and the undue burden of responding to harassing inquiries and providing testimony that is irrelevant, immaterial, and/or not reasonably calculated to lead to the discovery of admissible evidence. Movers' Motion for Protective Order is currently pending before this Court. The outcome of that Motion is crucial to the scope of inquiry of the Movers to be allowed during their respective depositions in this matter. Accordingly, the unilaterally-noticed May 21, 2013 depositions of the Movers should be stayed and the corresponding subpoenas quashed until this Court's determination of the Movers' Motion for Protective Order is made.

To help facilitate this Motion, undersigned counsel communicated with counsel for the Plaintiffs to determine whether or not Plaintiffs would agree to limiting the scope of the depositions and/or to stay the depositions pending the outcome of the Movers' Motion for Protective Order. However, as of the date and time of filing of this Motion, the parties have not come to an agreement on the requested relief; thus, it is reasonable to conclude that the Plaintiffs are opposed to the relief sought by the Movers herein.

## **CONCLUSION**

WHEREFORE, Movers, PATRICK AND KATHY VICTOR, request that the Court enter an order staying the depositions of the Movers and quashing the corresponding subpoenas until the Court has rendered a decision on the Movers' pending Motion for Protective Order, set for hearing (without oral argument) on May 29, 2013.

Respectfully submitted,

By: *Terrel J. Broussard*
Terrel J. Broussard (Bar No: 3531)
MONTGOMERY BARNETT, L.L.P.
3300 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-3300
Tel**:** (504) 585.3200
Fax**:** (504) 200.8987
E-Mail: tbroussard@monbar.com

**ATTORNEYS FOR MOVERS,
PATRICK AND KATHY VICTOR**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 17th day of May 2013 and notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system and/or by mail.

*Terrel J. Broussard*
TERREL J. BROUSSARD