UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| RACHEL MADDOX, AND SHANNON MADDOX, <br><br>Plaintiff, <br><br>vs. <br><br>INTEGRO USA, INC. d/b/a INTEGRO INSURANCE BROKERS, CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., WESTWEGO CONGREGATION OF JEHOVAH'S WITNESSES, INC., PATRICK VICTOR AND KATHY VICTOR <br><br>Defendants. | CIVIL ACTION <br><br>NO. 12-1641 <br><br>SECTION: "N" <br><br>MAGISTRATE: (1) |

**CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES**
**OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL (Doc. 88)**

**MAY IT PLEASE THE COURT:**

This Motion to Compel is moot. The parties discussed the matter in conference with the Court 16 May 2013 and it should be deemed moot. Defendant has not withheld anything not privileged from Plaintiffs, and documents not produced with responses were already in the Court's record and subsequently provided to Plaintiffs' counsel by email. Plaintiffs have frivolously imposed on Defendant and this Court for no justifiable purpose.

**I. NATURE OF PROCEEDINGS**

Plaintiffs filed this second Motion to Compel after what they refer to as a Rule 37 conference, which was an email exchange of letters between counsel for Plaintiff and Defendant Documents 88-3 and 88-4) in which defense counsel made it clear that he had already notified Plaintiffs' counsel on 4 April 2013 that he would be unavailable 13-17 May 2013 (Document 88-4), yet Plaintiff's counsel insisted on a response by 13 May 2013 or he would file a motion to compel

1

(Document 88-3). Plaintiffs did file their motion to compel as threatened, but the Court had a discovery conference on 16 May 2013 at which this matter was covered in which the Court admonished the parties not to waste the Court's time with unnecessary matters. This is an unnecessary matter.

## STATEMENT OF THE ISSUES

1.    Whether the Plaintiffs had sufficient ground for filing their motion to compel the Monday after the Wednesday they made their demand for supplemental responses when they knew that defense counsel would be unavailable on that Monday, essentially demanding that defense counsel change his plans and work over the weekend merely because Plaintiffs' counsel demanded supplements.

2.    Whether Plaintiffs have sufficient grounds for a motion to compel when they set it for 29 May 2013, knowing that defense counsel would return to his office on 20 May 2013 with one day to prepare an opposition due on 21 May 2013 and seven working days to prepare supplements before the hearing date, or whether Plaintiffs motion to compel sets unreasonable time limits on supplements to discovery responses that substantially complied with Plaintiffs' interrogatories and requests, and for which there is a Motion for a Protective Order pending that could make much of the information requested by Plaintiffs outside the scope of their discovery.

3.    Whether Defendants' Motion for a Protective Order makes this Motion to Compel moot because the information and documents withheld would be covered by the privacy and religious rights for which protection is sought in the Motion.

4.    Whether Plaintiffs' Motion to Compel was premature considering that in-house counsel for Defendant responded to Plaintiffs' demands while defense counsel was unavailable and unable to respond other than by smart phone.

5. Whether Plaintiffs abused the discovery process and imposed on this Court with a Motion to Compel that was premature in light of the facts and the pending Motion for a Protective Order.

The Standard of Review for this Motion to Compel is governed by Fed. R. Civ. Pro. 37.

## LAW AND ARGUMENT

Fed R. Civ. Pro. 37(a)(1) states that a motion to compel "must include a certification that the movant has in **good faith** conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it *without court action*." Plaintiffs did not do this as is clear from their exhibit Document 88-4. Counsel for Defendant stated that Plaintiffs already had the photos. Indeed, they were Exhibits 5-15 to Willie Huguley's deposition. Documents 85-7 and 85-8. Defendant had already provided the accident report, but to be sure in-house counsel for Defendant emailed a copy to Plaintiffs' counsel on 14 May 2013, which counsel covered with the Court in the teleconference of 16 May 2013. Defense counsel further stated he did not have the other documents but would provide them if they existed and would address Plaintiffs' issues when he returned to his office. Document 88-4. He also noted that Defendant had a number of "deficiencies" as well to identify in a separate letter about Plaintiffs' responses to Defendant's interrogatories and requests and hoped Plaintiffs would correct them before June. *Id.*

A brief review of those letters and the timing of this Motion to Compel establish that the Motion was filed without cause. It was premature on its face and did not demonstrate a good faith effort to obtain the requested discovery without court action. Fed. R. Civ. Pro. 37(a)(1) and (5)(B).

## CONCLUSION

This matter was covered by the Court in its teleconference with counsel for the parties on 16 May 2013. Defendant is in the process of preparing a formal Supplement to Interrogatories and Requests for Production so that Plaintiffs will have the responses to his Rule 37 request in a formal and timely fashion. Defendant reserves the right to object and to withhold information and

documents it deems privileged as not within the scope of discovery or otherwise privileged because it has a Motion for a Protective Order pending and is preparing a privilege log for the information redacted or withheld from disclosure.

Defendant would suggest that all issues stated be resolved in its favor because Plaintiffs can show no proper purpose for filing this Motion, which should be denied in its entirety.

Lastly, Defendant would note for the Court that the parties have entered into substantive settlement negotiations.

Respectfully submitted,

By /s/Ted M. Mitchell
Ted M. Mitchell      La. Bar No. 20964
2955 Ridgelake Drive, Suite 207
Metairie LA 70002
504-236-3966 – voice 504-273-2220 – fax

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document has been electronically filed with the Clerk of Court using the CM/ECF system this 21st day of May 2013 and notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system or by mail.

/s/Ted M. Mitchell

4