UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RACHEL MADDOX, SHANNON MADDOX, ) ) Plaintiff, ) ) ) vs. ) ) INTEGRO USA, INC., INTEGRO INSURANCE ) BROKERS, CHRISTIAN CONGREGATION OF ) JEHOVAH'S WITNESSES, WATCHTOWER ) BIBLE AND TRACT SOCIETY OF NEW YORK, ) INC., WESTWEGO CONGREGATION OF ) JEHOVAH'S WITNESSES, INC., PATRICK ) VICTOR, KATHY VICTOR ) Defendants. ) | CIVIL ACTION NO. 12-1641 SECTION "N" MAGISTRATE (1) |

## MEMORANDUM IN OPPOSITION TO PATRICK AND KATHY VICTORS' MOTION FOR PROTECTIVE ORDER

**MAY IT PLEASE THE COURT:**

Plaintiffs, Rachel Maddox and Shannon Maddox, through undersigned counsel, submit its Memorandum in Opposition to Patrick and Kathy Victors' ("The Victors), Motion for Protective Order [*r.d.* 91], filed on May 14, 2013.

### INTRODUCTION

Patrick and Kathy Victor were dismissed as Defendants in this action on Summary Judgment [*r.d.* 26]. The Victors now request this court issue a protective order preventing

Page -1-

counsel for plaintiff to limit its scope of discovery to "specific discovery" of information on "exactly where Patsy Maddox fell" and specific "facts surrounding" the fall.

## STATEMENT OF FACTS

In the Declaration of Patrick Victor which was attached as Exhibit "A" to The Victors' Motion for Summary Judgment [*r.d.* 25-1], Patrick Victor, on pg. 2, ¶11, crossed out that he "held" Patsy Maddox's arm until they reached the second flight of stairs and hand wrote in "walked with". The affidavits of the Plaintiffs show that the Victors told them to the contrary. Certainly additional discovery is necessary to understand the confusion of this statement of Patrick Victor.

This Honorable Court in its Order denying the most recent Motions for Summary Judgment by Christian Congregation of Jehovah's Witnesses, Inc., and Old Republic Insurance Company [*r.d.* 61], cites the need for additional discovery. The Victors seek a limitation in the depositions that is not altogether different from that of the Plaintiffs. Plaintiffs intend to question The Victors regarding the Christian Congregation of Jehovah's Witnesses, Inc.'s, invitation of Patsy Maddox to the July 1, 2011 district convention, the transportation used to get Patsy Maddox to the July 1, 2011 district convention for which The Victors escorted her, the seating which was offered and chosen for Patsy Maddox at the July 1, 2011 district convention, exactly what they witnessed when Patsy Maddox fell at the July 1, 2011 district convention, what other eyewitnesses were present at the time of Patsy

Maddox's fall at the July 1, 2011 district convention, any statements taken after the fall of Patsy Maddox at the July 1, 2011 district convention and any discussions held post fall by the Victors with anyone regarding the fall of Patsy Maddox at the July 1, 2011 district convention.  These facts relating to the involvement of the Victors are not burdensome, annoying, embarrassing or expensive.

## STANDARD OF REVIEW

Under Rule 26( c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending......The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.  The court may, for good cause, issue an order to protect a party or person for annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26( c)(1).  As the movant, The Victors has "[t]he burden.....to show the necessity of [a protective order]" by " a particular and specific demonstration of facts as distinguished from stereotyped and conclusory statement." *In re Terre Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).  "Orders prohibiting discovery by deposition are particularly disfavored." *Wyatt v. Kaplan,* 686 F.2d 276, 283 (5th Cir. 1982).

## ARGUMENT

The Victors were served at their last known residence. Mr. Victor claims he also works at the apartments and was therefore harassed. The fact that the Victors had moved was not information provided by their counsel. As shown in argument related to the Motion to Quash the depositions for today, counsel for the Victors was advised of the issuance of the subpoena and the desire to schedule the deposition. Prior to filing the Motion for Protective Order, the Victors had refused to participate in a deposition or discuss the facts or limitations on good faith discovery. Instead, the Victors' counsel refused to cooperate to efforts to schedule and resolve discovery concerns of the Victors.

## CONCLUSION

Accordingly, the Plaintiffs respectfully requests that The Victors' Motion for a Protective Order be denied. The discovery requested is reasonable, relates to the involvement of the Victors, their affidavit and the facts of the case. There is no burden imposed on the Victors to explain the inconsistencies in their statements as demonstrated to date and any involvement they had in the injury and death of Patsy Maddox.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that on this 21st day of May, 2013, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.<br><br>            __/s/Tom W. Thornhill_____<br>            **TOM W. THORNHILL** | **Respectfully submitted,**<br><br>**THORNHILL LAW FIRM, A PLC**<br><br> _/s/Tom W. Thornhill_____<br>**TOM W. THORNHILL #12776**<br>**1308 Ninth Street**<br>**Slidell, Louisiana 70458**<br>**(985) 641-5010**<br>**(985) 641-5011 fax**<br>tom@thornhilllawfirm.com |